IN THE UNITED STATES COURT
WESTERN DISTRICT OF ARKANSAS

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 1 9 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

**CURTIS J NEELEY JR, MFA**

vs

**CASE NO. 5:09-cv-05151-JLH**

*NameMedia Inc.*
*Network Solutions Inc.*
*Google Inc.*

# BRIEF SUPPORTING MOTION TO STRIKE RESPONSE FOR VIOLATING LOCAL RULES

Plaintiff believes the Plaintiff is preceding Pro Se fairly well. The response seeking denial of the scheduling motion contained several assumptions and two paragraphs violating Local Rule 7.3(a). Plaintiff is uncertain that these were honest misunderstandings or if these were attempts to treat a casual email dialog to increase billable filings.

1. The first paragraph that follows was mostly instructive. Pro Se Plaintiff does not see why the Initial scheduling order is relevant to the request for a Rule 26(f) request. Plaintiff will not become less disabled while awaiting the scheduling order.

> *1. The Court has not issued its Initial Scheduling Order pursuant to Local Rule 16.1 of the Local Rules; said Scheduling Order will presumably set forth the deadline by which the parties must hold their Rule 26(f) conference and file their joint Rule 26(f) report;*

2. The second paragraph repeated below illustrates utter confusion as to the motive of the motion for a 26(f) conference. Plaintiff will never recover the ability to use another arm and the timeliness of the Motion is irrelevant.

> *2. Separate Defendant Network Solutions, Inc. has upon information and belief not yet been served in this matter and has not entered any appearance; since said Separate Defendant's participation in the Rule 26(f) conference will be required, Plaintiffs motion is premature;*

3. Paragraph #3 below accurately describes the condition the Plaintiff finds himself in through no choice of the Plaintiff. Separate Defendant NAMEMEDIA INC apparently wishes to ignore this realization.

> *3. In any event, Plaintiffs' motion seemingly asserts that he is unable to conduct a Rule 26f conference by phone, stating that he is "unable to use a telephone and take notes due to having only one normal arm," and that he "does not feel that his physical disabilities would allow teleconferencing to work";*

4. Ignoring the realization of paragraph #3 Separate Defendant NAMEMEDIA INC wishes Plaintiff to be disadvantaged more as we see in the paragraph that follows.

> *4. NameMedia objects to Plaintiffs' request for an order requiring the Rule 26(f) conference to be held by face-to-face meeting among the parties;*

5. Paragraph #5 is accurate and blatantly violates Local rule 7.3(a) and places a private conversation among party's attorneys in the record will follow. However, Pro Se litigant was unaware that the Rule 26(f) could be done via email and would actually prefer that option. Regardless, this one paragraph and referenced exhibit demands this response stricken as violating Local rule 7.3(a).

> *5. Plaintiff has stated that he prefers all communication between himself and NameMedia counsel to be by email (see Exhibit "A, email dated January 22,2010); therefore, in any event the Rule 26(f) conference could be conducted by email;*

6. Plaintiff did not realize that specifically disclosing lack of adaptive equipment was required although Separate Defendant NAMEMEDIA INC desires the Plaintiff to state what was made otherwise obvious in the filing as we see in paragraph #6 below.

> *6. Furthermore, Plaintiff does not specifically allege that he has no access to a telephone which has speakerphone capabilities or any hands-free device, or that he has no one to assist him in taking notes for him or assisting him in use of the telephone;*

7. The seventh paragraph reveals assumptions that are nearly correct because Separate Defendant NAMEMEDIA INC is currently hiding discoverable data intentionally be violating Plaintiff rights enumerated in US Title 17 106A by preventing recall of data that was done since this suit began with a robots.txt spider. Plaintiff does not think calling Kevin Lemley a liar requires a face-to-face meeting and Separate Defendant NAMEMEDIA INC counsel will have had sufficient time to learn to communicate without attempting to deceive the Court by the time the trial starts. Plaintiff will not waste the Courts time and would actually prefer an email Rule 26(f) conference but did not realize that was possible.

> *7. Plaintiff has further stated that he "refuse[s] to consider a joint report", signaling that he will be disagreeable in the process of conducting the Rule 26(f) conference and preparing the Rule 26(f) report; in light of this prospect, a face-to-face meeting would needlessly consume the time of counsel for the Defendants, and quite possibly the Court;*

8. Separate Defendant NAMEMEDIA INC Council, Kevin Lemley, again pointed out his violation of Local Rule 7.3(a) although accurately describing a side-effect of face-to-face meeting and this response that violated Local rule 7.3(a). Professor Kevin Lemley was removed from this case but the income of these action still line his Law Firm's pockets.

> *8. Plaintiffs statement in the email attached hereto as Exhibit "A, em lust bill them for your time handsomely to make this a more punitive process", is telling as to Plaintiffs motive in seeking an order requiring the personal attendance of counsel;*

9. For these reasons, Separate Defendant NAMEMEDIA INC Counsel, Kevin Lemley, disrespectfully requested Plaintiffs request for an order requiring the personal attendance of the parties at the Rule 26(f) conference be denied. Kevin Lemley did this while blatantly violating Local rule 7.3(a) knowing Kevin Lemley would leave the case as a notified party.

**Whereas** the previous paragraphs describe a blatant violation of Local Rule 7.3(a) by an adjunct Law Professor at the UofA, requiring the response be stricken in the interest of Justice. Plaintiff prays Court strikes this Motion and for reasonable attorney fees being awarded to offset the cost of this Motion and any additional proper award.

Respectfully submitted,

*Curtis J Neeley Jr*

Curtis J Neeley Jr, MFA