IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CURTIS J. NEELEY, JR.                                    PLAINTIFF

          v.            Civil No. 09-5151

NAMEMEDIA, INC., NETWORK
SOLUTIONS, INC.; and
GOOGLE, INC.                                             DEFENDANTS

O R D E R

Now on this 1st day of March, 2010, come on for consideration
the following motions:

* **NameMedia's Motion For Partial Summary Judgment**
(document #18);

* plaintiff's **Motion Seeking Summary Judgment Against
NameMedia Inc. Counterclaim** (document #50);

* plaintiff's **Motion For Interlocutory Summary Judgment
Leaving The Damages Question For A Jury Against Separate Defendant
NameMedia Inc.** (document #56);

* plaintiff's **Motion For Scheduling Order** (document #57);

* **Google Inc.'s Motion To Dismiss For Failure To State A
Claim** (document #63);

* plaintiff's **Motion Seeking Leave To Amend Summons**
(document #74); and

* plaintiff's **Motion For A More Definite Statement**
(document #84),

and from said motions, and the responses thereto, the Court finds

and orders as follows:

1.    In   this   case,   plaintiff   Curtis   J.   Neeley,   Jr.
("Neeley"),  acting  pro  se,  filed  his  initial  Complaint  against
NameMedia, Inc. ("NameMedia"), wherein he claims rights in two
interstate   domain   names   --   eartheye.com   and   SleepSpot.com;
contends that NameMedia registered and is using these names in bad
faith; and alleges that NameMedia is "cybersquatting" in violation
of **15 U.S.C. § 1125**.  The Complaint seeks compensatory damages for
emotional distress, statutory damages, and punitive damages.

(a)    In an Addendum to his Complaint, Neeley makes the
following further allegations:

*    that eartheye.com was first registered for use in
commerce on April 17, 1997 (presumably by Neeley himself);

*    that his registration of eartheye.com expired on July 2,
2003, while he was hospitalized and incompetent;

*    that NameMedia bought the domain name that same day of
July 2, 2003;

*    that he first complained to NameMedia about the matter
at some "indeterminate date between 2003 and 2006," and formally
complained on November 29, 2007;

*    that he suffered a severe traumatic brain injury as a
result of an accident on September 3, 2002, and was adjudged
incompetent by the Circuit Court of Washington County, Arkansas,
on February 24, 2003;

-2-

    *    that he was placed under guardianship, and remained incapacitated until January 25, 2006, when he regained his legal competency; and finally

    *    that he used the domain name SleepSpot.com, and that while it "is hardly mentioned in the original complaint," it "illustrates another action of violating trademarks."

    (b)  On November 24, 2009, Neeley amended his Complaint to add Network Solutions, Inc. ("Network") and Google Inc. ("Google") as defendants.

    Also in that amendment Neeley fleshes out his allegation that NameMedia acquired the domain names "primarily for the purpose of selling, renting, licensing, or otherwise transferring the domain name registration" for consideration in excess of its out-of-pocket costs, in violation of **15 U.S.C. § 1125** and **17 U.S.C. § 106**, and alleges that all defendants conspired to cybersquat the two domains and ignored his alleged trademark rights.  He further alleges therein that Network violated his copyright and trademark rights by advertising domain expiration dates, and that NameMedia registered and licensed the domains to Google.

    Finally, the Amended Complaint alleges that NameMedia is violating Neeley's copyright in several photographs.

    (c)  The Amended Complaint prays for an order giving Neeley rights to eartheye.com and SleepSpot.com, as well as the internet site photo.net, whereat, he alleges, his copyrighted photographs

-3-

are being displayed by NameMedia.

Neeley also seeks injunctive relief preventing Network from advertising expiration dates of domain names, and directing Google to "stop licensing trademark infringing domains when made aware of the claims."

He also seeks compensatory, statutory, and punitive damages.

2.   NameMedia answered, and counterclaimed, alleging that Neeley had "typosquatted" by obtaining a domain name, namemedias.com, that is confusingly similar to its own, in violation of **11 U.S.C. § 1125(d)**.  NameMedia seeks statutory damages and injunctive relief.

3.   Neeley amended his Complaint a third time on January 22, 1010, amplifying his claims of copyright infringement as to his photographs.  He alleges that NameMedia and Google are violating his copyright in such photographs, and allowing minors access to his photographs of nudes.

4.   In light of the foregoing pleadings, the Court will now first take up the various motions for summary judgment, as mentioned above.

Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  **Walsh v. United States**, **31 F.3d 696**

**(8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, 45 F.3d 262 (8th Cir. 1995). The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

(a) **NameMedia's Motion For Partial Summary Judgment:**

NameMedia moves for summary judgment on three aspects of Neeley's Complaint:

*  first, NameMedia contends that Neeley's claim for outrage is barred by the statute of limitations;

*  second, it contends that Neeley cannot establish his copyright claim because he has not registered any copyright; and finally

*  it contends that punitive damages and emotional distress damages are not permitted under the Lanham Act or the Copyright Act.

(i)  The statute of limitations argument:

Neeley agrees that the three-year statute of limitations applies to his claim of outrage, but contends that the statute is

-5-

tolled by **A.C.A. § 16-56-116.**   That statute provides, in relevant part, that

> [i]f any person entitled to bring any action under any law of this state is under twenty-one (21) years of age or insane at the time of the accrual of the cause of action, that person may bring the action within three (3) years next after attaining full age, or within three (3) years next after the disability is removed. . . . When two (2) or more disabilities are existing at the time the right of action or entry accrued, the limitation prescribed shall not attach until all the disabilities are removed.

The Arkansas Supreme Court has explained when a mental infirmity will rise to the level of insanity, so as to trigger this statute:

> If the brain has become so affected, irrespective of cause, as to appreciably contracept a person's power to reason, and in consequence the ordinary affairs of life are but dimly reflected on that mirror called mind, it is generally agreed that the impulse to act is not a result of intellectual motivation; hence, the attendant infirmity intervenes and protects one so afflicted from the penalty of conduct in respect of which the power to think and to plan according to accepted formulas is non-existent.

**Barre v. Hoffman**, **2009 Ark. 373, --- S.W.3d ---, 2009 WL 1810903 (Ark. 2009)**, quoting **Waggoner v. Atkins**, **204 Ark. 264, 271, 162 S.W.2d 55, 58 (1942).**   Neeley bears the burden of proving, by a preponderance of the evidence, that this statute tolls the statute of limitations on his outrage claim.   ***Id.***

Neeley alleges in his Complaint that he was adjudged legally incompetent on February 24, 2003, and that his competency was restored on January 25, 2006.   His Complaint was filed on July 22,

-6-

2009.  This, on its face, indicates a delay of more than three years in filing suit.  Neeley contends, however, that he was still under a disability that made it impossible for him to file, in that he has multiple disabilities.

There is no statutory basis for Neeley's "multiple disabilities" argument.  The disabilities that will toll the statute of limitations are specifically listed, and although the last sentence of the statute suggests that a person might have more than two covered disabilities, that is because prior to a 1999 amendment, imprisonment outside the State of Arkansas was listed as a third covered disability.  **Shelton v. Fiser**, **340 Ark. 89, 8 S.W.3d 557 (Ark. 2000)**.  Of the possible bases for tolling pursuant to **§ 16-56-116**, only insanity would possibly apply to Neeley.

Both Neeley and NameMedia assume that Neeley qualified as "insane" during the period of time Neeley was under guardianship, and the Court will accept this assumption, without determining whether it is in fact a necessary one.  Neeley's competency was restored on January 25, 2006, giving him a period of three years, until January 26, 2009, to file suit.  Neeley contends that he was not competent during this period of time, and offers three affidavits in support of that contention.

Diana M. Hausam ("Hausam") avers, in an Affidavit dated December 18, 2009, that Neeley has "a severe traumatic brain

-7-

injury and although he was ruled to be legally competent his memory is still severely reduced." Hausam avers that Neeley "has not been able to act until now due to his severe mental and physical disabilities." Hausam also avers, however, that at some unstated time in the past, Neeley told her that "he was extremely upset by his domain names being stolen but figured they would not be sold till he could act on his own because the thieves were asking about a thousand dollars for them." On balance, the Hausam Affidavit does not support Neeley's tolling theory, but supports instead a conclusion that Neeley knew of his rights and considered them violated, but simply believed he could wait until he was in better shape to do something about it.[1]

Neeley also offers a copy of his letter dated January 26, 2009, to Jason Minor at www.BuyDomains.com[2], in which he explains his legal theories and offers to settle his claims. This letter is dated January 26, 2009, the last day of the three-year period from the time Neeley regained his competence. This letter is evidence that by January 26, 2009, Neeley had thought through his claims and conducted research sufficient to formulate his suit, and that his "power to think and to plan according to accepted formulas" was not "non-existent."

---

[1] The other Affidavits, those of Rachel A. Neeley and Terrie Myers, add little to the analysis, confirming that Neeley has disabilities that require considerable caregiving and that he has a brain injury, but not indicating inability to see to his legal rights.

[2] Another exhibit offered by plaintiff shows that BuyDomains.com is a wholly-owned subsidiary of NameMedia.

Even when the foregoing evidence is viewed in the light most favorable to Neeley, the Court finds that Neeley has failed to show by a preponderance of the evidence that he suffers from a mental impairment sufficient to trigger the provisions of **A.C.A. § 16-56-116.** NameMedia's motion will, therefore, be granted to the extent it seeks summary judgment on Neeley's claim of outrage.

(ii)  <u>The copyright claim</u>:

Neeley does not dispute the contention that his copyright is not registered. Instead, he contends that his failure to register is no impediment to his copyright claim against NameMedia, because his time to register has not expired. From this he reasons that NameMedia is not entitled to summary judgment on the asserted basis that he has not registered his copyright.

The Eighth Circuit has held that while copyright in a work "subsists from its creation," **17 U.S.C. § 302(a)**, a "copyright owner may not sue for infringement under the federal Copyright Act until the owner has delivered the deposit, application, and fee required for registration to the United States Copyright Office. . . ." <u>**Action Tapes, Inc. v. Mattson**</u>**, 462 F.3d 1010, 1013 (8th Cir. 2006)** (internal quotation marks omitted).

It can be seen, thus, that Neeley cannot currently maintain suit on his copyright claim. That does not mean, however, that he can never maintain it, and the Court finds that summary judgment is not appropriate. Instead, under these circumstances, the Court

-9-

concludes that Neeley's copyright claim should be dismissed without prejudice.

(iii)   <u>The damages issues</u>:

Neeley does not contend that emotional or punitive damages are recoverable on his Lanham Act and Copyright Act claims, relating such damages instead to his outrage claim.  Because the outrage claim is subject to summary judgment, NameMedia is also entitled to summary judgment on Neeley's claims for emotional and punitive damages.

(b)   Neeley's **Motion Seeking Summary Judgment Against NameMedia Inc. Counterclaim** and **Motion For Interlocutory Summary Judgment Leaving The Damages Question For A Jury Against Separate Defendant NameMedia Inc.:**

Neeley contends that he is entitled to summary judgment against NameMedia on various theories, but he has failed to offer any legal authority in support of his arguments, relying mainly on a recitation of various allegations found in his pleadings. Although Neeley is acting pro se, and his pleadings are read broadly, **Haines v. Kerner, 404 U.S. 519 (1972)**, "he is bound, as are all litigants and counsel as well as this court, by the appropriate law and rules of procedure." **Smith v. U.S., 369 F.2d 49 (8th cir. 1966).**

Under the **Local Rules for the United States District Courts,**

**Eastern and Western Districts of Arkansas**[3], a motion must be accompanied by a brief "consisting of a concise statement of relevant facts and applicable law." **Local Rule 7.2(a)**. While this rule may impose hardships on a pro se litigant, it would clearly be unfair to the defendants if the Court were to do Neeley's legal research or make his arguments for him.  The Court will not do so, and these motions will be denied.

     5.  Neeley's **Motion For Scheduling Order:**

Neeley seeks an order requiring the parties' 26(f) conference to be held in person, rather than telephonically.  Neeley notes that he is unable to use a telephone and take notes at the same time, due to injuries to his arm.  He also states that he "can attend a pretrial conference and will file a separate 26(f) report."

It is common practice for litigants to conduct the 26(f) conference by telephone, and the Court is not persuaded that such is impossible in this case.  Use of a speakerphone will accommodate Neeley's concerns, and if he does not otherwise have access to one, he is welcome to use a speakerphone in the Court's chambers to accommodate his physical condition during such a conference.  Further, the Court will require a joint report of the conference, signed by all parties.  This motion will, therefore, be denied.

---

[3]Available on the Court's website, www.arwd.uscourts.gov.

6.   **Google Inc.'s Motion To Dismiss For Failure To State A Claim:**

(a)  Google contends that Neeley fails to state a claim of copyright infringement because he has not registered his copyright.  Neeley here takes a definitive stand -- stating that he "will never register a copyright," and that he will not need to do so when "copyright is recognized as a fundamental right not granted by any law."

For the reasons set forth in ¶4(a)(ii), *supra*, the Court finds that, in the absence of proper copyright registration, Neeley's copyright claim against Google must be dismissed without prejudice.

(b)  Google also contends that, because it is not a government agency, it is not subject to Title 5 of the United States Code, citing **5 U.S.C. § 552(f)**.  Neeley makes no cogent response to this argument, and the Court finds it has merit.  This claim will be dismissed with prejudice.

(c)  Finally, Google contends that, to the extent Neeley's pleadings can be read to assert a trademark infringement claim against it, that claim must fail because there is no allegation that Google has used any of Neeley's alleged trademarks in any way, the allegations being made as against NameMedia but not Google.

Neeley counters that he has sufficiently alleged contributory

-12-

infringement of trademark as against Google.  He points out that
his pleadings allege that all defendants conspired to cybersquat
the two domains and ignored his alleged trademark rights, and that
NameMedia registered and licensed the domains to Google.

The Court also notes that part of the relief Neeley seeks as
against Google is an order directing Google to "stop licensing
trademark infringing domains when made aware of the claims."

Neeley directs the Court to a website,
secondarytrademarkinfringement.com, where the Court found an
article citing **Inwood Laboratories, Inc. v. Ives Laboratories,
Inc.**, **456 U.S. 844, 854 (1982)**.  In **Inwood**, the Supreme Court held
that

> [e]ven if a manufacturer does not directly control
> others in the chain of distribution, it can be held
> responsible for their infringing activities under
> certain circumstances.  Thus, if a manufacturer or
> distributor intentionally induces another to infringe a
> trademark, or if it continues to supply its product to
> one whom it knows or has reason to know is engaging in
> trademark infringement, the manufacturer or distributor
> is contributorially responsible for any harm done as a
> result of the deceit.

This holding, it can be seen, imposes vicarious liability on
one at the top of a product distribution chain for the conduct of
those below it in the chain, and might be useful if Neeley sought
to impose liability on NameMedia.  As explained in **Georgia-Pacific
Consumer Product LP v. Myers Supply, Inc.**, **2009 WL 2192721
(W.D.Ark. 2009)**, to show contributory infringement, a plaintiff

-13-

must show that the defendant "either (1) intentionally induced a primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied."

In this case, however, Neeley seeks to impose liability upon a downstream user (Google) for the conduct of an upstream distributor (NameMedia). This is not authorized under **Inwood**.

In **Lockheed Martin Corp. v. Network Solutions, Inc.**, **194 F.3d 980 (9th Cir. 1999)**, the Ninth Circuit examined the **Inwood's** contributory trademark infringement doctrine in the context of internet domain names, finding that "[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark permits the expansion of *Inwood Lab's* 'supplies a product' requirement for contributory infringement." As in **Inwood**, the liability fell on an upstream supplier, rather than on a downstream user.

The **Inwood** holding is, as the Supreme Court has said, a narrow one, **Sony Corp. of America v. Universal City Studios, Inc.**, **464 U.S. 417, 439 fn 19 (1984)**. Neeley offers no cogent reason for this Court to expand it to fit his fact pattern, and the Court declines to do so.

For the foregoing reasons, the Court finds that Google's motion should be granted, insofar as it pertains to any theory of contributory trademark infringement. The motion will be denied,

however, insofar as Neeley alleges that Google conspired with the other defendants to infringe his trademark.

7.   Neeley's **Motion Seeking Leave To Amend Summons:**

By this motion, Neeley says he "ask the Court grant leave to amend the Second Amended Complaint to act as the Summons served Defendant Network Solutions Inc. . . ."

The procedures for obtaining and serving summons are set forth in applicable procedural rules with considerable specificity, and must be followed scrupulously in order to afford due process.  To the extent the Court understands this motion, there is no authority for it, and it will be denied.

8.   Neeley's **Motion For A More Definite Statement:**

In this motion, Neeley contends that there are "misquotes or presentations of improper understandings of an email" and asks the Court to "direct the Defendant to make a more definite statement specifically of the statements outlined in the supporting statement. . . ."

Under **F.R.C.P. 12(e)**, a motion for more definite statement may be used to gain more specificity on a statement that is vague or ambiguous.  It is not the proper vehicle to resolve disputed issues of fact, which must be resolved either on summary judgment or by the trier of fact at trial.  This motion will, therefore, be denied.

9.   In responding to the motion discussed in paragraph 8,

above, NameMedia contends that Neeley personally attacks it and its attorney, in violation of **F.R.C.P. 11(b)**, and asks the Court to issue a "show cause" order pursuant to **F.R.C.P. 11(c)(3)**.

The Court agrees with NameMedia that Neeley's brief is improper.  In it, Neeley accuses NameMedia and its former counsel of lying to the Court in terms such as the following:

* "The Defendant Counsel . . . who is no longer the attorney of record lies in this section blatantly. . . ."

* "Defendant states a completely fabricated lie in the response to the undisputed facts of Docket #77 ¶# 15 and Plaintiff asks for a more definitive statement of the lie."

* "Plaintiff would like the lie to be more concisely described as it may describe a felony crime instead of just a quasi-crime."

* "Plaintiff is saddened to see [defense counsel] very obviously attempt to deceive the Court while teaching lawyers to do the same outrageous act.  The actions of [defense counsel] are simply lies of a noted lawyer."

**F.R.C.P. 11(b)** provides that

> [b]y presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

The Court has little doubt that Neeley is making these accusations about lying with an improper purpose, because it is clear from the context of his motion that he is exaggerating the situation.  For example, Neeley accuses NameMedia's attorney of lying when the attorney writes "Plaintiff has stated he will not obey any order of this Court that will require him to cease [use of <NameMedias.com>]."  Neeley attempts to demonstrate that this is untrue by quoting himself as saying "If a JURY joins NAMEMEDIA INC and say I can't use NAMEMEDIAS.com for a First Amendment use, I will not obey any court demand to cease."

Without commenting on the substance of Neeley's statement, the Court observes that NameMedia's attorney's characterization of it does not appear to be a distortion -- and certainly cannot said to be false.

In addition, as noted in ¶8, *supra*, it will be the task of a jury to determine what facts are true if and when this matter proceeds to trial.  It is not a proper purpose of pleadings to attempt to establish truth -- accordingly, the Court concludes that Neeley is making these accusations for an improper purpose, in violation of **F.R.C.P. 11**.  While it is not necessary to determine what that improper purpose is, the Court notes that the overall tenor of Neeley's submissions indicate that he is more interested in wreaking revenge on the defendants than obtaining legal redress for any economic injury to himself.  Given that

-17-

Neeley cannot obtain punitive damages on his viable claims, this is clearly an improper purpose.

Because Neeley is acting pro se, the Court will give him the benefit of the doubt that he did not previously understand the foregoing concepts.  Thus the Court will, not, at this time, take any action on the matter -- other than to put Neeley on notice that no further conduct of this nature will be tolerated.

The truth about what happened in the matters now in litigation will be decided by the finder of fact at the proper time.  This effort will not be aided or advanced by claims of untruthfulness in the pleadings and the Court will not tolerate further assertions of that nature. Should any further pleadings, motions, or briefs be filed which contain accusations such as those here under consideration, they will be stricken from the record, and a show cause order will issue forthwith.

**IT IS THEREFORE ORDERED** that **NameMedia's Motion For Partial Summary Judgment** (document #18) is **granted in part and denied in part.**

The motion is **granted** to the extent it seeks summary judgment in favor of NameMedia on Neeley's claims of outrage and his claims for emotional damages and punitive damages on his copyright claim, and those claims are **dismissed with prejudice.**

The motion is **denied** to the extent it seeks summary judgment in favor of NameMedia on Neeley's copyright claim, but for reasons

stated herein, that claim is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion Seeking Summary Judgment Against NameMedia Inc. Counterclaim** (document #50) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Interlocutory Summary Judgment Leaving The Damages Question For A Jury Against Separate Defendant NameMedia Inc.** (document #56) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Scheduling Order** (document #57) is **denied.**

**IT IS FURTHER ORDERED** that **Google Inc.'s Motion To Dismiss For Failure To State A Claim** (document #63) is **granted in part and denied in part.**

The motion is **granted** to the extent it seeks dismissal of Neeley's copyright claim, and that claim is **dismissed without prejudice.**

The motion is also **granted** to the extent it seeks dismissal of Neeley's claim pursuant to **5 U.S.C. § 552(f),** and that claim is **dismissed with prejudice.**

The motion is also **granted** to the extent it seeks dismissal of Neeley's claim of contributory trademark infringement, and that claim is **dismissed without prejudice.**

The motion is **denied** to the extent it seeks dismissal of

Neeley's claim that Google conspired with the other defendants to infringe his trademark.

IT IS FURTHER ORDERED that plaintiff's **Motion Seeking Leave To Amend Summons** (document #74) is **denied.**

IT IS FURTHER ORDERED that plaintiff's **Motion For A More Definite Statement** (document #84) is **denied.**

IT IS SO ORDERED.

   /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

-20-