UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| CURTIS J. NEELEY JR., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 09-5151 |
| | § | |
| NAMEMEDIA, INC., NETWORK SOLUTIONS, INC., GOOGLE INC. | § § | |
| | § | |
| DEFENDANT | § | |

### GOOGLE INC.'S BRIEF IN SUPPORT OF ITS CROSS MOTION FOR RECONSIDERATION

By its order of March 4, 2010, this Court correctly dismissed Mr. Neeley's copyright, invasion of privacy, and direct and contributory trademark claims against Google Inc. Although the Court's ruling disposed of Mr. Neeley's direct and contributory trademark claims, the Court has left intact a single claim against Google "insofar as Neeley alleges that Google conspired with the other defendants to infringe his trademark," based on Neeley's allegation that Google "conspired to cybersquat the Plaintiff's domains." Second Amended Complaint ¶3; Order at 13. Google respectfully asks that the Court reconsider this ruling. The tort of conspiracy to cybersquat does not exist, and the provisions of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) expressly limit liability to the actual cybersquatters. Where a federal statute sets forth the class of actors to whom liability may attach, courts may not expand that sphere of liability to others. *Meyer v. Holley*, 537 U.S. 280 (2003).

I.  **The Court Should Reconsider Its Holding That Neeley has Stated a Claim for Conspiracy to Cybersquat**

Under the ACPA, a defendant can be liable for "using" a domain name "**only** if that person is the domain name registrant or that registrant's authorized licensee." 15 U.S.C. § 1125(d)(1)(D) (emphasis added). As the Court has correctly found, Neeley alleges that NameMedia, not Google, is the registrant of the domains at issue. That allegation precludes an ACPA claim against Google.

The domain name registrant is the party who chooses the domain name, and pays a registrar for a domain name registration. Google is not alleged to be a registrant (nor a registrar) with respect to either of the domain names at issue in this case. Thus, Google cannot be liable as "the domain name registrant," and the only remaining question is whether Google is "that registrant's authorized licensee."

Neeley's own allegations show that Google is not a "registrant's authorized licensee," as used in the ACPA. Although Neeley bandies about the term "license," the statute's legislative history makes crystal clear that the mere providing of advertising content to a website owned and operated by another does not make one a "licensee" of that website's domain name. Because Neeley's complaint alleges—correctly—that persons other than Google own and operate eartheye.com and sleepspot.com, and because the legislative history of the ACPA expressly excludes secondary liability for search engines and others, Google is not an "authorized licensee."

The term "registrant's authorized licensee" is not defined in the ACPA. Read in context, however, it is clear that a "license" must be one to use the domain name in question as the

domain name for one's website. Common sense and the legislative history of the ACPA both confirm that Google cannot be a "registrant's authorized licensee" as the ACPA uses that term.

Early drafts of the ACPA did not include the limitation of "use" liability which appears in 15 U.S.C. § 1125(d)(1)(D). That provision was added to the bill due to concerns that liability for "use" was too broad, and that unless its scope was limited, the bill "would have a number of unintended consequences that could hurt rather than promote electronic commerce." 145 Cong. Rec. S10517 (daily ed. Sept. 8, 1999) (statement of Sen. Leahy). During the floor debates on the ACPA, Senator Hatch proposed amending the bill to state that liability for "use" be limited to "the domain name registrant or that registrant's authorized licensee." In discussing this amendment, Senator Hatch expressly stated that parties like Google were not intended to be held liable under the ACPA:

> In addition, the Senate is considering today an amendment I am offering with Senator LEAHY to make three additional clarifications. First, our amendment will clarify that the prohibited "uses" of domain names contemplated by the bill are limited to uses by the domain name registrant or his authorized licensee and **do not include uses by others, such as in hypertext links, directory publishing, or search engines**.

145 Cong. Rec. S10516 (daily ed. Sept. 8, 1999) (statement of Sen. Hatch) (emphasis added). *See also id.* at S10517 (statement of Sen. Leahy) ("Uses of infringing domain names that support liability under the legislation are expressly limited to uses by the domain name registrant or the registrant's authorized licensee. This limitation makes clear that 'uses' of domain names by persons other than the domain name registrant for purposes such as hypertext linking, directory publishing, or for search engines, are not covered by the prohibition.").

Legislative history from the House, as well, confirms that Google cannot be liable as the "registrant's authorized licensee:"

> Paragraph 1(D) further clarifies that a use of a domain name shall be limited to a use of the domain name by the registrant or his or her authorized licensee. This

**GOOGLE INC'S BRIEF IN SUPPORT OF ITS CROSS MOTION FOR RECONSIDERATION**– Page 3

> provision limits the right **to use the domain name as a means to infringe on another's other bona fide trademark rights**.

H. R. Rep. No. 106-412 at 13-14 (1999) (emphasis added).  Thus, only those who are licensed to use the domain name "as a means to infringe on another's other bona fide trademark rights" come within the meaning of the term "authorized licensee," as that provision's framers understood it.

This legislative history resolves any ambiguity in the meaning of the term "registrant's authorized licensee" as that term is used in the ACPA.  The "registrant's authorized licensee" provision was intended by Congress to place a substantive limitation on ACPA liability, in order to avoid unintended consequences for innocent third-party service providers like Google whose services are sometimes misused.  *See Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 683 (D. Md. 2001) (observing that the "registrant's authorized licensee" provision "strictly limits liability").  The legislative history shows that, as Senators Hatch and Leahy stated, the term "authorized licensee" is not so open-ended as to impose liability on "uses by others, such as in hypertext links, directory publishing, or search engines" such as Google.  145 Cong. Rec. S10516 (statement of Sen. Hatch).  And it shows that, in order to be an "authorized licensee," one must be licensed by the domain name registrant "to use the domain name as a means to infringe on another's other bona fide trademark rights."  H. R. Rep. No. 106-412 at 14 (1999).[1]

In short, there is no such thing as contributory or conspiracy liability for ACPA violations:  the statute expressly extends liability only to those who register or traffic in domain names, not others who are alleged to have aided or encouraged that conduct.  If courts were free to create secondary liability where the statute has not authorized it, the ACPA's express limitation on "use" liability would be rendered meaningless:  anyone other than the registrant could be liable for all manner of "use" of a domain name simply by recasting that use as a

---

[1] Mr. Neeley's Complaint does not contain any factual allegations that would support a conspiracy claim even if such a tort existed.  There is no allegation of **any** action by Google other than providing advertising content to a website previously created, named, and owned by another.  There is—and can be—no allegation that Google was involved in any way in the underlying alleged ACPA violation of registering that name in the first place.

"contributory" violation or a "conspiracy" to violate. If Congress had intended liability under the ACPA to include contributory or conspiracy liability, it would have said so. But rather than doing so, or even remaining silent, Congress expressly indicated its intent to limit liability to registrants. It is thus unsurprising that no court has found (or created) contributory or conspiracy liability under the ACPA.

Even if this Court were inclined to find an implied claim for conspiracy to commit ACPA violations in Neeley's oft-amended complaint, recent Supreme Court precedent makes clear that courts may not expand vicarious liability for statutory violations beyond "traditional" limits: absent express Congressional authorization, vicarious liability can be found only in employer-employee and principal-agent relationships. As the Court in *Meyer v. Holley*, 537 U.S. 280 (2003) explained in reversing a finding of vicarious liability outside those limits, "[C]ourts ordinarily should determine that matter in accordance with traditional principles of vicarious liability—unless, of course, Congress, better able than courts to weigh the relevant policy considerations, has instructed the courts differently." *Id.* at 290-91. *See also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994) (rejecting expansion of implied 10b-5 cause of action to aiding and abetting). Here, Congress has not "instructed the courts" to add vicarious liability to the ACPA, and thus the courts cannot do so.

## CONCLUSION

Google respectfully requests that the Court reconsider its finding of a claim of "conspiracy to cybersquat," and dismiss that claim with prejudice.

Respectfully submitted,

Joshua R. Thane
Jennifer H. Doan
Arkansas Bar No. 96063
Joshua R. Thane
Arkansas Bar No. 2008075
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  jthane@haltomdoan.com

Michael H. Page
Durie Tangri, LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone: 415-362-6666
Email: mpage@durietangri.com

**ATTORNEYS FOR DEFENDANT GOOGLE INC.**

## CERTIFICATE OF SERVICE

I, Joshua R. Thane, hereby certify that on March 11, 2010, I electronically filed the foregoing GOOGLE INC.'S BRIEF IN SUPPORT OF ITS CROSS MOTION FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following list:

| | |
|---|---|
| H. William Allen | Robert L. Jones, III |
| Brooks White | John M. Scott |
| Allen Law Firm, P.C. | Kerri E. Kobbeman |
| 212 Center Street | CONNER & WINTERS, LLP |
| Ninth Floor | 211 E. Dickson Street |
| Little Rock, AR 72201 | Fayetteville, AR 72701 |

and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants:

Curtis J. Neely, Jr.
2619 N. Quality Lane
Apartment 123
Fayetteville, AR 72703

                                                             *Joshua R. Thane*
                                                             Joshua R. Thane