```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**CURTIS J. NEELEY, JR.**                                    **PLAINTIFF**

           v.         Civil No. 09-5151

**NAMEMEDIA, INC., NETWORK
SOLUTIONS, INC.; and
GOOGLE, INC.**                                               **DEFENDANTS**

                       <u>O R D E R</u>

   Now on this 20th day of May, 2010, come on for consideration the following:

   *   plaintiff's **Motion Requesting Reconsideration Of Order Docket #97 And Requesting Leave To File Third Amended And Replaced Complaint** (docket entry #99);

   *   **Google Inc.'s Cross Motion For Reconsideration** (docket entry #107); and

   *   plaintiff's **Motion Requesting Leave To File Third Amended Replacement Complaint** (docket entry #111),

and from said motions, and the responses thereto, the Court finds and orders as follows:

   1.   Plaintiff Curtis J. Neeley, Jr. ("Neeley"), alleges trademark rights in two internet domain names, <u>eartheye.com</u> and <u>sleepspot.com</u>.  He contends in this lawsuit that Network Solutions, Inc. ("Network") violated his trademark rights by advertising the domain registration expiration dates. He contends that NameMedia, Inc. ("NameMedia") registered these domain names

in bad faith, and licensed them to Google, Inc. ("Google"). All these actions are said to violate the anti-cybersquatting provisions of **15 U.S.C. § 1125(d)**. Neely further alleges that the defendants "conspired to cybersquat" his domains.

Other claims asserted by Neeley were dismissed by Order dated March 1, 2010.

2.   Neeley moves the Court to reconsider its rulings dismissing some of his claims because they are time-barred. He contends that the Court misinterpreted **A.C.A. § 16-56-116**, which sets out the circumstances wherein statutes of limitations are tolled; that his outrage claim is timely because it includes conduct that has occurred since he filed suit; that his copyright claim should be treated as a claim of outrage under state law; and that the motion to dismiss should be reconsidered in light of Vulcan Golf, LLC v. Google, Inc.

(a)   Neeley's first contention is that the Court should "re-interpret" **A.C.A. § 16-56-116** "in the light most favorable to the Plaintiff, and giving the Plaintiff the benefit of all reasonable processes of logical conclusions . . . ." Neeley appears to conflate the standard used to evaluate motions for summary judgment with the standard used to construe statutes. The two are not identical.

As the Eighth Circuit has explained, the goal of statutory analysis is to give effect to the intent behind enactment of the

statute.  If the language of the statute, reading all parts together and giving full effect to each part, is plain and unambiguous, the analysis ends and the Court applies the plain meaning.  Only if there is an ambiguity does the Court delve into legislative history or other authorities to determine legislative intent.  **Estate of Farnam v. C.I.R.**, **583 F.3d 581, 584 (8th Cir. 2009)**.

The only ambiguity in the statute at issue here arises from the fact that it lists only two applicable disabilities, but contains a provision for "when two or more disabilities exist." The Court specifically addressed this ambiguity in its Order dated March 1, 2010, and found it did not inure to Neeley's benefit. Neeley offers neither factual nor legal argument that persuades the Court now to the contrary, and reconsideration on this basis will be denied.

(b) Neeley also suggests that the Court reconsider its dismissal of his outrage claim, because it includes conduct that has occurred since he filed suit.  He refers to his allegations in docket entry #53, at ¶24, to the effect that NameMedia and Google have conspired to allow, and are currently allowing, minors access to nude photographs taken by Neeley, while contending that such access was allowed by Neeley himself.  The Court has reconsidered this issue, and finds that Neeley's claim of outrage on the basis of the factual allegations made in docket entry #53, at ¶24, are

not time-barred.

(c)  Neeley further contends that the Court should reconsider dismissal of his copyright claim, and treat it as a claim of outrage under state law.  Most of his argument on this point goes to the issue addressed in subparagraph (b), *supra*.  To the extent it covers different conduct, the Court finds no basis to reconsider its previous Order.

(d) Finally, Neeley contends that the Court should reconsider its March 1, 2010, Order in light of <u>Vulcan Golf, LLC v. Google, Inc.</u>   No citation is given for this case, but it appears to be a reference to **Vulcan Golf, LLC v. Google Inc.**, **552 F.Supp.2d 752 (N.D. Ill. 2008).**[1]  The Court is unable to follow Neeley's argument relating to **Vulcan Golf**.  It appears to deal with forum shopping, but Neeley, as the person who selected the forum, is in no position to contend that the defendants engaged in forum shopping.  The Court finds no basis to reconsider on this point.

3.   Google also moves the Court to reconsider its Order of March 1, 2010.  Google contends that "the tort of conspiracy to cybersquat does not exist" and that liability is expressly limited

---

[1] It may be that Neeley desires the Court to read some intermediate order of the trial court in the <u>Vulcan Golf</u> case, as he offers a citation to PACER, the federal courts' public access site.  He also cites to a website he apparently maintains himself. These sources are not precedential, and their bearing on the issues before this Court is so vaguely drawn that the Court declines to consult them. Even pro se parties are expected to point out the facts and law specifically applicable to the issues in the case at bar, rather than generally allege that the same issues have come up in another case and that the Court should look to that case for guidance.

to actual cybersquatters under **15 U.S.C. § 1125(d)**.

The statute in question provides that

[a] person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark . . .; and (ii) registers, traffics in, or uses a domain name that--(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; . . .

The statute goes on to provide that "[a] person shall be liable for using a domain name under subparagraph (A) only if that person is the domain name registrant or that registrant's authorized licensee." **15 U.S.C. § 1125(d)(1)(D)**. "Using" is only one way of violating **§ 1125(d),** however.  It can also be violated by registering and by trafficking in the domain name.

Under Arkansas law, civil conspiracy is

a combination of two or more persons to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, by unlawful, oppressive or immoral means, to the injury of another. Such a conspiracy is not actionable in and of itself, but recovery may be had for damages caused by acts committed pursuant to the conspiracy.

**Mason v. Funderburk**, **247 Ark. 521, 529, 446 S.W.2d 543, 548 (1969).**

The Court is not persuaded that there is any incompatibility between **§ 1125(d)** and the Arkansas law of civil conspiracy, and therefore Google's motion will be denied.

4.   Neeley seeks leave to amend his Complaint, and to

-5-

substitute the amendment for all his previous pleadings. He attaches to his motion a document entitled "Complaint For Outrageous Torts Including Trademark, Copyright, And Privacy Violations Resulting In Several Intentional Defamations And Other Torts."

The Eighth Circuit takes a liberal approach to the amendment of pleadings, as does **F.R.C.P. 15**.  Leave to amend must be granted except in the following circumstances:

* where the amendment will result in prejudicial delay or other undue prejudice;

* where it stems from bad faith or dilatory motive;

* where it comes in the face of "repeated failure to cure deficiencies by amendments previously allowed"; or

* where it would be futile.

**<u>Dennis v. Dillard Department Stores, Inc.</u>, 207 F.3d 523, 525 (8th Cir. 2000).**

In the case at bar, the Court notes that since this matter was filed on July 22, 2009, Neeley has fleshed out his initial Complaint by Magistrate's Addendum, and amended it two more times. He moved to amend a third time but later withdrew that motion. Despite all this activity, the essential claims have not changed from those outlined in ¶1 of this Order.  The Court concludes that, to the extent there are deficiencies in Neeley's pleadings, he has repeatedly failed to cure them.

The Court also notes that over nine months have passed since this case was commenced, without yet reaching the procedural point where the parties can be directed to conduct a 26(f) conference and commence discovery.  The defendants have been required to address multiple frivolous motions, including several that were filed and later withdrawn. The tenor of much of Neeley's pleadings, as noted in the Court's Order of March 1, 2010, indicates "that he is more interested in wreaking revenge on the defendants than obtaining legal redress for any economic injury to himself."  These facets of the case suggest that the delays that have troubled this case to date are prejudicial, and are the result of bad faith or dilatory motive.

Finally, the text of the proposed amendment indicates that it would be futile, in that its claims -- insofar as they differ from those now before the Court -- would be subject to summary dismissal:

(a) Some six pages are devoted to alleging claims for intentional infliction of emotional distress, or the tort of outrage, an Arkansas state law claim which requires proof of (i) conduct so extreme and outrageous as to be "beyond all possible bounds of decency, and utterly intolerable in a civilized society," and (ii) distress "so severe that no reasonable person could be expected to endure it."  **Key v. Coryell**, **86 Ark. App. 334, 343, 185 S.W.3d 98, 105 (Ark. App. 2004).**

Neeley alleges that NameMedia committed the tort of outrage by "reminding" him and repeatedly "making him aware" of its alleged cybersquatting; deleting a posting and revising the "terms of use" of a domain; excluding an "attribution" to Neeley on the internet which resulted in excluding his photographs; and displaying nude photos taken by Neeley on a website to which minors had access.

He alleges that Network committed the tort of outrage by attempting to make him believe that it was required to advertise the expiration of domain names.

He alleges that Google committed the tort of outrage by asking him for more information before investigating his complaints.

Finally, Neeley contends that "[s]everal actions subject the Plaintiff and his father to public defamation in violation of A.C.A. § 16-63-207 regarding libel and slander," but he does not give any factual clue to his meaning.

A complaint for outrage consisting of only the above allegations[2] would not survive a motion to dismiss for failure to state a claim, and it would be futile to allow an amendment to state them.

(b)  The next five or so pages are devoted to allegations

---

[2]The Court here excepts the allegation about displaying nude photos taken by Neeley on a website to which minors had access, which is already pled and will be allowed, as set forth in ¶2(b), *supra*.

-8-

relating to trademark violations. The "allegations" vis a vis Network are not really allegations, so much as offers to negotiate. These have no place in a pleading, and it would be futile to allow an amendment to state them.

The allegations vis a vis NameMedia are to the effect that all conduct of NameMedia is time-barred. The same can be said for the allegations as against Google, which also contain a long recitation of how Google allegedly cybersquats its own domains. It would be futile to allow an amendment to state these allegations.

The allegations which relate to the potential new defendants are either speculative, or they state directly that these defendants have "absolutely no trademark exposure."

None of these allegations would survive a motion to dismiss for failure to state a claim, and it would be futile to allow an amendment to state them.

(c) The next 5 pages are devoted to allegations regarding copyright. Given that Neeley refuses to register his copyright, there would be no purpose served by allowing any amendment to allege copyright violations.

(d) The document concludes with a section entitled "Other Generally Outrageous Acts." This is a generalized statement about pornography and the ease with which it can be accessed by children on the internet, not an allegation of specific wrongdoing by a

defendant.  It would be futile to allow an amendment to make these allegations.

When the Court considers the **Dennis** factors, it concludes that the proposed amendment should not be allowed, and that this case should go forward on the basis of the Complaint and the amendments thereto which have already been filed.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion Requesting Reconsideration Of Order Docket #97 And Requesting Leave To File Third Amended And Replaced Complaint** (docket entry #99) is **granted in part and denied in part**.

The motion is **granted** insofar as it requests reconsideration of Neeley's claims that NameMedia and Google have conspired to allow, and are currently allowing, minors access to nude photographs taken by Neeley, while contending that such access was allowed by Neeley himself.  The Court has reconsidered this issue, and finds that Neeley's claims of outrage on the basis of these factual allegations, as made in docket entry #53, at ¶24, are not time-barred.

The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that **Google Inc.'s Cross Motion For Reconsideration** (docket entry #107) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion Requesting Leave To File Third Amended Replacement Complaint** (docket entry

#111) is **denied.**

  **IT IS SO ORDERED.**

               **/s/ Jimm Larry Hendren**
              **JIMM LARRY HENDREN**
              **UNITED STATES DISTRICT JUDGE**