IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CURTIS J. NEELEY, JR., MFA**                                                                                          **PLAINTIFF**

       **V.**                       **CASE NO. 5:09-cv-05151**

**NAMEMEDIA, INC.;**
**NETWORK SOLUTIONS, INC.;**
**and GOOGLE, INC.**                                                                                                        **DEFENDANTS**

### OPPOSITION TO MOTION REQUESTING PRELIMINARY INJUNCTIONS TO STOP DEFAMATIONS AND TITLE 15 § 1125 VIOLATIONS

Network Solutions, LLC ("Network Solutions") files this Opposition to Plaintiff's Motion Requesting Preliminary Injunctions to Stop Defamations and Title 15 § 1125 Violations ("Motion for Preliminary Injunction") (Doc. #134). No claims are currently pending against Network Solutions (see Doc. # 126), which should immediately dictate that the Motion for Preliminary Injunction be dismissed as to Network Solutions. In light of pending motions for reconsideration and the latest motion to amend -- all of which have been opposed[1] -- in an abundance of caution, Network Solutions files this opposition to the Motion for Preliminary Injunction. The Motion is without any factual or legal basis and should be denied.

### I. Nature of Relief Requested

The Motion for Preliminary Injunction (Doc. # 134) does not identify any relief being requested against Network Solutions. The Brief in Support (Doc. #135) almost exclusively addresses the "search engine defendants" and proposed claims against the

---

[1] See Docs. ## 145, 146 and 147.

FCC (which claims have not been allowed). The only reference to Network Solutions appears at pages 3 (Section III) and 4 (paragraph 3). There, Plaintiff again references allegations of conduct which the Court has correctly ruled outside the statute of limitations. Plaintiff seeks injunctive relief based upon alleged and hypothetical future actions related to a registration for the domain name <sleepspot.org>. Claims related to that domain name have not been and should not be allowed. *See* Doc. # 147. Plaintiff submits no *evidence* in support of his request.

## II.  Legal Standard

It should be undisputed that a preliminary injunction is an extreme remedy. In relevant part, Fed.R.Civ.P. 65 prescribes various stringent requirements to obtain preliminary injunctive relief, requiring notice and a hearing, security, and specific factual findings as to the reason and terms of the injunction. See Fed R. Civ. P. 65 (a), (c) & (d).

In deciding whether to grant preliminary injunctions, courts of the Eighth Circuit follow the factors set forth in the case *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981); *see Sports Design & Dev. v. Schoneboom*, 871 F. Supp. 1158 (N.D. Iowa 1995). Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase*, 640 F.2d at 113.

Thus, to prevail on a motion for preliminary injunction in an action for violation of the ACPA, 15 U.S.C. § 1125(d), Plaintiff must establish that there is a reasonable probability of success on the merits, that absent preliminary injunctive relief he will

suffer irreparable harm *pendente lite*, that the balance of equities favors Plaintiff, and that granting the relief is in the public interest. *See Second Earth Enter., Inc., v. Allstar Product Marketing, Inc.*, 717 F. Supp. 302 (E.D. Penn 1989). Plaintiff has addressed none of these factors.

### III.   Argument

This Court has already found that Plaintiff failed to even state a claim for relief against Network Solutions. Doc. # 126. The Court further refused to allow any amendment to Plaintiff's claims on several bases. Doc. # 125. It therefore goes without saying that Plaintiff has failed to demonstrate any likelihood of success on the merits. Further, Plaintiff has submitted no evidence in support of the Motion for Preliminary Injunction that there is any imminent threat whatsoever related to <sleepspot.org>. Network Solutions thus respectfully asserts that the pending motion is premature and unsubstantiated. Based upon these deficiencies, the Motion should be summarily dismissed.

Network Solutions previously filed a Declaration of its employee, Natalie Sterling. Ms. Sterling's Declaration established that Plaintiff did not register <sleepspot.org> until April 1, 2010. The registration is effective until April 1, 2011. Plaintiff has the contractual right to renew the registration prior to its expiration. *See* Doc. #147, Sterling Declaration ¶ 11. Plaintiff certainly has not and cannot assert any claim for alleged situations, events or damages which have not occurred and which could not even occur for upwards of one year from now (and after the currently scheduled trial date). *See* Doc. #147 at 3-4 (pointing out that there is no ripe claim or controversy to be

decided). Such claims would be futile as previously argued in this record.[2] Moreover, even if there were a current dispute related to this domain name, Plaintiff has contractually agreed that any such disputes must be resolved in the courts of Virginia. *See* Sterling Declaration at ¶ 7. These and other procedural problems dictate that the Motion for preliminary Injunction be denied.

## Conclusion

Network Solutions incorporates all previous arguments made in support of its Motion to Dismiss (Docs. ## 104, 105 and 121) and its latest Oppositions to Plaintiff's motions for reconsideration and to amend (Docs. ## 145, 146 and 147). Plaintiff has wholly failed to state a basis for obtaining a preliminary injunction – especially in light of the fact that there are no claims pending against Network Solutions. In the unlikely event that the pending Motion is considered, Network Solutions respectfully asserts that Plaintiff should be required to establish his request by admissible evidence so that the Court may make specific factual findings based upon evidence, not mere allegations.

                    Respectfully submitted,

                    NETWORK SOLUTIONS, LLC,
                    Defendant

                    By:   /s/ John M. Scott
                        Robert L. Jones, III, AR Bar #69041
                        John M. Scott, AR Bar #97202
                        Kerri E. Kobbeman, AR Bar #2008149
                        CONNER & WINTERS, LLP
                        211 E. Dickson Street
                        Fayetteville, AR 72701
                        Telephone (479) 582-5711
                        Facsimile (479) 587-1426

---

[2] The Court has yet to need to address the fact that Plaintiff's ACPA claims are not viable against Network Solutions as a domain name registrar.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

H. William Allen
Brooks C. White
Allen Law Firm
212 Center Street, 9th Floor
Little Rock, AR  72201

Michael H. Page
Durie Tangri, LLP
217 Leidesdorff St.
San Francisco, CA  94111

Jennifer H. Doan
Joshua R. Thane
Haltom & Doan
Crown Executive Center, Suite 100
6500 Summerhill Rd.
Texarkana, TX  75503

I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/ECF participants:

Curtis J. Neeley, Jr.
2619 N. Quality Lane, Apt. 123
Fayetteville, AR  72703

                                                            /s/ John M. Scott
                                                            John M. Scott