UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| CURTIS J. NEELEY JR., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 09-5151 |
| | § | |
| NAMEMEDIA, INC., NETWORK | § | |
| SOLUTIONS, INC., GOOGLE INC. | § | |
| | § | |
| DEFENDANT | § | |

**OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION (Docket #134)**

This Court has repeatedly rejected Mr. Neeley's *seriatim* requests to re-amend his complaint. Undeterred, Mr. Neeley now seeks some unspecified form of wide-ranging preliminary injunction, against everyone including the Federal Communications Commission, based on yet another proposed but unfiled revision to his inchoate claims, this time labeled "Ex. REPLACEMENT 2."

At the parties' Rule 26(f) conference, Google's counsel attempted to explain to Mr. Neeley that he could not base a motion for injunctive relief on claims that appear only in a complaint which is not only not filed, but for which leave to file has been denied. Google's counsel therefore asked Mr. Neeley to withdraw his motion unless and until the Court grants his renewed motions to reconsider and/or for leave to amend. Mr. Neeley refused, thus putting Defendants to the time and expense of opposing yet another frivolous pleading.

**STANDARD OF LAW**

When considering a motion for a preliminary injunction, the Court must review (1) the threat that the movant will be irreparably harmed; (2) the balance between this alleged harm and

the injury an injunction will visit on the respondent; (3) the impact of a temporary restraining order or preliminary injunction on the public interest; and (4) the probability of the movant's success on the merits. *Tempur-Pedic Int'l, Inc. v. Waste to Charity, Inc.*, 483 F. Supp. 2d 766, 772 (W.D. Ark. 2007) (citing *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*)).  The burden of proving that a preliminary injunction should be issued rests entirely with the movant. *Glaze v. Mienzer*, No: 1:08-CV-00010 ,WL 1913859 at *2 (E.D. Ark. March 28, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). The plaintiff must demonstrate each of the above factors in order to obtain a preliminary injunction in this case. No single factor is determinative. Rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *Tempur-Pedic*, 483 F. Supp. 2d at 773. (citing *Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Ferzer Co.,* 997 F.2d 484, 485-86 (8th Cir. 1993)). For the reasons set forth below, a preliminary injunction is not justified here.

## ARGUMENTS

Mr. Neeley's motion must be denied. The sole relief Mr. Neeley seeks against Google (Section I of his motion) is an injunction barring Google from "defaming" him by republishing copies of his own photographs and correctly attributing them to him. The basis of this claim appears to be Google Books search results for a published book of photography (The Renascent—Vol. 3) that contains several of Mr. Neeley's own photographs. *See* Exhibit "Google-Ooops2." attached to Br. Supp. Mot. (Dkt. No. 135). Mr. Neeley does not claim that the publisher of that book did not have a license to use his photographs. Neither does he claim that they are not his photographs—they are—or that they were incorrectly attributed to him— they were not. Instead, it appears that his claim of defamation is based on the theory that *correctly* attributing his own work to him somehow defames him because children might see that

work.

Further, Mr. Neeley's "defamation" claims are patently frivolous for multiple reasons. *First*, Mr. Neeley's "defamation" claim is not currently in this case at all. Instead, as Mr. Neeley states in his supporting brief, it appears only in the "Amended Replacement Complaint" for which he has repeatedly sought, and been denied, leave to amend. *See* Br. Supp. Mot. (Dkt. No. 135) at p.1. *Second*, it is axiomatic that one cannot be defamed by a truthful statement, and the "defamatory" attribution of the photographs at issue is true: they are Mr. Neeley's own photographs, which he has himself openly posted to the internet. *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1246 (8th Cir. 2006) (citing *Wirges v. Brewer*, 389 S.W.2d 226, 228 (Ark. 1965) (stating that truth is a complete defense to a charge of defamation)); *see*, *e.g.*, http://en.wikipedia.org/wiki/File:Figurenude_(26)_by_Curtis_Neeley.jpg (Mr. Neeley's *Chiaroscuro*). Indeed, not only has Mr. Neeley posted the same photographs he complains of here to Wikipedia, where they can be viewed by all, but he has placed them there subject to the Creative Commons Attribution-ShareAlike 3.0 license. *Id.* That license not only *permits* other persons to freely copy and distribute the work, but *requires* that any copies include proper attribution to Mr. Neeley—the precise attribution Mr. Neeley now describes as "defamatory." The facts and law thus demonstrate that Mr. Neeley is extremely unlikely to succeed on the merits of this claim, and his motion therefore should be denied.

Mr. Neeley took the photographs at issue, posted them to the Internet for all to see and copy, and insisted upon attribution for them. There was nothing wrong with that, just as there is nothing wrong with classical black-and-white figure studies. It certainly is not the basis for a defamation suit against an endless string of defendants.

## CONCLUSION

In February, Google began its brief in support of a motion to dismiss with "Enough is

Enough." That was Docket Entry #71. The parties have not held a status conference, a final scheduling order has not been entered, no discovery has been conducted, and yet the Docket already numbers 150 entries, with motions to amend, to reconsider, and for preliminary injunction, plus a purported interlocutory appeal to the Eighth Circuit, all pending. This may be an entertaining exercise for Mr. Neeley, but each of his increasingly incoherent missives requires Google and the other defendants to review them, attempt to make sense of them, and respond to them. Google therefore joins in the request by Network Solutions that this Court exercise its inherent authority to deter this conduct by requiring Mr. Neeley to obtain leave of court before filing any more motions requiring a response by Google. Mr. Neeley is *in forma pauperis*, and thus immune to any meaningful after-the-fact sanctions for his repeated frivolous pleadings. Google thus seeks the Court's aid in putting an end to his abuse of the legal system.

For all these reasons, Mr. Neeley's motion for a preliminary injunction should be denied.

Respectfully submitted,

/s/ Joshua R. Thane
Jennifer H. Doan
Arkansas Bar No. 96063
Joshua R. Thane
Arkansas Bar No. 2008075
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  jthane@haltomdoan.com

**GOOGLE INC.'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** – Page 4

>Michael H. Page
>Durie Tangri, LLP
>217 Leidesdorff Street
>San Francisco, CA  94111
>Telephone: 415-362-6666
>Email: mpage@durietangri.com
>
>**ATTORNEYS FOR DEFENDANT GOOGLE INC.**

**CERTIFICATE OF SERVICE**

I, Joshua R. Thane, hereby certify that on June 18, 2010, I electronically filed the foregoing GOOGLE INC.'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following list:

>H. William Allen
>Brooks White
>Allen Law Firm, P.C.
>212 Center Street
>Ninth floor
>Little Rock, Arkansas 72201

and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants:

>Curtis J. Neeley, Jr.
>2619 N. Quality Lane
>Apartment 123
>Fayetteville, AR 72703

>>Joshua R. Thane
>>Joshua R. Thane