U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 0 2 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

Curtis J Neeley Jr., MFA                                                    PLAINTIFF

vs.                          NO. 09-05151

NAMEMEDIA INC., Network Solutions LLC.,
& Google Inc.                                                                DEFENDANTS

## PLAINTIFF PRE-TRIAL INFORMATION SHEET

The Plaintiff, Curtis J Neeley Jr MFA, submits the following Pre-Trial Information Sheet pursuant to Local Rule 26.2 of the Western District of Arkansas:

1. **The identity of the party submitting information.**
   RESPONSE: Curtis J Neeley Jr., MFA

2. **The names, addresses and telephone numbers of all counsel for the parties.**
   RESPONSE:

   Plaintiff –
   Curtis J Neeley Jr MFA:

   Pro Se
   2619 N Quality Ln
   Suite 123
   Fayetteville, AR 72703
   (479) 263-4795

   Defendant –
   NAMEMEDIA INC:

   Brooks Christopher White
   Allen Law Firm, P.C.
   9th Floor
   212 Center Street
   Little Rock, AR 72201
   (501) 374-7100
   Fax: (501) 374-1611

| | |
|---|---|
| **Defendant – Google Inc:** | |
| | **Jennifer Haltom Doan**<br>Haltom & Doan<br>6500 Summerhill Road, Suite 100<br>Texarkana, TX 75503<br>(903) 255-1000<br>Fax: (903) 255-0800 |
| **Defendant – Network Solutions LLC:** | |
| | **John M. Scott**<br>Conner & Winters, LLP<br>211 E. Dickson Street<br>Fayetteville, AR 72701<br>(479) 582-5711<br>Fax: (479) 587-1426 |

3. **A brief summary of claims and relief sought.**

   RESPONSE: The plaintiff alleges Title 15 and Title 17 violations pursuant to ACA 16-63-207, US Title 17 §§ 106A, 101, as well as US Title 15 § 1125(d). Plaintiff seeks permanent injunctions, monetary judgment for damages and the profits derived by Defendants Network Solutions LLC, NAMEMEDIA INC, and Google Inc. While the plaintiff initially sought compensatory and punitive damages, the Court previously ruled, in error, that claim was subject to dismissal due to statutory limitation defenses. The Eighth Circuit has since remanded them for trial.

Defendants alleged licensure to defame the Plaintiff in spite of US Title 17 due to the Plaintiff publishing figurenude images at Wikipedia and at <photo.net> at one time although refusing to delete them till the second DMCA notification. During this defamation Defendants NAMEMEDIA INC and Google Inc claimed being specifically authorized by the Plaintiff to show his exquisitely original figurenude art, often called pornography, to his minor children. Defendant Google Inc CEO, Eric Schmidt, alleged, after served as a defendant, that publication of anything to the Internet was requested being indexed by search engines. This is an absurd disregard for rights to assert moral authorship inadequately secured in US Title 17.

Defendants NAMEMEDIA INC and Google Inc further deny having made money as a proximate result of their usage of trafficking in pornography to minors like the figurenude art in question. Defendants have also pled numerous affirmative defenses including estoppel, unclean hands, waiver, laches, and failure to mitigate damages.

Defendants NAMEMEDIA INC and Google Inc used <eartheye.com>, for close to five years before Defendant NAMEMEDIA INC first offering it to Plaintiff via email while Plaintiff was in a hospital on a borrowed notebook.  They continued to market each domain online again offering <eartheye.com> to Plaintiff directly by email again in early 2009 asking him to bid more that $2,700 if he was still interested in the domain.  Defendant NAMEMEDIA INC advertised selling <eartheye.com> for $2,300 early in the second quarter of 2009 despite receiving Plaintiff's notification that it was rightly first registered to Plaintiff and would now result in litigation. Eric Zilinek was the Defendant NAMEMEDIA INC property matters attorney who rejected Plaintiff's offer to settle for <ozarkphotos.net> and daring Plaintiff to attempt litigation due to his volume of cases that had authorized their "cybersquatting".

Defendant NAMEMEDIA INC owns <photo.net> where the degreed Plaintiff visited first in 2004 and used the site to upload his artistic photography as well as some of his wedding photography from around 2006. Defendant NAMEMEDIA INC purchased <photo.net> around that time and altered the policy of the website to claim perpetual licensure of all user contributed content and prevented users from deleting their contributed photographs. Plaintiff stopped uploading artwork to their site when realizing it was shown to anonymous visitors of the site who did not have profiles and who therefore could be minors, atheist, Muslim or be search engine Spiders harvesting the images to traffic them although the Plaintiff was not yet completely aware of the rational for Defendant NAMEMEDIA INC not allowing contributed images from being deleted.

In November 2009 after being served with this lawsuit, Defendant NAMEMEDIA INC offered Sleepspot.com to the Plaintiff for 2,788.  When the Plaintiff posted demonstration of his outrage on a <photo.net> forum describing his lawsuit and his vast history using <sleepspot.com> with a link to the Internet Archive for reference, Defendant NAMEMEDIA INC realized this was headed to trial and they deleted the post and removed Plaintiff's access to the site.

Defendant NAMEMEDIA INC continued refusing to delete the figurenude photography of the Plaintiff even after DMCA, Hannah Thiem, was notified that they violated Plaintiff's copy-right in multiple venues.

December 26, 2008, after separating, the Plaintiff received an outrageous communication that his child was outraged that friends if the child were searching for the Plaintiff names and viewing pornography done by the Plaintiff. The Plaintiff became focused on making sure his pornography was not shown except to people who were looking for art. Early in 2009 the Plaintiff began pursuing Defendant NAMEMEDIA INC as well as Network Solutions LLC and Google Inc to halt them from using the Plaintiff's pornography and his registered domain names.

Defendant NAMEMEDIA INC announced a new DMCA named Robb Rosell in January 2010. Plaintiff proceeded to notify Robb Rosell nearly enough to be called harassing and within a week Defendant NAMEMEDIA INC ceased their defamation of the Plaintiff. Despite registering <namemedias.com>, filing a Federal lawsuit, and notifying Hannah Thiem to the point of being accused as violating her privacy, Defendant NAMEMEDIA INC finally stopped defaming the Plaintiff in hopes that the second DMCA notification could limit liability to 100,000 per defamation.

Shortly after the defamatory uses of the figurenude photographs at Defendant NAMEMEDIA INC the Plaintiff realized that there was a greater cause of defamation that the Plaintiff had realized. Seeing Defendant Google's defamation reduce but not be eliminated caused the Plaintiff to search other search engines. Plaintiff soon recognized that every search engine harvested his published pornography and defamed him as a normal part of their business. Believing that there must be a fundamental wrong propagating the common ignoring of the Plaintiff's moral rights to control his pornography the Plaintiff added every American Search Engine, the FCC, and the United States for an unconstitutional US Title 17 since the first day it existed.

After adding every US search engine, the US and the FCC the Plaintiff sought to add the ICANN Inc for a policy that serves as a foundation for the illegal trafficking in domain names as well as establishing it as a Ponzi Scheme that gave domain names values to search engines in spite of no use for a product or service. While researching this fraudulent policy the Plaintiff realized that he had paid Google Inc for advertising on several sites that were licensed to Google Inc exclusively to run advertisements although Plaintiff thought the advertisements were run on bona fide searches and triggered by purchased keywords. Plaintiff actually purchased advertising on several domains licensed to AdSense for Domains while advertising a book whose images were being shown against Plaintiff's wishes at <google.com> and <photo.net>. Defendant NAMEMEDIA INC owned <photo.net> and had sold an advertisement of the Plaintiffs book.

Plaintiff is severely brain injured and would prefer that this not become the most important task for the Plaintiff but will not cease litigating until the FCC starts regulating communications by wire and search engines stop trafficking in pornography to anonymous viewers. Plaintiff wishes to be awarded the <photo.net> domain as well as one million for each of his original domains from Defendant NAMEMEDIA INC as well as 100 million in punitive damages for intentionally defaming the Plaintiff after aware of the defamation. For Defendant Google Inc the Plaintiff seeks punitive damages for the defamation of $1,000,000,000.01 due to the vast size of Google Inc and seeing them attempt to buy copy-rights into existence.

Eric Schmidt could pay the "145 million" conspiracy ten times and still have more than 150 million personally. Google Inc alleges to have established a copy-right alternative and the Plaintiff wishes to establish a non-profit search engine alternative that uses its profits donations that offset taxes as well as creation of a free browser that is unable to view pornography or be removed except by the owner of the computer. The FCC would regulate the Internet like they are now doing via television and pornography will immediately lose the ability to be the primary use of communications by wire as more commonly called the Internet.

Curtis J Neeley Jr MFA denies having engaged in conduct that should subject him to personal liability although Defendant NAMEMEDIA INC counter sued for US Title 15 § 1125(d) violations in spite the Plaintiff's only using <namemedias.com> until Defendant NAMEMEDIA INC finally removed the art in question after the second monitored DMCA agent notification in January 2010. NAMEMEDIA INC alleges a telephone request for <eartheye.com> in 2007 resulting in Ted Olson's offer of the domain. This allegation is false, as evidence will show.

4. **Prospects for settlement, if any**.
RESPONSE: Plaintiff assess the prospects of settlement as extremely dim. The Parties conducted a Court-ordered Rule 26(f) scheduling settlement conference and were unable to resolve this litigation by settlement. Defendants believe plaintiff's claims are frivolous and without merit or are an acceptable cost of doing business and claimed ceasing to display plaintiff's figurenude art to minors was equal to halting their business.

5. **The basis for jurisdiction or objections to jurisdiction**.
RESPONSE: The plaintiff has asserted subject matter jurisdiction pursuant to US Title 15 § 1325(d) and US Title 17 § 106A since the case involves federal copy-right laws as well as diversity of venues. Defendants have not objected to jurisdiction on that basis. Defendant Network Solutions LLC objects to jurisdiction based on alleging that Plaintiff agreed to surrender jurisdiction to Virginia in a one hundred and fourteen page single-spaced agreement that is fraudulent. Required click-to-sign does not establish validity of the Plaintiff enough to assert a change of venue because the general assumption is that a click-to-sign is not an agreement with a person and fails to identify the parties. This fact is why pornography is trafficked to minors and is also why clicking-to-sign a Defendant Network Solutions LLC domain registration is not agreement to such a drastic waiver.

6. **A list of pending motions.**
RESPONSE: The Plaintiff has filed two Motions for Order Reconsiderations, an Appeal to Amend, and a Motion for Preliminary Injunction these will be moot after the Eighth Circuit Interlocutory Appeal No. 10-2255 is resolved. (See Dockets ## 128, 130, 132, 134). Defendants have responded to all these as well as entering appearances in the interlocutory appeal at the Eighth Circuit Court.

7. **A concise summary of the facts.**
RESPONSE:

> The defendants violated the domain names registered by the Plaintiff and attributed Plaintiff to pornography.

8. **All proposed stipulations.**
RESPONSE: At this point, the Plaintiff does not have any specific proposed stipulations. Plaintiff agrees to work in good faith with the Defendant counsel to stipulate as to the authenticity, and perhaps admissibility, of various documents, including the specific documents at issue.

9. **The issues of fact expected to be contested.**
RESPONSE:
   a) Whether Curtis J Neeley Jr created and published the figurenude material in question and when was it done;
   b) Whether Curtis J Neeley Jr authorized Defendants to publish the figurenude material in question and how it was authorized;
   c) Whether Hannah Thiem felt Plaintiff's monitored DMCA notice was harassing and therefore warranted ignoring.
   d) Whether Defendant NAMEMEDIA INC was advised by Hannah Thiem about the Plaintiff's monitored DMCA notice and whether or not she was told to ignore DMCA notices unless accompanied by a lawsuit;
   e) Whether Defendant Network Solutions LLC business policy of offering certified offers on any domain is trafficking.
   f) Whether Defendant Google should be entitled to licensure of all content accessible to be indexed;
   g) Whether Defendant Google and other search Engine Defendants should be entitled to attribute artwork with no concern for Moral Rights to Attribution;
   h) If Curtis J Neeley Jr is found to have licensed Defendants NAMEMEDIA INC or Google Inc to publish his figurenude art, whether the parties had sufficiently authenticated the agreement to establish licensure or grant Network Solution LLC a waiver establishing an out-of-state legal venue;

    i) If Curtis J Neeley Jr is found to have contributed to his own defamation, what extent was it and why didn't Defendants NAMEMEDIA INC or Google Inc stop publishing his figurenude art when requested.

    j) Whether the defendants earned any profit whatsoever as a proximate result of the giving away of the defamatory material in question;

    k) Whether the defendants received any compensation whatsoever in exchange for the defamatory material in question;

    l) The amount of net profits earned by the defendants during the time period since February 26, 2006 proximately resulting from their defamatory actions;

    m) The amount of net profits that would be lost by requiring adult computer owners or administrators to determine if the computer browser was ever allowed to access material unsuitable for television broadcast.

    n) How much net profit would be lost by never allowing anonymous viewership of pornography like the defamatory material in question.

    o) Who decided this would be allowed although it could be easily stopped decades ago but has not been.

    p) Whether the plaintiff incurred any damages as a proximate result of any conduct by the defendants;

10. **The issues of law expected to be contested.**
RESPONSE:
    (a) US Title 17 applicability to the defamatory materials at issue.
    (b) The validity of the US Title 17 to the question.
    (c) Ownership of the defamatory materials.
    (d) Whether the Plaintiff can produce sufficient evidence to make a prima facie showing of any damages incurred by him.

11. <u>**A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence.**</u>

RESPONSE:

a) Every exhibit in the record;
b) Records of every referral to the Plaintiffs website due to defamatory displays

12. <u>**The names, addresses and telephone numbers of witnesses for the party.**</u>
RESPONSE:

Erik Zilinek
c/o Allen Law Firm, P.C.
9th Floor
212 Center Street
Little Rock, AR 72201
(501) 374-7100
Fax: (501) 374-1611

Hannah Thiem
c/o Allen Law Firm, P.C.
9th Floor
212 Center Street
Little Rock, AR 72201
(501) 374-7100
Fax: (501) 374-1611

Robb Rosell
c/o Allen Law Firm, P.C.
9th Floor
212 Center Street
Little Rock, AR 72201
(501) 374-7100
Fax: (501) 374-1611

Ted Olson
c/o Allen Law Firm, P.C.
9th Floor
212 Center Street
Little Rock, AR 72201
(501) 374-7100
Fax: (501) 374-1611

Natalie Sterling
c/o Conner & Winters, LLP
211 E. Dickson Street
Fayetteville, AR 72701
(479) 582-5711
Fax: (479) 587-1426

Eric Schmidt
c/o Haltom & Doan
6500 Summerhill Road
Suite 100
Texarkana, TX 75503
903-255-1000
Fax: 903-255-0800

The Plaintiff reserves the right to update this list to include expert witnesses to testify regarding the impacts of defamation.

The Plaintiff reserves the right to examine or cross-examine any witnesses identified by the defendants.

The Plaintiff further reserves the right to rely upon rebuttal testimony as may be allowed by the Rules.

13. **The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

RESPONSE: Discovery has not begun.

14. **An estimate of the length of trial and suggestion for expediting disposition of the action.**

RESPONSE: The Plaintiff believes that the jury trial can be completed in two weeks.

Respectfully submitted

Curtis J. Neeley Jr, MFA

# CERTIFICATE OF SERVICE

I hereby certify that, on July 2, 2010, I will file a copy of the Appellant Brief in The Eighth Circuit Court of Appeals for the Interlocutory Appeal Case No. 10-2255 with the Court Clerk for The United States Court in the Western District of Arkansas for the District Case 5:09-cv-05151. This will be as an attachment to a Motion requesting additional time to prepare for discovery that will include as an attachment the anticipated pre-trial information sheet that will be filed if an extension of time is not granted. The clerk will scan each document and it will be made into a B&W PDF and be available to the attorneys representing each Appellee for this case. Their Counsel will each receive notification from ARWD-EM/ECF. The color PDFs that were the sources printed from are accessible for free to the public at <www.CurtisNeeley.com/10-2255/> perpetually. The Appellant Brief and the addendum will be mailed by certified mail to each Appellee party attorney below. The Eighth Circuit will receive five copies of the Brief along with five disks that have been scanned for viruses and contain the Microsoft Word 2000 doc files the PDFs were generated from as well as the PDF of the Brief. The public will be able to access the Brief by July 2, 2010 by midnight. The Appellant Brief is thirty-six pages and has 9,657 words. Body text is 14 point Times New Roman using Arial 20 point for the headers. The addendum includes the proposed Replacement Complaint and is twelve pages outside the appealed orders, which were thirty-nine pages. This resulted in an eighty seven page brief.

**Joshua Reed Thane**
Haltom & Doan
6500 Summerhill Road Suite 100
Texarkana, TX 75503

**Brooks Christopher White**
Allen Law Firm, P.C.
9th Floor
212 Center Street
Little Rock, AR 72201

**John M. Scott**
Conner & Winters, LLP
211 E. Dickson Street
Fayetteville, AR 72701

United States Court of Appeals
Eighth Circuit
11~~~~~~~~~~~~~~~ Street,
Suite 24.329,
St. Louis, MO 63102

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA