U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 06 2010

CHRIS R. JOHNSON, CLERK

BY
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

Curtis J Neeley Jr., MFA                                    PLAINTIFF

vs.                           NO. 09-05151

NAMEMEDIA INC., Network Solutions LLC.,
& Google Inc.                                               DEFENDANTS

# BRIEF SUPPORTING
# MOTION TO CONTINUE TRIAL 120 to 180 DAYS

      Curtis J Neeley Jr MFA respectfully requests that the trial in the above captioned matter be continued one hundred twenty to one hundred eighty days. In support of this delay Plaintiff asserts the following:

1.     The Court on its own motion or that of either party may grant continuance. The Court must set forth on the record (orally or in writing) its reasons for finding the ends of justice or benefits to the public served best by granting the continuance outweighing the interests of the Defendants in a more speedy trial, although not yet sought. United States v. Joost, 133 F.3d 125, 131 (1st Cir.1998); United States v. Fields, 39 F.3d 439 (3d Cir. 1994).

2.     The Court may grant the continuance for any number of reasons, only three of which are enumerated in 18 U.S.C. 3161(h)(8)(B) for criminal trials. Among the permissible reasons are whether the case is so unusual or complex that additional time for preparation is justified,
United States v. Reavis, 48 F.3d 763, 770 (4th Cir. 1995).

3.  Although this action is not criminal, the same ideas may herein be applied. The Plaintiff has already entered an initial pretrial information sheet. This litigation is unusual and complex and impacts Federal Statutes, as well as impacting the <u>public usage of the Internet</u> for communications by wire.

4.  There is currently an Interlocutory Appeal before the Eighth Circuit Court in St. Louis where Docket No 97 and Docket 126 will soon be remanded. Many parties, including the United States, will be added and a preemptive injunction, like pending now, will be ordered granted.

5.  The added parties are certain to file motions to dismiss or other dilatory motions like the current Defendants all have. One was granted in clear error. This will not be supported during the Interlocutory Appeal of the Plaintiff. The Plaintiff has filed the Appellant Brief. <u>Curtis Neeley, Jr. v. NameMedia, et al</u> 10-2255.

6.  The Plaintiff does not expect lengthy discovery necessary for the Search Engine Defendants to soon be added. The motivation for defamatory policies and the motivation for refusing to regulate interstate communications conducted by energy transmitted by wire are issues all proposed Defendants have prepared to litigate for decades.

7.        US Title 17 currently sustains hundreds of millions of dollars of liability for Defendant Google Inc in the Southern District of New York and was alleged by Defendant Google Inc to be somehow litigated out of existence.  They have also contended that Class Actions should have the same weight as Congressional establishment or revision of Statutes.  The United States has filed an objection to that claim and this particular current case will change the Internet as much as <u>Roe v Wade</u> once affected reproductive health.  Hon Elena Kagan and the Supreme Court shall eventually consider this particular case.

8.        The Defendants, including the improperly dismissed Defendant Network Solutions LLC, have Appellee Briefs due in the Interlocutory Appeal due in roughly twenty days and Plaintiff has a reply Brief due 14 thereafter.  The Court there has a general goal of the ruling in ninety days.  Decisions in such an obvious issue should not take long to decide.  Plaintiff advised the Defendants during the Rule 26(f) conference, as can be seen discussed in Docket 144 in ¶ #5.  This highly probable request for alteration of the trial date is now filed.

9.        All the Defendants have alleged the appeal to be frivolous, as was clearly not the case.  The Defense Counsel have thereby demonstrated inabilities to adequately grasp the complexity of this action or hope their improper allegations will in some way help their clients.

10.     The Plaintiff believes the added Defendants, all once called "speculative", will be added in roughly ninety days due to specific evidence seen in the record. FRCP Rule 15 clearly permits this AT ANY TIME, as is adverse to the unconstitutional two "Dennis Factors" once cited. The added Defendants will file frivolous motions to dismiss that will not be granted soon as each Defendant has already attempted. Preventing repetitive needs for scheduling changes can be prevented by a continuance until the Interlocutory Appeal is ruled on.

Wherefore, Curtis J Neeley Jr respectfully requests the Court find justice and public interest both served by granting continuance of the trial now scheduled for June 20, 2011. These far outweigh the interests of the Defendants for more speedy trial. Plaintiff prays for continuance pending the Eighth Circuit ruling and believes one hundred and twenty days will be sufficient.

Respectfully submitted,

Curtis J Neeley Jr, MFA

## CERTIFICATE OF SERVICE

I hereby certify that today I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at <http://www.CurtisNeeley.com/5-09-cv-05151/Docket> immediately and perpetually by the end of the day.

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA