U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 19 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**Curtis J Neeley Jr., MFA** **PLAINTIFF**

**v.** **NO. 09-05151**

**NAMEMEDIA INC., Network Solutions LLC,**
**& Google Inc.** **DEFENDANTS**

# BRIEF SUPPORTING MOTION TO COMPEL NAMEMEDIA INC TO REMOVE SPIDER.TXT FILE

Curtis J Neeley Jr MFA respectfully requests that Separate Defendant NAMEMEDIA INC be ordered to remove the spider.txt file from the <sleepspot.com> server immediately or modify it so that original artwork is shown at the Internet Archive Inc. NAMEMEDIA INC was made aware of Plaintiff desiring this evidence in Docket 12 ¶ #3 addressing the November 16, 2009 filing of Docket 10. This order is explained more fully concisely as follows:

## I. spider.txt file Placement was Malicious

There are very specific instructions for placing the spider.txt file on the server to cause it to be reflected as "art excluded by site owner".

There is no method for verifying that the site owner is entitled to prevent the archived art from being displayed. The creator of the original art reflected on <sleepspot.com> from 2000-2003 is the Plaintiff.

These archive files were caused to be hidden after Defendant NAMEMEDIA INC deleted the Plaintiff's July 24th forum posting that can be seen preserved in the record as Docket 58 exhibit #4 BAN. The message contained links to the Internet Archive that displayed the Plaintiff's extremely original art. See attached COLOR Exhibit SleepSpot.com

Ironically this post had links to when there was nothing reflected except the domain being for sale. Defendant NAMEMEDIA INC thereby realized that their "cybersquatting" was obvious to jurors and the archive created *prima facia* evidence that required hiding.

This is likely now to be argued done as a normal policy on all servers. This company policy was created during this litigation to protect the business policy of "cybersquatting".

## II. spider.txt Placement for Improper Purpose

The Internet Archive created the option to cause the archived art to be excluded to allow for copy--right or art protection.

Nothing designed by Defendant NAMEMEDIA INC that could be considered remotely art eligible for patent, copy-right, or trademark, was shown providing an allegedly proper purpose for not returning the archive.

Placement of the file by Defendant NAMEMEDIA INC was improper and was done exclusively to hide evidence since this litigation begun.

## III. The Internet Archive is an Uninterested Party

The Internet Archive Inc is a non-profit public service, 501c3 tax exempt Party existing for the mission of creating records of the Internet as it once existed. The Internet Archive Inc has made it clear that allowing owners of the art once shown on a website to control access to the "WayBack Machine" would be prohibitively costly and stated it could not be done, "without considerable burden, expense and disruption to its operations", citing Netbula, LLC v. Chordiant Software Inc. Christopher Butler, from Internet Archive Inc, assured the Plaintiff on October 30, 2009 as follows: "removal of the robots.txt file or the adaptation of it to re-allow the user agent ia_archiver, files made inaccessible by the block are typically restored" and cited the prior case *Id*. Where order to compel was granted.

## IV. spider.txt Placement was Destruction of Art

The spider.txt file is not automatic and in the prior case there was concern that original art was being copied. The Internet Archive has absolutely no art that belongs to NAMEMEDIA INC being excluded by the robots.txt file.

This action demonstrated the fact that websites are able to control how robots index them as will be required by the FCC after the Injunctive order is granted per Docket 134 or as ordered by the Eighth Circuit. None of the SleepSpot art was pornographic but was original and noteworthy. The art contained copy--right notices and TM disclosures as should be visible in Docket 69 Exhibit #1 CIRS on pages 6,7 where the SleepSpot software demo is seen as well as on every page having a trademark and copy--right notice. The Plaintiff feels this exhibit was not considered sufficiently along with every exhibit in the record due the scanning making them MASSIVELY inferior files. The term "speculative" once used demonstrated the Court being completely unaware of the evidence already in the record.

This particular exhibit can be seen for the first time or the first time carefully in color at <curtisneeley.com/NameMedia/docketPDFs/CIRS-ALL.pdf>. The Eighth Circuit will certainly refer to these color originals when remanding the appealed interlocutory errors.

## CONCLUSION

Judge Howard Lloyd in the Northern District of California, San Jose Division, ordered, "[p]laintiffs shall, within three days from the entry of this order, disable the robot.txt file from its website and promptly advise defense counsel when that has been accomplished," when rejecting oppositions to the Motion to Compel. *Id.* If a similar order is not now granted, Plaintiff requests the Internet Archive Inc. be made an added Defendant conspiring to destroy notable art with Defendant NAMEMEDIA INC. They are both disparaging the unconstitutional US Title 17 and claiming respecting copy-right. Nothing besides hiding discoverable art was done by NAMEMEDIA INC. This action was done after this litigation began with obvious malice as can be seen in the record IN COLOR AT THE PLAINTIFF MIRROR. **<curtisneeley.com/5-09-cv-05151/Docket/index.htm>**

This request for pre-trial compelling is separate now as required by Local Rule 7.3 and should in no manner surprise Defendant NAMEMEDIA INC or the Court since Docket 12. Furthermore, Defendant NAMEMEDIA INC should pay reasonable sanctions for this malicious pre-trial harassment where costs were increased for the Plaintiff.

Respectfully submitted

Curtis J Neeley Jr, MFA