U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 07 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**Curtis J Neeley Jr., MFA** **PLAINTIFF**

**vs.** **NO. 09-05151**

**NAMEMEDIA INC.,
& Google Inc.** **DEFENDANTS**

# RESPONSE OPPOSING "NETWORK SOLUTIONS INC" MOTION FOR PROTECTIVE ORDER DOCKET 175

Plaintiff marvels that Network Solutions LLC has asked to be given a protective order as "Network Solutions Inc" wherein they ask not to be required to reply to this case when "Network Solutions Inc" is not a party. Plaintiff is intrigued that a party who is not involved in a case requested a meaningless order like Defendant Google Inc did. Plaintiff notes that Counsel for Network Solutions LLC did well bringing up the passage of the agreed final date for adding parties or amending of June 30 from the 26f report.

While Network Solutions LLC Counsel seemed to marvel at the three months that have passed since the June 30th date for effect, the Counselor conveniently failed to recognize that a Motion to Amend has been pending since May 26, 2010 or Docket #132. The recent Docket #167 Request to Amend simply combines Docket #132 and the Motion for a Preliminary Injunction of June 1st, 2010 Docket #134 into one filing.

The Plaintiff allowed the equitable tolling ruling to remain unmolested and dismissed the 2003 trespasses of Network Solutions LLC in Docket #167. Plaintiff sought only to add Network Solutions LLC now for their current US Title 15 § 1125(d) trespasses. Juries will believe equitable tolling should have preserved the 2003 violations for each party as have all those asked for "test juries" already by the Plaintiff.

Both current defendants opposed Docket #167 and these oppositions were absurd and attempted locking Honorable Jimm Larry Hendren into obvious errors preserving supervisory, District Conflict, and Supreme Court Conflict jurisdictions for the Supreme Court like already plead in the Petition for Certiorari. It is odd that a party no longer named in this case has sought an order. The Plaintiff does not in the least oppose the Cross Motion that NAMEMEDIA INC and Google Inc be no longer required answering unless told by the Court to Reply and must admit confusion as to what benefit was gained by Network Solutions LLC in the filing that simply resulted in billable time and opportunity to be corrected or reminded of being a dismissed party who may not be awarded anything. Plaintiff only begs that the Court rule before the Supreme Court Conference and allow dismissing of the Petition for Certiorari.

Denial of the request to become a CM/ECF party will not be appealed because CM/ECF is a double-edged sword demonstrated very well now by Network Solutions. Plaintiff prays Docket #167 be granted and that this resolve in less than two years but doubts this will be possible due the unquestionable power of modern pornographic wire communications called "the Internet" and the multi-million dollar Ponzi scheme value fraudulently given the "domain name industry".

Docket #167 does not add a claim of fraudulent use of the digital signature whereby Network Solutions LLC alleges the Plaintiff and all other registrants agree to 114 pages of less than single-spaced legalese with absolutely no authentication whatsoever with a "click". Network Solutions LLC alleged waiver of jurisdiction to Virginia and several other bare frauds seen as attachments to Docket #146 from June 11 well before the last day to add claims.

Plaintiff has not waived the right to bring a claim of fraud and believes this fraud warrants prosecution if there remains any business to prosecute. Network Solutions LLC, NAMEMEDIA INC, and ICANN INC will cease to profitably exist or exist at all after this action resolves with no doubt whatsoever and the Plaintiff does not wish to add damages to this already "sinking ship".

Plaintiff does not understand how Network Solutions LLC could feel well represented by a Motion for a Protective Order Docket #175 or in an action wherein they were dismissed already. Docket (174-176) only provided an opportunity for billing and a forum for this reply and illustrates the double-edged nature of EC/EMF.

Network Solutions LLC simply helped accentuate the fact that Docket #167 is nothing more than blending of the perpetually pending Dockets (128, 130, 132, 134) that were all pending before the June 30th date for adding parties or amending. The lack of judicial appointments and the caseload have caused criminal cases to take priority for consideration as well as the Interlocutory Appeal having disrupted jurisdiction.

Plaintiff would have been better served by appealing directly to the Supreme Court. That is where the Defendant's will all seek to appeal. Supreme Court has recently commented on privacy versus free speech on the Internet while discussing fundamental "Baptist" protestors who posted offensive comments regarding veterans who had been killed in Iraq. Justice Stephen Breyer asked "*To what extent can they put that on the Internet?*" and noted there was not yet a clear-cut accepted rule.

Plaintiff has asked that the FCC be ordered to begin regulating wire communication called the Internet for disguise or their current neglected duty in Docket #167 or in Supreme Court Dockets (10-6091) and (10-6240). **The end of the free flow of the wire communication of pornography called "the Internet" is the only logical result and only depends now on which Court rules first.**

Plaintiff is opposed to the Court even recognizing Dockets (174, 175, 176) and asks that the Court note the fact that all exhibits attached to Docket #174 are nothing besides filings in the Eight Circuit except for Exhibit C. This one exhibit is actually Docket #166 and is plainly wasteful of Network Solutions LLC funds and disrespectful of the docket contrary to the claim in the third sentence of Docket #176 that follows.

> *"As always, Network Solutions respects this Court's docket and will provide a response to anything upon which the Court requests a response."*

Network Solutions LLC claimed respecting the Court's docket. Network Solutions LLC then re-attached Docket #166 instead of referring to the Docket number thereby adding expense and repetitive work for the Court and NOT respecting the docket.

WHEREAS the Plaintiff already begrudgingly accepted limitations not being displaced by equitable tolling, the Plaintiff has requested that Network Solutions LLC be an added party in Docket 167 for multiple recent Lanham Act violations. Docket 167 is simply a consolidation of motions that have been pending since late May 2011 or over four months.

This litigation is more complicated than any currently before even the Supreme Court with no question. Plaintiff prays that the Court declare Dockets (174, 175. 176) moot and entered by a dismissed party yet enter a new local order wherein motions entered by *pro se* parties require no responses unless requested by the Court. Microsoft Corporation, Yahoo Inc, InterActiveCorp, ICANN Inc and the FCC are sought added parties exactly as Network solutions LLC in Docket #167 as further explained in Docket #168 complying with Local Rule 5.5 completely.

Respectfully submitted by hand,

Curtis J Neeley Jr, MFA

# CERTIFICATE OF SERVICE

I hereby certify that today I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at <http://www.CurtisNeeley.com/5-09-cv-05151/Docket> immediately and perpetually by the end of the day.

**CurtisNeeley.com/5-09-cv-05151/Docket**

/s/Curtis J Neeley Jr.
Curtis J Neeley Jr, MFA