# IN THE UNITED STATES COURT FOR
# THE WESTERN DISTRICT OF ARKANSAS

**Curtis J Neeley Jr., MFA**

v

**CASE NO. 5:09-cv-05151**

**NameMedia Inc.**
**Google Inc.**

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 0 3 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

## OBJECTION TO MOTION TO CERTIFY PREVENTING PLAINTIFF FROM PROCEEDING IN FORMA PAUPERIS ON APPEAL

1.   Comes now the Plaintiff respectfully, and objects to the motion to certify that the Plaintiff is proceeding in bad faith and is therefore not able to appeal as a pauper. It is evident that the Plaintiff is unable to understand the Federal Rule of CP as well as a Counselor and yet was advised the Federal Rules of CP apply even to *pro se* parties. The motion to certify that the Plaintiff is proceeding in bad faith would require that the Plaintiff realized the appeal was futile yet continued simply for dilatory purposes or vexatious purposes. The Plaintiff does not agree with the ruling and would ask that it be explained better than 'like last time' when the rational for denial was not explained in the least any time. The motions to amend that were previously denied, Docket 186, described the rational and explained 'Dennis Factors' as follows.

> *"As the Court has explained in an Order entered on May 20, 2010 (docket entry #125), leave to amend may be denied in the face of "repeated failure to cure deficiencies by amendments previously allowed."*
> *Dennis v. Dillard Department Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000).*
> *The Court found then, and it finds again now, that to the extent there are deficiencies in plaintiff's pleadings, he has failed to cure them by amendments previously allowed."*

Reading the Order in Docket 125 and searching for more detail the Plaintiff found as follows.

> *In the case at bar, the Court notes that since this matter was filed on July 22, 2009, Neeley has fleshed out his initial Complaint by Magistrate's Addendum, and amended it two more times. He moved to amend a third time but later withdrew that motion. Despite all this activity, the essential claims have not changed from those outlined in ¶1 of this Order. The Court concludes that, to the extent there are deficiencies in Neeley's pleadings, he has repeatedly failed to cure them.*

2.    The Plaintiff does not see any statement of a deficiency in the complaint listed except by the implications of "to the extent that there are deficiencies" that there are actually deficiencies. The *pro se* party is not entitled to legal assistance but a plain description of why claims evidenced in the record are not allowed to be added would have been nice to have explained and this belief lies near the fundamental right to be advised of accusations instead of stating that "there are deficiencies the Plaintiff is unable to understand". Ignorance is no excuse, but the Plaintiff remains unable to recognize how claims supported in evidence are still not allowed when Federal Rules of CP 15 (d) states is plain English as follows.

> *SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.*

The Court *may* allow Plaintiffs; it appears, to submit supplementation even if the original pleadings are defective unless "*Denis Factors*" are used due to repeat denial of claims seen in evidence due to mysterious deficiencies the Plaintiff is unable to understand in the Western District of Arkansas.

3.    The wire communication exhibit was not evidence of the Plaintiff acting in bad-faith. The wire communication exhibit does reveal utter confusion as to what could possibly be wrong with adding claims that are supported soundly in evidence and utter determination not to cease prosecuting this case even if it must now be done after the first final judgment. The Plaintiff will obviously no longer be a pauper due to statutory damages on claims already allowed for JURY trial. Plaintiff will easily be able to pay for appeal(s). The Plaintiff will not appeal anything else and will await "final" judgment to appeal everything denied to this point contrary to the evidence already in the record or on the wires but not allowed due to "Dennis Factors" that are unconstitutional on their face.

4.  Plaintiff will not appeal and will file from this point forward only when requested or to comply with Court Orders or seeking subpoenas. The Plaintiff will appeal after judgment and after no longer a pauper due to the statutory awards the Plaintiff will receive from Google Inc since Google Inc is profitable and NAMEMEDIA INC is likely to refuse to pay or be unable to pay due to their reliance on the Ponzi scheme NAMEMEDIA INC calls the *"Domain Name Industry"* that crashes with *Madoff-like* results to an entire segment of the NAMEMEDIA INC "economy".

5.  The motion to join party claims and join the Federal Communications Commission may conflate to a request to amend or replace procedurally like was repeatedly denied for good reason, to the extent there were reasons. The Federal Rules of CP Rules 18 and 20 do not provide a mechanism to add parties and claims to an existing lawsuit, according to NAMEMEDIA INC in Docket 200. Federal Rules of CP Rule 18(a), however, reads as follows.

> *(a) IN GENERAL. A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, <u>as many claims as it has</u> against an opposing party.*

6.  Using the common meanings of the language used and amended last on December 1, 2007 above, it appears to the *pro se* Plaintiff that joining claims with existing litigation is exactly what Federal Rules of CP Rule 18(a) appear to clearly allow. Rule 20 is as clear when stating that parties may be joined. The relative portions of Federal Rules of CP Rule 20(a)(2)(A) follow.

> *Rule 20. Permissive Joinder of Parties*
> *(a) PERSONS WHO MAY JOIN OR BE JOINED*
> *(2) Defendants. Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if:*
> *(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;*

7.  Here again using the common meaning of language it appears that NAMEMEDIA INC has failed to explain the rational for Esq White's claim, to the extent there was rational. The Plaintiff will not appeal while a pauper regardless of how well Rules of CP Rule 15(d) might apply in the common meaning of language as follows.

> *(d) SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.*

8. In the event that even the proposed supplemental pleading is denied the Plaintiff will not appeal regardless of how precisely the common meanings of the words in Fed Rules of CP Rule 19(a)(1)(A) appear to apply when read as follows.

> *Rule 19. Required Joinder of Parties*
> *(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.*
> *(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:*
> *(A) in that person's absence, the court cannot accord complete relief among existing parties;*

9. The Federal Communications Commission (FCC) is the only party able to make it illegal to use indecent wire communications and the FCC is extremely aware of this action and has the proposed supplemental complaint already. Without the FCC, the wire frauds permitted done would continue exactly like they do now, to the extent they do occur now.

10. The repeated use of the illogical phrase, to the extent there were phrases used, is an attempt to cause the court to realize the bad-faith argument, to the extent that there was an argument, was nothing but a waste of billable time. The motion to certify that the Plaintiff is acting in bad-faith is asking the court to super-deny the motion that was already denied or deny the order leaving no recourse for the plaintiff but to await the final rulings wherein a jury will instantly convert the Plaintiff into a wealthy party who can finally afford justice. The certification of acting in bad-faith would, in fact, be an appealable order; to the extent it was an order. Regardless of the facts that exists in the diametrically opposed orders of this court from May 20, 2010 and October 27, 2010, the Plaintiff will reserve appealing until the case is before the JURY or after the JURY ruling. The May 20, 2010 order states as follows.

> *The only ambiguity in the statute at issue here arises from the fact that it lists only two applicable disabilities, but contains a provision for "when two or more disabilities exist." The Court specifically addressed this ambiguity in its Order dated March 1, 2010, and found it did not inure to Neeley's benefit. Neeley offers neither factual nor legal argument that persuades the Court now to the contrary, and reconsideration on this basis will be denied.*

11.     Honorable Jimm Larry Hendren on March 1 alleged that the State ACA 16-56-116 was written prior to revisions in 1999 to no longer include prisoners in penitentiaries out-of-State. Honorable Jimm Larry Hendren addressed the ambiguity stating the Statute had been left "two or more" because it was meant at some time to protect the insane minors who were in prison out-of-State. This rational, to the extent Honorable Jimm Larry Hendren addressed rational, did not consider the fact that there has never been an insane minor in prison anywhere in the United States in history to support the case Honorable Jimm Larry Hendren stated addressed the ambiguity.

12.     The claims Honorable Jimm Larry Hendren dismissed due to limitations have been overruled by the Supreme Court already and were addressed as existing in the orders on October 27, 2010 wherein NAMEMEDIA INC and Google Inc are each mentioned facing the claim of 'cybersquatting' together.

13.     When the court denies the motion to join, to the extent the motion is denied, the Plaintiff will not appeal but will enter a motion seeking to file a supplemental complaint supported by Federal Rules of CP Rule 15(d) and made mandatory by Federal Rules of CP Rule 19(a)(2)(A). The Plaintiff will not appeal anything until the final order but asks the Court to deny the Defendant Motion to Certify that the Plaintiff is proceeding in bad-faith.  The Plaintiff would like a simple common language explanation of the claims remaining since the Supreme Court ruling of May 24, 2010 of <u>Lewis v Chicago</u>, (08-974) overruled the previous limitations rulings.  It is difficult to litigate when there is no precise list of claims to prosecute. The Proposed Supplemental Complaint is, in fact, the listing of claims and parties the Plaintiff feels are still warranted.  These are the claims the Plaintiff will present to the JURY next year. The Plaintiff will not enter a reply to the objection filed in Docket 200. A reply would be a reply to a reply and would be a surreply that is not permitted. This opposition to a motion contains the relevant information and Plaintiff will file motions only when necessary as described herein.

WHEREAS; The Plaintiff prays for the Motion for Certification of bad-faith being denied. The Plaintiff, nevertheless, refuses to appeal until the final ruling when every appealable item will be pursued including interlocutory denials of motions if they affected the judgment, like already exist. The Plaintiff herein reminds the Court that as an alternative to the joinder of the FCC as a party, the Plaintiff welcomed the Court ordering a separate trial. Otherwise the Plaintiff now faces beginning another action in this same related swarm of torts. Plaintiff asks Honorable Jimm Larry Hendren now to recognize that Microsoft Corporation, Yahoo Inc, and IAC/InterActiveCorp have already ceased returning nudes as a result of searches for the Plaintiffs personal name and Google Inc ceased displaying Michael Peven's erect penis for searches for the Plaintiffs personal name on October 2, 2010 but has numerous nudes in the strict safe search shown to kids while in school; including the Plaintiff's children. Results are beginning to occur as a result of this litigation while Honorable Erin L Setser has been asked to contemplate ordering Google Inc to do what the other three search engine parties have done before being ordered. The other search engines already realize that ceasing to show nudes as a result of searches for only the Plaintiffs personal name was simply mitigating damages. Only the FCC can <u>force</u> everyone immediately and therefore must be added per Federal Rules of CP Rule 19(a)(2)(A) using the common meanings of language used.

Respectfully submitted by hand,

*Curtis J. Neeley Jr., MFA*

# CERTIFICATE OF SERVICE

I hereby certify that today I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from CM/ECF. The color PDFs that were printed from are accessible free to the public at <http://www.CurtisNeeley.com/5-09-cv-05151/Docket> immediately and perpetually by the end of the day.

**CurtisNeeley.com/5-09-cv-05151/Docket**

/s/Curtis J Neeley Jr.
Curtis J Neeley Jr, MFA