Case 5:09-cv-05151-JLH   Document 204   Filed 11/05/10   Page 1 of 8

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 0 5 2010

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES COURT FOR
THE WESTERN DISTRICT OF ARKANSAS

Curtis J Neeley Jr., MFA

v

CASE NO. 5:09-cv-05151

NameMedia Inc.
Google Inc.

## SUPPLEMENTAL BRIEF SUPPORTING THE OBJECTION TO JOINT MOTION TO CERTIFY PREVENTING PLAINTIFF FROM PROCEEDING IN FORMA PAUPERIS ON APPEAL

1.  Comes now the Plaintiff <u>respectfully</u> and reminds the Court that all pro se litigants are advised the Federal Rules of CP apply even to pro se parties. The motion to certify that the Plaintiff is proceeding in bad faith would require that the Plaintiff realized the appeal was futile yet continued simply for dilatory purposes or vexatious purposes.The Plaintiff does not agree with the ruling and would ask that it be explained better than 'like last time' when the rational for denial was not ever explained in the least contrary to the intent of the Federal Rules of CP. The motions to amend that were previously denied, Docket 186, described the rational and explained <u>Dennis Factors</u>' as follows.

> "As the Court has explained in an Order entered on May 20, 2010 (docket entry #125), leave to amend may be denied in the face of "repeated failure to cure deficiencies by amendments previously allowed."
> Dennis v. Dillard Department Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000).
> The Court found then, and it finds again now, that to the extent there are deficiencies in plaintiff's pleadings, he has failed to cure them by amendments previously allowed

Reading the Order in Docket 125 and searching for more detail the Plaintiff found as follows.

> "When the Court considers the <u>Dennis factors</u>, it concludes that the proposed amendment should not be allowed, and that this case should go forward on the basis of the Complaint and the amendments thereto which have already been filed...".

> ..."In the case at bar, the Court notes that since this matter was filed on July 22, 2009, Neeley has fleshed out his initial Complaint by Magistrate's Addendum, and amended it two more times. He moved to amend a third time but later withdrew that motion. Despite all this activity, the essential claims have not changed from those outlined in ¶1 of this Order. The Court concludes that, to the extent there are deficiencies in Neeley's pleadings, he has repeatedly failed to cure them"

2.   There in no explanation of deficiency in the complaint listed in the order except by the implications of actually having deficiencies. The *pro se* party is not entitled to legal assistance but a plain description of why claims evidenced in the record are not allowed to be added would have been nice to have had explained.  This belief lies near the fundamental right to be advised of accusations instead bare abuse of discretion.  Ignorance is no excuse, but the Plaintiff remains unable to recognize how claims supported in evidence are still not allowed when Federal Rules of CP 15 (d) states is plain English as follows.

> SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The Court *may* allow Plaintiffs; it appears, to submit supplementation even if the original pleadings are defective unless mystical "*Dennis Factors*" are used for repeat denial of claims seen in evidence due to *mysterious deficiencies* the Plaintiff is unable to understand in the Western District of Arkansas. No deficiencies were claimed by any party or stated to exist besides the mysterious "*Dennis Factors*" quoted as from the Eighth Circuit denial.

3.   The wire communication exhibit was not evidence of the Plaintiff acting in bad-faith.  The wire communication exhibit reveal utter confusion as to what could possibly be wrong with adding claims that are supported soundly in evidence and utter determination not to cease prosecuting this case even if it must now be done after the "first" final judgment. The Plaintiff will not appeal anything else pending and will await "final" judgment to appeal everything denied to this point contrary to the evidence already in the record or on the wires but not allowed due to "Dennis Factors" that are unconstitutional on their face and are a fraud altogether wherein the diligent good-faith research of the Plaintiff into the illogical and mysterious "*Dennis Factors*" is added now so that the Court can properly identify a sanction as a sanction instead of attempting to call them "*Dennis Factors*" in a TOTAL FRAUD violating the intent of Federal Rules of CP.

4. The pro se pauper Plaintiff does not feel Honorable Jimm Larry Hendren is aware that the "*Dennis Factors*" often used by him to deny amending are TOTALLY FRAUDS used to violate the intent of the Federal Rules of CP. See Dennis v. Dillard Department Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) This is a relatively fresh case and was the case Honorable Jimm Larry Hendren used to describe the approach the Eighth Circuit had in amending in bare error. Honorable Jimm Larry Hendren's use of "*Dennis Factors*" is nothing but one way to justifying arbitrary decisions. The case cited was an appeal based on denial of leave to amend an answer. Dillard's objected to denial of their motion to amend their answer in the case cited but that was never read.

5. Plaintiff finds it appalling that this is the case Honorable Jimm Larry Hendren often uses to support denying an amendment in spite of the Federal Rules of CP Rules 15, 18, 19, and 20. The Eighth Circuit ruled in favor of Dillard's appeal due to being denied and ordered a new trial on those very grounds. The Eighth Circuit will support amending unless there is a clear rational listed, as the Western District of Arkansas has not stated, alleging reliance on Eighth Circuit precedence in error.

6. Honorable Jimm Larry Hendren invented "*Dennis Factors*" to support denial of amendments as sanctions. Honorable Jimm Larry Hendren is entitled to respect and the benefit of the presumption that the Judge researched "*Dennis Factors*" perhaps further or had some other rational that was not in keeping with the illogical explanation that "more than two" had once been included in AR statutes to benefit insane minors in prison out-of-State in spite of the fact that this is wrong on its face.

7. The Plaintiff is very familiar with having reasoning questioned having a severe traumatic brain injury that is unique. Plaintiff expresses empathy for Jimm Larry Hendren attempting to rule justly on this case dealing with wire communications, called the Internet to avoid regulation, which did not exist until shortly after Jimm Larry Hendren became a judge.

8. The Plaintiff decided to research "*Dennis Factors*" beyond the case cited in error. The listed rational that included repeated failed amendments was text cited by the Eighth Circuit Court. The quote paraphrased circumstances that warranted denial of granting leave to amend was actually a quote from Foman v. Davis, 371 U.S. 178, 182 (1962).

9. Determined to find the ruling where these circumstances had caused denial, the plaintiff read the quoted case. The case is published by wire. See < openjurist.org/371/us/178 >. This case was an opinion of the Supreme Court written by Justice Goldburg in 1962 only three years before the Justice resigned.

10.     Quoting the entire of ¶ #8 the source of the mysterious "*Dennis Factors*" is located in paragraph #8 and the ENTIRE paragraph follows.

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, **Federal Practice (2d ed. 1948)**, 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"

Herein is the actual source of these mysterious "*Dennis Factors*". These factors were quotes from Federal Practice (2d ed. 1948). Two portions of a law book are now "*Dennis Factors*". The case using these by the Supreme Court was where the Supreme Court rejected the District Court's denial of motion seeking leave to amend without rational like this court has repeatedly done. The mysterious "*Dennis Factors*" simply could not be anymore of a bare FRAUD. They are where Honorable Jimm Larry Hendren has promoted text from a sixty-two year old legal text to federal law and instead of "Moore Factors", has named them *Dennis Factors*".

The Plaintiff encountered one other use of this case to deny an amendment and it was used by Jimm Larry Hendren to explain his decision to deny amending. John S. La Tour v City of Fayetteville, Arkansas, (02-5001). The entire paragraph is included below.

> 2. F.R.C.P. 15(a) requires that courts grant leave to amend pleadings freely when justice so requires. Leave to amend is legitimately denied where it will result in undue delay coupled with undue prejudice to the opposing party, where it is the result of bad faith or dilatory motive, or where the amendment would be futile. Dennis v. Dillard Department Stores. Inc., 207 F.3d 523 (8th Cir. 2000). It is in light of these principles that the Court must examine the pending motion.

4

11. Honorable Jimm Larry Hendren denied amending because he decided the motion to amend would be futile in this case. A JURY did not decide the motion would be futile. Honorable Jimm Larry Hendren decided the amendment would be futile. It is ironic that counselors have not yet read the cases wherein quotes from 1948 Moore law text got promoted to sanctions of a judge disguised as law in obvious error and violating the very intent of federal Rules of CP.

12. The only reason the Eighth Circuit did not remand previously and allow adding parties and claims was that there were pending motions and the Eighth Circuit does not have supervisory or discretional jurisdiction. There are an abundant number of issues that will be brought up on appeal after a judgment. The three parties desired added previously have already complied with the Plaintiff's demands to cease displaying nudes done by him as a result of image searches of "Curtis Neeley" without even being allowed added as parties because of a sanction called "_Dennis Factors_" for disguise by Honorable Jimm Larry Hendren.

13. The Western District of Arkansas Court gets to watch these mistakes get remanded on appeal of the final order and learn that illogical applications of law are wrong. The Plaintiff will not again appeal or file anything except a motion for a required joinder pursuant to Federal Rules of CP Rule 19 of the FCC when Honorable Jimm Larry Hendren does not allow them and perhaps again cites his mysterious "_Dennis Factors._" The Plaintiff is obviously more familiar with their original source now than Honorable Jimm Larry Hendren. The mysterious "_Dennis Factors_" are simply portions of a Moore "_Federal Practice_" law book from 1948 and have been used by both the Supreme Court and the Eighth Circuit Court to order new trials because of District Court judges abusing their discretion and not respecting the intent the Federal Rules of CP.

14. Plaintiff will not appeal anything pending and will file from this point forward only when requested or to comply with Court Orders or seeking subpoenas or discovery. The Plaintiff will appeal after judgment of mistakes that already exist. In the event that even the pending supplemental pleading is denied the Plaintiff will not appeal that error regardless of how precisely the common meanings of the words in Fed Rules of CP Rule 19(a)(1)(A) appear to apply when read as follows.

> Rule 19. Required Joinder of Parties
> (a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties;

15. The Federal Communications Commission (FCC) is the only party able to make it illegal to use indecent wire communications and the FCC is extremely aware of this action and has the proposed supplemental complaint already. Without the FCC, the wire frauds permitted done would continue exactly like they do now.

16. The Plaintiff will appeal if the FCC is not allowed added as a party. This supplemental brief should help the Court in realizing the bad-faith argument was nothing but a waste of billable time and that denial of the Joinder will be appealed the day that it is denied, in spite of this brief The motion to certify that the Plaintiff is acting in bad-faith is asking the court to "super-deny" the motion that was already denied or denial of the order leaving no recourse for the plaintiff but to await the final rulings. The Plaintiff will reserve appealing until the case is before the JURY or after the JURY ruling. The May 20, 2010 order stated as follows.

> *The only ambiguity in the statute at issue here arises from the fact that it lists only two applicable disabilities, but contains a provision for "when two or more disabilities exist." The Court specifically addressed this ambiguity in its Order dated March 1, 2010, and found it did not inure to Neeley's benefit. Neeley offers neither factual nor legal argument that persuades the Court now to the contrary, and reconsideration on this basis will be denied.*

17. Honorable Jimm Larry Hendren on March 1 alleged that the State ACA 16-56-116 was written prior to revisions in 1999 to no longer include prisoners in penitentiaries out-of-State. Honorable Jimm Larry Hendren addressed the ambiguity stating the Statute had been left "two or more" because it was meant at some time to protect insane minors who were in prison out-of-State. This rational did not consider the fact that <u>there has never been an insane minor in prison anywhere</u> in the United States to support the case stated as addressing the ambiguity. These are almost as illogical as citing a case where denial of the motion to amend resulted in a new trial to support denial of Plaintiff's motions to amend. Applications of law are either logical or WRONG like these are.

18. The claims Honorable Jimm Larry Hendren dismissed due to limitations were overruled by the Supreme Court already and were addressed as still existing in the orders on October 27, 2010 wherein NAMEMEDIA INC and Google Inc are each mentioned facing the claim of 'cybersquatting' together.

19. When the court denies the motion to join, the Plaintiff will enter a motion seeking to file a supplemental complaint supported by Federal Rules of CP Rule 15(d) and made mandatory by Federal Rules of CP Rule 19(a)(2)(A). The Plaintiff will not appeal anything but refusal to allow adding the FCC until the final order but asks the Court to deny the Defendant Motion to Certify that the Plaintiff is proceeding in bad-faith or at least not do it as another sanction. The Plaintiff would like a simple common language explanation of the claims remaining since the Supreme Court ruling of May 24, 2010 of <u>Lewis v Chicago</u>, (08-974) overruled the previous limitations rulings. It is difficult to litigate when there is no precise list of claims to prosecute. The Proposed Supplemental Complaint is, in fact, the listing of claims and parties the Plaintiff feels are still warranted. These are the claims the Plaintiff will present to the JURY next year. The Plaintiff will not enter a reply to the objection filed in Docket 200. A reply would be a reply to a reply and would be a surreply that is not permitted. This supplemental brief in opposition to a motion contains the relevant information and Plaintiff will file motions only when necessary as described herein.

20. Plaintiff asks Honorable Jimm Larry Hendren now to recognize that Microsoft Corporation, Yahoo Inc, and IAC/InterActiveCorp have already ceased returning nudes as a result of searches for "Curtis Neeley" image searches and Google Inc ceased displaying Michael Peven's erect penis for searches for "Curtis Neeley" on October 2, 2010 but has numerous nudes in the strict safe search shown to kids while in school; including the Plaintiff's children. Results are beginning to occur as a result of this litigation while Honorable Erin L Setser has been asked to contemplate ordering Google Inc to do what the other three search engine parties have done before being ordered. The other search engines already realize that ceasing to show nudes as a result of searches for only the Plaintiffs personal name was simply mitigating damages. Only the FCC can <u>force</u> everyone immediately and therefore must be added per Federal Rules of CP Rule 19(a)(2)(A) using the common meanings of language. <u>Refusal to add them will only be appealed if the alternative request of beginning another trial is not granted.</u> The Eighth Circuit will grant IFP status regardless of malicious certification due to the certification being on its face improper.

Respectfully submitted by hand,

Curtis J. Neeley Jr., MFA

# CERTIFICATE OF SERVICE

I hereby certify that today I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from CM/ECF. The color PDFs that were printed from are accessible free to the public at <http://www.CurtisNeeley.com/5-09-cv-05151/Docket> immediately and perpetually by the end of the day.

**CurtisNeeley.com/5-09-cv-05151/Docket**

/s/Curtis J Neeley Jr.
Curtis J Neeley Jr, MFA