UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| **CURTIS J. NEELEY JR.,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 09-5151** |
| | § | |
| **NAMEMEDIA, INC., NETWORK** | § | |
| **SOLUTIONS, INC., GOOGLE INC.** | § | |
| | § | |
| **DEFENDANT** | § | |

## GOOGLE INC.'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

This motion for a preliminary injunction is another in the endless flood of frivolous motions brought by Mr. Neeley.  In a single paragraph, devoid of fact, law, or rationale, Mr. Neeley asks this Court to order Google[1] "not to allow nude photos to be returned when image searches include the terms 'Curtis' or 'Neeley' regardless of other terms unless entering user is known to be an adult and not a Muslim . . . . Google Inc. should particularly cease display of Michael Peven's erect penis photo . . . ."  Mr. Neeley's motion is not supported by the law or the facts and should be denied.

## BACKGROUND

Although it is Mr. Neeley's burden to demonstrate the necessity of an injunction, he does not indicate what law or what claims he believes support his request for a preliminary injunction. *See Glaze v. Mienzer*, 2008 WL 1913859 at *2 (E.D. Ark.) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)) (stating that the burden of proving whether a temporary restraining order or preliminary injunction should be issued rests entirely with the movant). There are, however, only

---

[1] Mr. Neeley originally sought to enjoin nonparties Yahoo, Microsoft, and IAC/Interactive as well; this Court denied those requests and referred this motion to the Magistrate Judge for recommendations as to Google.  *See* Dkt. No. 192.

two possibilities, as there are only two surviving claims stated against Google in this action.  The first—a claim for "contributory cybersquatting" based on co-defendant NameMedia's registration of two domain names—is irrelevant to this motion.  The second claim, variously described by Mr. Neeley as a claim for either "defamation" or "outrage," is based upon allegations that NameMedia and Google have "conspired to allow, and are currently allowing, minors access to nude photographs taken by Neeley, while contending that such access was allowed by Neeley himself."  Order, Dkt. No. 125, at 3.  But Mr. Neeley has already moved for a preliminary injunction based on that claim (Dkt. No. 135), and the Court dismissed that motion on Mr. Neeley's own subsequent motion.  Dkt. No. 187.  As Google explained in opposition to that now-dismissed motion (Dkt. No. 147), it was frivolous for multiple reasons.

There are no other claims pending against Google, and thus, other than the two claims mentioned above, there is nothing on which to base a motion for injunctive relief.  More to the point, Mr. Neeley has repeatedly asked this Court to allow him to amend his complaint to include his baseless and incoherent claims concerning Mr. Peven's photograph, and this Court has repeatedly and correctly denied those incessant motions.  *See, e.g.*, Dkt. Nos. 125, 186, 195 (Orders denying motions to amend).  As such, the claim on which Mr. Neeley apparently relies for his motion is simply not in this case – and for good reason.

Mr. Neeley cannot state a claim based on Mr. Peven's works or any others, much less support preliminary injunctive relief.  As best as Google can discern from the record, Mr. Neeley is outraged by Mr. Peven generally, and by one piece of Mr. Peven's work in particular.  Mr. Neeley rants at length about the perceived injustice of Mr. Peven's professorship, and denounces Mr. Peven's art as pornography.  He would like the FCC joined as a party, and would like this Court to order the FCC to ban Mr. Peven's work from the internet.[2]  Mr. Neeley also—and most

---

[2] To be fair, Mr. Neeley also asked this Court to order the FCC to ban Mr. Neeley's **own photographs**, which Mr. Neeley himself published on the internet.  He also seeks an order banning anyone from correctly identifying those photographs as his, despite having published them under a Creative Commons license that affirmatively allows anyone to republish them and **requires** that they be attributed to him. *See* http://en.wikipedia.org/wiki/File:Figurenude_(26)_by_Curtis_Neeley.jpg

relevant to this motion—is outraged that sometimes (but not always) a Google Image Search for the term "Curtis Neeley" will return (among thousands of other results) a link to Mr. Peven's work.

Although strictly irrelevant to this motion, Mr. Neeley carefully avoids explaining **why** this happens. The work that offends him is not published by Google and is not located on Google's servers. Instead, it is published by a third party (Primitive Press) and appears as part of an advertisement by a bookstore (Vamp and Tramp Booksellers) for that published collection of Mr. Peven's works – works that (although apparently offensive to Mr. Neeley) are entirely lawful works of art published under license and with the approval of the copyright holder.

More interesting is **why** a search for "Curtis Neeley" would return a link to this particular work of Mr. Peven's, and none other. Why do Google's algorithms discern a relevance between the two? The answer can be found in the URL of the work cited by Mr. Neeley:

http://www.google.com/imgres?imgurl=http://www.vampandtramp.com/finepress/p/primitive-manmade-blueL.jpg&imgrefurl=http://www.open.salon.com/blog/curtisneeley/2010/08/06/sept_14_is_a_day_that_will_live_in_infamy/comment&usg=__7yefoo0n7PCO_0WkXPAGdXSlLxM=&h=816&w=783&sz=220&hl=en&start=27&sig2=drDFqe5PdYaLSaKmsLPh0w&zoom=1&itbs=1&tbnid=7OheR7Ffo0uhuM:&tbnh=144&tbnw=138&prev=/images%3Fq%3DCurtis%2BNeeley%26start%3D21%26hl%3Den%26sa%3DN%26gbv%3D2%26ndsp%3D21%26tbs%3Disch:1&ei=OEvQTKqIH432swPbm5mgAg

Although a full explanation of URLs is beyond the scope of this motion, it suffices to know that URLs often include a "referrer" identification, which identifies a second internet location that referred the user to the first one. In this case, the *referrer* website (highlighted in the middle of the URL above) is:

**imgrefurl=http://www.open.salon.com/blog/curtisneeley/2010/08/06/sept_14_is_a_day_that _will_live_in_infamy.**

And what is this website? It is **Mr. Neeley's own blog site**, at Salon.com, in which Mr. Neeley **himself** placed a link to Mr. Peven's work. *See* Exhibit A, print out from Curtis Neeley's Open Salon.com blog. Indeed, if one searches the internet for combinations of Mr. Peven's and Mr. Neeley's names, one finds that the vast majority of those "hits" are from Mr. Neeley's own

incessant rants.  Google's algorithms are entirely mechanistic:  they decide two words or pictures are (or are not) related based in part on the degree that they show up in the same places.  Mr. Peven and Mr. Neeley turn up in the same place (and are thus deemed relevant to each other) almost entirely because Mr. Neeley has put them there; the link that outrages him is one he created on his own blog.  A search on Google.com for Mr. Neeley's name occasionally[3] identifies Mr. Peven's work as relevant because it is, and Mr. Neeley has made it thus.  There is no suggestion that those search results violate any law or statute, much less one at issue in this case.

## ARGUMENT

While Google hopes that the explanation above is beneficial to the Court, none of it is necessary to deny the current motion.  Mr. Neeley's motion for a preliminary injunction fails for myriad more fundamental reasons.  *First*, as noted above, the claim on which Mr. Neeley must rely to bring the motion is not a part of this lawsuit.  *Second*, Mr. Neeley's claim of outrage is that Mr. Peven's work is offensive to children and Muslims, and thus should be kept from them.  But, to Google's knowledge, Mr. Neeley is neither a child nor a Muslim, and thus has no standing to state a claim on their behalf.  *Third*, whether denominated "outrage" or "defamation," Mr. Neeley is attempting to state a state law claim against Google.  Google, however, is an Internet Service Provider, and because Mr. Neeley is complaining about a work created and placed on the Internet by others (Mr. Peven, his publisher, the bookstore, and his own blog), any state law claim against Google is absolutely preempted by the Communications Decency Act, 47 U.S.C. § 230 ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider"); *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997); *Goddard v. Google, Inc.*, 640 F.

---

[3] These occur "occasionally" because Google search results are real-time, and change constantly, based on what Internet users are doing over time.  At the time of writing this, a Google Image search does not include Mr. Peven's work (at least in the first thousand results), while a few days earlier it was in the first hundred.

Supp. 2d 1193 (N.D. Cal. 2009).  A claim of either "defamation" or "outrage" based on Mr. Peven's work cannot be brought against the search engine by which one locates that work (even if there were a claim that could be stated against Mr. Peven himself, or his publisher).  *Fourth*, even putting aside the absurdity of his claims, Mr. Neeley has presented no evidence to support an injunction.  Indeed, his one-paragraph motion contains no evidence of any sort.  And thus *fifth*, Mr. Neeley cannot meet either prong of the preliminary injunction analysis:  he can show neither a likelihood of success nor any harm to him (let alone irreparable harm) should an injunction not issue.  *See Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987); *quoting Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("The failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction, for '[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.").

Once again, Google and this Court have been put to the expense and effort of dealing with Mr. Neeley's foolishness.  Google is mindful of the Court's recent denial of Google's motion for a protective order and instruction that it look to Rule 11 for relief as these endless pleadings roll in.  But Rule 11 sanctions are of no use against an indigent and irrational *pro se* plaintiff.  Moreover, Rule 11 is of no use against a sequence of motions that must be opposed, and are then denied, before the 21-day safe harbor in Rule 11 expires:  in such circumstances, Google is precluded from even filing a Rule 11 motion.   As such, Google is at a loss of how to proceed and fears that this matter (which is already at 200 docket entries, along with frivolous trips to and back from both the Eighth Circuit and the United States Supreme Court) will never end without appropriate Court intervention.

## CONCLUSION

For the reasons stated above, the motion should be denied.

Respectfully submitted,


/s/ Jennifer H. Doan
Jennifer H. Doan
Arkansas Bar No. 96063
Joshua R. Thane
Arkansas Bar No. 2008075
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  jthane@haltomdoan.com

Michael H. Page
Durie Tangri, LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone: 415-362-6666
Email: mpage@durietangri.com

**ATTORNEYS FOR DEFENDANT
GOOGLE INC.**


## CERTIFICATE OF SERVICE


I, Jennifer H. Doan, hereby certify that on November 6, 2010, I electronically filed the foregoing GOOGLE INC.'S OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following list:

H. William Allen
Kevin M. Lemley
Allen Law Firm, P.C.
212 Center Street
Ninth floor
Little Rock, Arkansas 72201

and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants:

Curtis J. Neely, Jr.
2619 N. Quality Lane
Apartment 123
Fayetteville, AR 72703

/s/ Jennifer H. Doan
Jennifer H. Doan