# IN THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF ARKANSAS

**Curtis J Neeley Jr., MFA**

v.

**CASE NO. 5:09CV05151**

**NameMedia Inc.**
**Google Inc.**

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 1 2 2010

CHRIS R. JOHNSON, CLERK
BY
     DEPUTY CLERK

# FINAL BRIEF SUPPORTING MOTION FOR DOCKET 198 JOINING CLAIMS AND PARTIES

1. Comes now Plaintiff, respectfully to the United States Court for the Western District of Arkansas and is incessant in supporting the motion for joining claims and the joinder of the FCC and one particularly offensive wire fraud Google Inc did while refusing to recognize what the *pro se* plaintiff felt was obviously harmful and irreparable and adequately shown in costly exhibits.

## Rules of CP Rule 15(d)

1. The Federal Rules of CP Rule 15(d) is relevant to Docket 198 motion to add claims and parties in spite of the Defendant's joint opposition where the counselors remind the court that the *pro se* party confused the purpose for Federal Rules of CP 18 and 20. Rule 15(d) is particularly relevant because the Defendants state the motion was nothing in substance besides a motion to amend and Federal Rules of CP Rule 15 discusses amended and supplemental pleadings.

> *(d) SUPPLEMENTAL PLEADINGS. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.*

The Plaintiff believes Federal Rules of CP Rule 15(d) addresses events that occurred after the initial pleading. Federal Rules of CP Rule 18(a) addresses Joinder of Claims and the first subsection reads as follows.

> *(a) IN GENERAL. A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.*

The text appears to *generally* support adding <u>as many claims</u> against an opposing party as the Plaintiff has. Federal Rules of CP Rule 20(a)(2)(A) as was cited in the original supporting brief and involves permissive joinder of parties to a claim as follows.

> *(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and*
> *(B) any question of law or fact common to all defendants will arise in the action.*

The text above appears to state generally a Plaintiff may add defendants when ANY right to relief is asserted against them due to arising out of the same occurrence where any question of law or fact is common with all the defendants. This Rule allows Permissive Joinder but does not explain the person who must give permission. The pro se Plaintiff assumed this would be the ruling judge.

The *pro se* Plaintiff is unfamiliar with the functions of the Federal Rules of CP but is familiar with the common meaning of the English language and when not recognizing a term like "conflate" the Plaintiff uses the <dictionary.reference.com> and believes it appropriate that an online reference is regularly used in the litigation wherein the wire communications called the Internet for disguise is changed from a primarily pornographic venue back into a *bona fide* communications venue. Wire communications will never be a generally useful communications medium until safe for children and others who are offended by pornographic content. Currently pornography is the primary rational for the wire communications now called the Internet nearly exclusively for trafficking in pornography.

The pro se Plaintiff studied litigation rules and read cases attempting to discover the rational implied by "Dennis Factors" for understanding Honorable Jimm Larry Hendren's use of these "Dennis Factors" to deny prior motions to amend in spite of evidence now in the record.

The Plaintiff is EXTREMELY adept at using reliable sources of reference to establish the existence of the rational for past events. The Plaintiff discovered that "Dennis Factors" are nothing besides text quoted from chapter fifteen of Moore, Federal Practice (2d ed. 1948), 15.08, 15.10 and were quoted by Justice Goldburg in 1962 when ruling in <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

The Plaintiff discovered that "Dennis Factors" were nothing but quotations from an old court case where motions to amend had been denied resulting in new trials. This meant that Honorable Jimm Larry Hendren's denials were improper on their face. This is more adequately described in Docket 204 wherein it should be clear to even Opposing Counselors and judges who are trying to ignore the intentions of the Federal Rules of CP while violating them.

The Plaintiff had initially attempted to appeal interlocutory errors to halt the searches of "Curtis Neeley" resulting in indecent results for the Plaintiff's minor child and her schoolmates while at schools using "safe" search settings. The Plaintiff advised Yahoo Inc, Microsoft Corporation, and IAC/InteractiveCorp that nudes resulting in searches for simply the Plaintiff's personal name was offensive and they would be named in a federal lawsuit.

Defendant Google Inc continued displaying nudes done by the Plaintiff as well as Michael Peven's erect penis. Yahoo Inc, Microsoft Corporation, and IAC/InteractiveCorp each complied with the Plaintiff's demands. The other parties complied with the significant portions of the Plaintiff's demands although Honorable Jimm Larry Hendren invented "Dennis Factors" to prevent adding these other parties in spite of the intentions of the Federal Rules of CP. These other parties realize that they will be added upon appeal and limited their damages by ceasing to return nudes in searches for exclusively the Plaintiff's personal name.

An appeal of perpetually pending orders is not allowed but it does cause other parties to realize that the Plaintiff is completely incessant in this prosecution and will not cease until the Internet is as child friendly as movies and television. The Plaintiff has communicated with seven Supreme Court Clerks by telephone and another person from the Supreme Court that did not identify himself. Only one of the Supreme Court Clerks wanted to protect the predominance of pornography on wire communications but six others did not. The fact that an interlocutory appeal reached the Supreme Court impacted the parties protected only by "Dennis Factors".

The Plaintiff does not appreciate Jennifer H Doan Esq filing oppositions that violate the Code of Professional Conduct for attorneys in Arkansas and will now pursue these deceptions by Jennifer H Doan Esq as incessantly as the Plaintiff has pursued this litigation. The plaintiff will also pursue the violations of the intentions of the Federal Rules of CP and deceptive use of discretion by the Western District Court to arbitrarily deny motions. There appears to be no recourse other than appeals at this point and there is nothing further to be gained by delaying the final ruling. The arbitrary and incorrect denial of motions to amend and join parties has created appealable errors. The Plaintiff's primary purpose is currently the FCC beginning to rule wire communications. The wire communications will now be regulated by the FCC due to the results of this litigation regardless of how Honorable Jimm Larry Hendren rules.

While researching the Federal Rules of CP for rational that were purported to motivate the 'Dennis Factors" denials, the Plaintiff discovered Federal Rules of CP Rule 19 "Required Joinder of Parties" and realized that in contrast to the permissive joinder of Rule 20 these were required. There is almost no room for "Dennis Factors" or other discretionary rulings. If the supplemental complaint is not allowed and if the FCC is not added as a party, the Plaintiff will appeal denial to the Eighth Circuit but will then also appeal all interlocutory errors including the prejudicial dismissal of Network Solutions LLC who violated US Title 15 § 1125(d) during this very proceeding and efforts to amend that should have been motions for required joinder pursuant to Federal Rules of CP Rule 19.

The Plaintiff requests most respectively that Honorable Jimm Larry Hendren consider Federal Rules of CP Rule 19 that follows.
> (a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Plaintiff is determined to pursue this litigation until wire communications are no longer used primarily for trafficking in pornography to minors, judges, legislators and other anonymous parties as they are currently. Search engine content broadcasters are using the ruse of protecting free speech but are, in fact, protecting pornography. Google Inc fraudulently alleges only cataloging the Internet. Google Inc harvests content across the Internet and rebroadcast and sell it.

1. See <t0.gstatic.com/images?q=tbn:HPUwMzLwXkxBeM:>
2. See <t1.gstatic.com/images?q=tbn:tHLdXKv3KF7rhM:>
3. See <t3.gstatic.com/images?q=tbn:IPf35ZS2eGI6xM:>
4. See <t2.gstatic.com/images?q=tbn:xmzegLZO45ZMNM:>
5. See <t3.gstatic.com/images?q=tbn:_hmftS5UUBYe7M:>
6. See <t2.gstatic.com/images?q=tbn:j_b25PrCezz57M:>
7. See <t1.gstatic.com/images?q=tbn:KqH1Ka9Vnj7v4M:>
8. See <t0.gstatic.com/images?q=tbn:EePUXfFA6gnf9M:>
9. See <t0.gstatic.com/images?q=tbn:s3QMcWPed2CquM:>
10. See <t2.gstatic.com/images?q=tbn:7OheR7Ffo0uhuM:>
11. See <t3.gstatic.com/images?q=tbn:xgkzrYc-6P6bZM:>
12. See <t1.gstatic.com/images?q=tbn:3DK52DmXEThMRM:>
13. See <t2.gstatic.com/images?q=tbn:eOJGxuJZh4Ja_M:>
14. See <t3.gstatic.com/images?q=tbn:h3YLuGTeCEPhUM:>
15. See <t1.gstatic.com/images?q=tbn:4RCZviB3NAxt1M:>
16. See <t0.gstatic.com/images?q=tbn:JfC8w5NdjwKEbM:>
17. See <t3.gstatic.com/images?q=tbn:srDrbo3AAH_VYM: >

Google Inc uses deceptive ICANN INC contact data and controls <gstatic.com> and is therefore a **content provider**. The Un_Regu_Lated (URL) wire locations above 1-9 are original nudes created by the Plaintiff displayed from Google Inc servers and URL 10 is Michael Peven's erect penis photograph. URLs 11-17 are illicit pornographic photographs of Teri Weigel performing fellatio or posing with a penis. The Un_Regu_Lated (URL) wire locations above are content that is viewed from Google Inc servers **providing content and not providing "Internet Service"** as fraudulently stated in Docket 205 in violation of Rule 8.4 of the Rules of Professional Contact for attorneys in Arkansas by Jennifer H Doan Esq.

Whereas therefore herein the *pro se* Plaintiff prays that Honorable Jimm Larry Hendren recuse himself after allowing the supplemental complaint attached to Docket 199 and require each defendant to enter answers and especially Google Inc for republishing art scanned by Google Inc that was found in a library book in New York during this proceeding.  Due to the fact that the FCC is the only party who can halt indecent wire communications like created by the Plaintiff and since the FCC has mistakenly denied jurisdiction for regulation of wire communications, the Plaintiff asks that the FCC be joined due to the required joinder described in Federal Rules of CP Rule 19.  Plaintiff respectively pleads for any other relief the Court feels is warranted due to the frauds and deceptions entered in Docket 205 by Jennifer H Doan Esq.

Respectfully submitted by hand,

Curtis J. Neeley Jr., MFA

# CERTIFICATE OF SERVICE

I hereby certify that today I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from CM/ECF. The color PDFs that were printed from are accessible free to the public at <http://www.CurtisNeeley.com/5-09-cv-05151/Docket> immediately and perpetually by the end of the day.

## CurtisNeeley.com/5-09-cv-05151/Docket

/s/Curtis J Neeley Jr.
Curtis J Neeley Jr, MFA