UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| CURTIS J. NEELEY JR., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 09-5151 |
| | § | |
| NAMEMEDIA, INC., NETWORK | § | |
| SOLUTIONS, INC., GOOGLE INC. | § | |
| | § | |
| DEFENDANT | § | |

## GOOGLE INC'S RESPONSE TO PLAINTIFF'S FINAL BRIEF SUPPORTING MOTION FOR DOCKET 184 PRELIMINARY INJUNCTION

Google Inc. ("Google") opposes Mr. Neeley's request for any injunction against Google as detailed in Google's response in opposition (Dkt. No. 205). Mr. Neeley's additional "briefing" (Dkt. Nos. 206 and 207) and recent flurry of emails and internet blog posts (attached hereto as Exhibit 1)[1], however, raise several new arguments, which are addressed below.

First, Mr. Neeley claims that Google misrepresents the content of his blog and changed text on his blog to create a link. This is not true. Exhibit A to Docket Number 205 correctly displays that Mr. Neeley himself created the link to the vampandtramp.com website on which Mr. Peven's work appears. Indeed, the Vamp and Tramp website address is referenced twice in the August 6, 2010 post to Mr. Neeley's public blog, which was attached to Docket Number 205 as Exhibit A. Mr. Neeley seems to dispute whether a direct hyperlink to http://www.vampandtramp.com/finepress/p/primitive-manmade-blueL.jpg was on the original blog post; however, the fact remains that the address was entered on his personal blog which

---

[1] Exhibit 1, attached hereto, encompasses an e-mail sent November 7, 2010, November 9, 2010*, two emails sent November 10, 2010 (one of which is posted on Mr. Neeley's blog), two emails sent November 14, 2010*, November 15, 2010*, November 21, 2010*, and two emails sent November 22, 2010*. The emails with the asterisk are also posted on the internet to Mr. Neeley's blog (http://open.salon.com/blog/curtisneeley); however only one email dated November 10, 2010 is posted to Mr. Neeley's blog.

**GOOGLE INC.'S RESPONSE TO FINAL BRIEF FOR PRELIMINARY INJUNCTION** – Page 1

associates Mr. Neeley and Mr. Peven's work for the purpose of a search. The fact that the addresses were located in relationship to the search terms "Curtis Neeley" is what created the relevancy of Mr. Neeley's name to Mr. Peven's work for the purpose of a search return. That is the issue – not whether the link was "live."

Further, Google did not change any of the text on Mr. Neeley's blog in Exhibit A to create a link and deceive the Court. Mr. Neeley's entire blog was converted by Adobe Acrobat to a PDF in order to be properly attached to Dkt. No. 205. The User's Manual for the Western District of Arkansas CM/ECF System requires that all documents be converted to PDF format before filing them with the Court. Whether or not the conversion to PDF, as required by the Court, caused the link to become "live" is irrelevant. The correlation between Mr. Neeley and Mr. Peven's work still derives from Mr. Neeley's personal blog – that is something Google did not create or change.

Second, Mr. Neeley disputes that the Communications Decency Act applies to Google. Google, however, is protected under 47 U.S.C. § 230 of the Communications Decency Act as an internet services provider. Indeed, courts have held that claims similar to those asserted by Mr. Neeley against Google are barred by 47 U.S.C. § 230. *See, e.g.*, *Parker v. Google, Inc.*, 242 Fed. Appx. 833, 837 (3rd Cir. 2007) (barring the plaintiff's claims for defamation, invasion of privacy and negligence arising out of allegations that Google failed to address harmful content posted by others). *See also, Goddard v. Google,* 640 F. Supp. 2d 1193 (N.D. Cal. 2009) (Google, as an internet service provider, is immune to state law claims such as defamation). Mr. Neeley's asserted claim of either "defamation" or "outrage" based on Mr. Peven's work cannot be brought against the search engine, in this case Google, for locating that work.

Third, Mr. Neeley has taken out of context the fact that Mr. Peven's work is not located on Google's servers as the publisher of the content. Google is not the publisher or provider of Mr. Peven's work. Although the images displayed as the result of a Google Images search are indexed through a Google server in order to provide search results to the public, the association of Mr. Peven's work with the search terms "Curtis Neeley" was not the product of the image

being located on a Google server.  Mr. Peven's work was published by a third-party and appears as part of a web based advertisement for Vamp and Tramp Booksellers.  Further, Mr. Neeley created the relationship between his name and Mr. Peven's work through writings on his own blog.

Finally, Mr. Neeley insists that the counsel for Google has violated the codes of professional conduct and should be sanctioned and/or grieved.  These threats, however, are based upon either a misreading or misunderstanding of the arguments asserted in Docket Number 205.  Counsel for Google responded to Mr. Neeley's concerns in a letter dated November 23, 2010 (attached hereto as Exhibit 2).  Nevertheless, if this Court believes that additional explanation is required, Google will certainly respond.

For all the reasons stated herein, as well as the multiple additional grounds set forth in Google's response in opposition to Mr. Neeley's motion seeking a preliminary injunction (Dkt. No. 205), Mr. Neeley's motion for a preliminary injunction against Google should be denied.

Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer H. Doan
Arkansas Bar No. 96063
Joshua R. Thane
Arkansas Bar No. 2008075
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  jthane@haltomdoan.com

Michael H. Page
Durie Tangri, LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone: 415-362-6666
Email: mpage@durietangri.com

**ATTORNEYS FOR DEFENDANT GOOGLE INC.**

## CERTIFICATE OF SERVICE

I, Joshua R. Thane, hereby certify that on November 24, 2010, I electronically filed the foregoing GOOGLE INC'S RESPONSE TO FINAL BRIEF SUPPORTING MOTION FOR DOCKET 184 PRELIMINARY INJUNCTION with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following list:

H. William Allen
Brooks White
Allen Law Firm, P.C.
212 Center Street
Ninth Floor
Little Rock, AR 72201

and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants:

Curtis J. Neeley, Jr.
2619 N. Quality Lane
Apartment 123
Fayetteville, AR 72703

/s/ Jennifer H. Doan
Jennifer H. Doan

**GOOGLE INC.'S RESPONSE TO FINAL BRIEF FOR PRELIMINARY INJUNCTION – Page 4**