U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 27 2010

CHRIS R. JOHNSON, Clerk
By
  Deputy Clerk

# IN THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF ARKANSAS

Curtis J Neeley Jr., MFA

v.

CASE NO. 5:09~cv~05151

NameMedia Inc.
Google Inc.

# OBJECTION TO REPORT AND RECOMMENDATION OF DOCKET 225

The severely brain injured, pro se Plaintiff would like to RESPECTFULLY enter this concise objection to the report and recommendation of Honorable Erin L Setser. The report and recommendation described the hearing of December 6, 2011 for the rational the magistrate judge recommending that Honorable Jimm Larry Hendren deny the motion for a preliminary injunction of Docket 184 in Docket 225 as is described concisely using simple language as follows:

## A. Referral was contrary to law.

District Court Judges may refer many and <u>ALMOST</u> any pending pretrial matter to a magistrate judge according to US Title 28 § 636(b)(1) as follows:

(1) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, **except a motion for injunctive relief**, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

The District Court may appoint a magistrate judge according to US Title 28 § 636(b)(1) to consider many motions **besides** a Motion for Injunctive Relief as can be seen above with underlining and bolding added to highlight the portion that makes the hearing of December 6, 2010 described in Docket 225 contrary to law and is sufficient reasoning for a new hearing before Honorable Jimm Larry Hendren before ruling on Docket 184. Besides this sufficient rational; The Plaintiff herein lists additional rational District Court Judge Honorable Jimm Larry Hendren could use to trigger a de novo review of Docket 184 as described in US Title 28 § 636(b)(1).

## B. Likelihood on the Merits Errors

Honorable Erin L Setser, the magistrate judge, felt the likelihood of success on the merits were unconvincing. In the "A. Likelihood on the Merits" section of the report Honorable Erin L Setser incorrectly applied US Title 47 § 230 that preempts Internet Service Providers (ISPs) from State claims.

Honorable Erin L Setser incorrectly believed the Defendant Google Inc claim of protection due to US Title 47 § 230 because the Plaintiff <u>allegedly</u> presented no evidence that Defendant Google Inc was not an ISP. The Plaintiff did not realize that the Docket 207 segment on page 5 titled "'<u>Internet Service Provider' is not what Google Inc is by any stretch of the words</u>" was not considered by Honorable Erin L Setser in addition to the attachment to Docket 207 that included a printout of a Defendant Google Inc Search for the terms "Internet Service Provider".

This printout revealed Defendant Google selling ads to numerous companies who are <u>actually</u> ISPs as well as providing numerous links to sources for the definition of the phrase "Internet Service Provider". The Plaintiff did not provide evidence that Google Inc is NOT a non-profit company but this is another true claim thought to be true enough for Honorable Erin L Setser to have not required additional evidence to accept. This could be compared to the assertion that two plus two is not five and would not also have needed evidence presented to determine to be true. Law is either logical or wrong as this case has been since the first use of "Dennis Factors".

The ruling by a solitary magistrate judge denied relief guaranteed for JURY decisions by the Seventh Amendment of the Constitution and especially when the magistrate judge accepted allegations by Defendant Google Inc Counselor Michael Henry Page Esq. that were *per se* untrue.

The first considered criteria stated to be a factor considered for a preliminary injunction gives the magistrate judge recommending rulings for a Motion for Preliminary Injunction the opportunity to exchange the robes of a US Judge for the robes of a King. Deciding if there is a probability of success while limiting the hearing to an appealable error denies rights granted to all United States citizens by the US Constitution that guarantees rulings decided by a JURY even though a preliminary injunction is <u>excluded</u> for referral to a magistrate judge by law to avoid accumulated errors from being propagated and accumulated like were done in Docket 225.

No jury on Earth could fail to recognize that Google Inc is not a ISP and no jury on Earth will allow "Dennis Factors" to exist and invalidate justice or the Seventh Amendment. The magistrate judge did not address this error directly but attempted to act as if allowing an existing injunctive relief claim and thereby correcting the error of "Dennis Factors" although predisposed to deny relief and then did recommended denial.

## C. Irreparable Harm Errors

The Plaintiff's rights to the integrity of art anchored in US Title 17 § 106A are the rights violated by each Defendant previously but now ceased by Defendant NAMEMEDIA INC. These rights are <u>independent of copyright registrations</u> and are rights of people that are irreparable the <u>instant</u> they are violated.

The Plaintiff's right to integrity regarding the manner in which art is displayed is a personal right that has existed in the US since the 1990 passage of the Visual Artists Rights Act and is a right that has not been adequately addressed by the courts in the following twenty-plus years. No magistrate judge committed to support an existing illogical denial of motions to amend could recognize that violated rights anchored in US Title 17 § 106A should now exist due to the Federal Rules of CP. This is why preliminary injunctions are excluded from referral to magistrate judges.

The Plaintiff's linking to a photograph or even uploading a photo in one context does not give Defendant Google Inc the right to defame the Plaintiff in a Google Inc Image Search for "Curtis Neeley" where Google Inc sells advertisements. Defendant Google Inc once immediately defamed the Plaintiff by displaying the "linked" erect penis photo and now defame the Plaintiff as a result of searches for the Plaintiff's personal name by displaying the original figurenude photos in another context that implies the Plaintiff wishes them to be shown to minors and Muslims as a result of exclusively name searches for "Curtis Neeley".

3

In addition to this, the Defense Counselor alleged incorrectly that ceasing display of nudes as a result of Plaintiff's personal name would require an "insane amount of effort" and continued with this incorrect claim and stated the search has no way of knowing a photograph is of a nude. Defendant Google Inc image search offers options to search for black and white or predominantly several different colors.

Defendant Google Inc search additionally offers options to return photos, line art, clip art, or faces. Defendant Google Inc Image Search offers options that are evidence that Defendant Google Inc is able to detect nude photos in addition to detecting faces, black and white or other types of content. The existing facts are contrary to the Michael Henry Page Esq. claim that the Google Inc search is not aware of the makeup of the photographs it copies to redisplay from their own servers as content harvested to then be provided by Google Inc while selling ads. This evidence is in the record as well as on every image search done at <images.google.com>.

It is insanely simple for a computer to determine if a photograph is a black and white nude photograph and the claim by Michael Henry Page Esq. is deceptive and incorrect. The Plaintiff has altered his online speech as ordered by Honorable Erin L Setser nevertheless. Still, the Plaintiff discovered a search string that could be included in all searches for "Curtis Neeley" that would result in child safe searches and included this in Docket 222 on the bottom of page #3 from lines roughly #13-21. This string was not "insanely hard" to discover by the severely brain injured Plaintiff. It was, in fact, tedious and simple and not difficult at all.

## C. Other Important Criteria not Addressed

Although the criterion were listed as (1) the threat of irreparable harm to the moving party; (2) the weight of this harm as compared to any injury an injunction would have on the other interested parties; (3) the probability that the moving party would have on the merits; and (4) the public interest, only the least important two were considered. Quoting from footnote #5 of the ruling in <u>Dataphase Systems, Inc., v. C L Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981)

"The controlling reason for the existence of the judicial power to issue a temporary injunction is that the court may thereby prevent such a change in the relations and conditions of persons and property as may result in irremediable injury to some of the parties before their claims can be investigated and adjudicated"

4

It appears to the Plaintiff that the rational for the existence of a preliminary injunction is to give judges the TEMPORARY power to prevent irreparable harm to the moving party and weigh this while considering the potential for damage on the moving party versus the other parties before the claim can be adjudicated by a jury.

Honorable Erin L Setser made a personal judgment on criteria in section (1) and rationalized that because the current conditions have existed for over two years that irreparable harm had already occurred if it would ever occur and then skipped the weight of the impact of an injunction and chose to imply that Honorable Erin L Setser's incorrect belief regarding the probability of success made consideration of the other two more important criteria not worth troubling with to support the predisposition to justify support of improper and appealable errors.

Defamation does irreparable harm to a person the instant that it occurs. It is *per se* not "insanely difficult", as Michael Henry Page Esq. alleged in error, to temporarily not return nudes for personal searches for "Curtis Neeley" and would cost Google Inc NOTHIING to implement for every search for the Plaintiff's personal name. This name not shared by innumerable people as claimed during the hearing in another error. There may be hundreds but even this is a number.

The impact on the public was not addressed but is EXTREMELY in favor of the Plaintiff due to the mass of the public opposed to EVERY display of the nude figure to minors. This one criteria was not considered by Honorable Erin L Setser in order to support error propagation for the District Court Judge Honorable Erin L Setser once clerked for.

## Conclusion

It has herein been shown that the magistrate judge's order is clearly erroneous. Besides being erroneous; This referral to a magistrate judge was contrary to the law despite no prior objections and required Honorable Erin L Setser to not consider facts and existing errors due rulings by a District Court Judge Honorable Erin L Setser once clerked for.

5

Plaintiff now objects to referral to a magistrate judge who was fixated on Plaintiff's inabilities to use tact due to a severe frontal lobe diffuse axonal traumatic brain injury and was consistent in decisions emphasizing the power of solitary judges to rule in spite of the jury decisions that are currently pending while predisposed to support existing errors.

Honorable Jimm Larry Hendren has already demonstrated fairness and jurisprudence and has told the Plaintiff that the reason the justice holding the scale on the court emblem is wearing a blindfold is that preference is not allowed and that a jury is the true source of justice.

During the December 6th hearing it was apparent that Honorable Erin L Setser was displeased with the Plaintiff's blunt and self-centered communications and the Plaintiff now objects to the recommendation and referral but will not again file an interlocutory appeal. Plaintiff has learned that an interlocutory appeal only delays the jury ruling and ultimate appeal.

Plaintiff has numerous grounds for an appeal but will not again delay a final ruling. Plaintiff prays that Honorable Jimm Larry Hendren order Defendant Google Inc to <u>TEMPORARILY</u> cease display of nudes in results of searches for "Curtis Neeley" regardless of where the Plaintiff has disclosed doing nudes in other venues by choice or has not. This objection is not an appeal and is only done to avoid waiving any rights. No district magistrate judge may be referred to for a pretrial decision for preliminary injunctive relief due to being predisposed to support denials of motions to amend and thereby propagating errors under the guise of justice. This is why motions for preliminary injunctions are not allowed referred to magistrate judges.

Honorable Erin L Setser alleged to have considered injunctive relief not in the allowed complaint to simply appear to support justice in what has now become an error filled proceeding that will only result in a completely new trial. The errors by Honorable Erin L Setser were one judge seeking rational to support existing errors while alleging to address them. Plaintiff prays for another hearing with Honorable Jimm Larry Hendren who demonstrated not being predisposed to support prior errors and will wear the blindfold of justice. No waiver of any rights to appeal findings of fact is desired and this litigation warrants a new trial for numerous errors and none are waived now whatsoever. Plaintiff will not again use unnecessary and improper adjectives like "elderly" and now asks Honorable Jimm Larry Hendren to respectfully conduct another hearing and address the preliminary injunctive claim and not be predisposed to support any prior errors and rule while not predisposed to a result as Plaintiff herein alleges Honorable Erin L Setser was on December 6th 2010. Plaintiff does not desire to waive any rights to appeal but does not wish to delay a final ruling that will then be appealed.

Respectfully submitted,

*[signature]*

Curtis J. Neeley Jr., MFA

# CERTIFICATE OF SERVICE

I hereby certify that today I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at <http://www.CurtisNeeley.com/5-09-cv-05151/Docket> immediately and perpetually by the end of the day.

**CurtisNeeley.com/5-09-cv-05151/Docket**

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA