**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**CURTIS J. NEELEY, Jr.**                                                 **PLAINTIFF**

**VS.**                       **CASE NO. 5:09-cv-05151-JLH**

**NAMEMEDIA, INC.;
and GOOGLE, INC.**                                        **DEFENDANTS**

**<u>SEPARATE DEFENDANT NAMEMEDIA'S RESPONSE TO
PLAINTIFF'S MOTION SEEKING LEAVE FOR INTERROGATORIES</u>**

Separate Defendant NameMedia, Inc. ("NameMedia"), for its Response to Plaintiffs' Motion for Interrogatories, states as follows:

Plaintiff purports to give three rationales as to why he should be allowed to propound interrogatories, above and beyond the 25 allowed by Rule 33, without leave of the Court. The first rationale appears to be that he wants to have certain individuals, including Google's CEO Eric Schmidt and NameMedia's Associate General Counsel Eric Schmidt, answer questions Plaintiff directs to them. Plaintiff apparently mistakenly believes that interrogatories under Rule 33 are a discovery tool by which a party can propound written questions to specific individuals. However, interrogatories are limited to parties to the litigation. *See Wright, Miller & Marcus*, *Federal Practice and Procedure*, Civil 2d §2171, *citing Waider v. Chicago, R.I. & P. Ry. Co.*, 10 F.R.D. 263 (1950) (not proper to address interrogatories to potential witnesses who were not parties to the litigation even though they were employed by a party). Therefore, this rationale is wholly without merit.

While NameMedia does not completely understand what Plaintiff is saying under "Rational II" of his brief in support, it appears that he is attempting to compel NameMedia to

- 1 -

agree to additional interrogatories by threatening to subpoena witnesses to trial. Aside from plaintiff's lack of understanding that he cannot subpoena witnesses located beyond the subpoena power of the Court, this is not a rationale for additional interrogatories; instead it appears to be a threat.

For his third rationale, Plaintiff states in an entirely conclusory fashion that he "has no intention to be unreasonable, inconvenient, or cause additional expense." Belying this statement, on multiple occasions Plaintiff has written emails to counsel for NameMedia unabashedly expressing his desire and intent that this litigation be financially onerous for NameMedia. NameMedia's counsel will not indulge Plaintiff's desire by searching through his email inbox to print off and attach these emails, but will do so if Plaintiff denies them in a reply. Moreover, Plaintiff has already propounded a set of interrogatories to NameMedia (attached hereto as Exhibit "A") containing almost entirely objectionable interrogatories. Several of the interrogatories ask NameMedia to engage in pure speculation regarding the "effects" or "results" which would ensue if a purely hypothetical situation not grounded in any facts established or existing in this litigation were to occur (see, e.g., Nos. 3 and 4). Another asks NameMedia to "justify" something (see No. 8), and the final interrogatory attempts to improperly compel four NameMedia employees to "explain their interaction with Plaintiff." Additionally, Plaintiff seeks to discover the wholly irrelevant information of how much NameMedia contributes to "politics or judges running for office." (see No. 9).

NameMedia has already incurred the expense of having to draft objections to Plaintiff's first set of twelve mostly-objectionable interrogatories. There is no reason to believe that with his request to propound up to 100 interrogatories, Plaintiff will not submit anything except over

eight-fold of the same thing.  For these reasons, NameMedia requests that Plaintiff's motion be

denied.

Respectfully submitted,

H. WILLIAM ALLEN (ABN 69001)
BROOKS C. WHITE (ABN 2000093)
ALLEN LAW FIRM
A Professional Corporation
212 Center Street, 9th Floor
Little Rock, AR 72201
(501) 374-7100
hwallen@allenlawfirmpc.com
kmlemley@allenlawfirmpc.com

By: /s/ H. William Allen
    H. William Allen

By: /s/ Brooks C. White
    Brooks C. White

Attorneys for Separate Defendant NameMedia, Inc.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of January, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorneys of record:

Michael H. Page
Durie Tangri, LLP
217 Leidesdorff Street
San Francisco, CA 94111
mpage@durietangri.com

Jennifer H. Doan
jdoan@haltomdoan.com
Joshua R. Thane
jthane@haltomdoan.com
Haltom & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503


I hereby certify that, on this 21st day of January, 2011, I mailed a copy of the foregoing to the following *pro se* plaintiff:

Mr. Curtis J. Neeley, Jr.
2619 N. Quality Lane, Apt. 123
Fayetteville, AR 72703


/s/ Brooks C. White_____
Brooks C. White