```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**CURTIS J. NEELEY, JR.**                                          PLAINTIFF

      v.      Civil No. 09-5151

**NAMEMEDIA, INC., NETWORK
SOLUTIONS, INC.; and
GOOGLE, INC.**                                                    DEFENDANTS

<u>O R D E R</u>

Now on this 31st day of January, 2011, come on for consideration the following:

    \*   plaintiff's **Motion For Search Engine Party Injunction** (document #184);

    \*   **Magistrate Judge's Report And Recommendation** with regard thereto (document #225);

    \*   plaintiff's **Objection To Report And Recommendation Of Docket 225** (document #226);

    \*   **Google Inc.'s Response In Opposition To Plaintiff's Objection To Report And Recommendation Of Docket 225** (document #229); and

    \*   plaintiff's **Supplement To Objection To Report And Recommendation By Honorable Erin L. Setser From The December 6th Hearing Regarding Docket 184** (document #232),

and from said documents, and other matters and things appearing, the Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff Curtis Neeley ("Neeley") alleges trademark rights in two internet domain names, <u>eartheye.com</u> and

sleepspot.com.  He alleges that NameMedia, Inc. (NameMedia) registered these domain names in bad faith, and licensed them to Google, Inc. ("Google") in violation of the anti-cybersquatting provisions of **15 U.S.C. § 1125(d)**.  He further alleges that NameMedia and Google conspired to cybersquat the two domain names, and to violate his trademark rights in these domain names.[1] He also alleges a claim for intentional infliction of emotional distress (also known as "outrage") under Arkansas law.

    2.  Neeley's outrage claim is based on allegations that NameMedia and Google have conspired to allow, and are currently allowing, minors access to nude photographs taken by Neeley, while contending that such access was allowed by Neeley himself.

    Neeley moved for injunctive relief against Google, Inc.; Yahoo, Inc.; Microsoft Corporation; and IAC/InterActiveCorp, to-wit, that they:

> be ordered not to allow nude photos to be returned when image searches include the terms "Curtis" or "Neeley" regardless of other terms entered unless entering user is known to be an adult and not a Muslim.

    3.   This motion was denied as to Yahoo, Inc.; Microsoft Corporation; and IAC/InterActiveCorp, those entities not being parties.  The motion as to Google was referred to United States Magistrate Judge Erin L. Setser for report and recommendation, pursuant to **28 U.S.C. § 636(b)(1)(B)**.

    4.   Judge Setser conducted a hearing on the motion, and filed

---

[1] Neeley's claims against defendant Network Solutions, Inc., were dismissed with prejudice on May 20, 2010.

a Report And Recommendation, wherein she reports that Neeley's request for injunctive relief is not supported by his pleadings, and is subject to denial for that reason alone.

Notwithstanding that barrier to relief, Judge Setser further analyzed Neeley's claim for injunctive under the criteria set out in **Dataphase Systems, Inc. v. C.L. Systems, Inc.**, **640 F.2d 109 (8th Cir. 1981),** and recommended that his claim be denied on the merits.

Judge Setser reported that the photos in question were taken by Neeley, were uploaded to the internet by Neeley, and are accessible on sites other than Google because of actions taken by Neeley. She reported that Neeley conceded that he could remove the photographs himself, but had chosen not to do so. She concluded that Neeley could not show irreparable harm.

Judge Setser then outlined the elements of a claim of outrage under Arkansas law, as set out in **Rees v. Smith**, **2009 Ark. 169, 301 S.W.3d 467 (Ark. 2009),** and concluded that there is little likelihood that Neeley could succeed on such a claim.

Judge Setser further found merit in Google's contention that the outrage claim is preempted by the Communications Decency Act, **47 U.S.C. § 230.**

4.  The Court agrees with Judge Setser that the pending motion is subject to summary denial because it does not fall within Neeley's pleadings. It has, however, chosen to address the objections Neeley asserts to the Report And Recommendation.

5.  Neeley first objects that the referral of his motion to

Judge Setser was contrary to law.  He points out that **28 U.S.C. § 636(b)(1)(A)** allows a District Judge to designate a Magistrate Judge to "hear and determine" various pretrial matters, excepting others which include motions for injunctive relief.

Neeley overlooks **§ 636(b)(1)(B),** which allows designation of "any motion excepted in subparagraph (A)" to a Magistrate Judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations."  This matter was referred to Judge Setser pursuant to **§ 636(b)(1)(B).**  This objection is without merit, and will be overruled.

(b)  Neeley next objects to the finding that he failed to present evidence that Google is not an Internet Service Provider.  He refers to allegations in document #207, as well as attachments thereto.

Document #207 is a brief in support of Neeley's Motion For Search Engine Party Injunction.  As such, it provides no evidence of anything.  A brief is a presentation of authorities and argument in support of a legal position.  Nor are there any exhibits to document #207.  This objection is without merit, and will be overruled.

(c)  Neeley next objects to the finding that he has not sustained irreparable harm.  He contends that his rights arise under **17 U.S.C. § 106A**, and are "irreparable the <u>instant</u> they are violated."  (Emphasis in original.) The right Neeley appears to be

-4-

referring to is the right of an author "to prevent the use of his or her name as the author of any work of visual art which he or she did not create."  **17 U.S.C. § 106A(a)(1)(B).**

The Court is not persuaded that Neeley can show any irreparable harm from the fact - if it is a fact - that a Google search for "Curtis Neeley nude photos" brings up nude photographs that Neeley did not take.  In the screen shots exhibited by Neeley to document #232, each photo has its own separate attribution. This objection is without merit, and will be overruled.

(d) Neeley also objects to various statements made by counsel for Google at the hearing conducted by Judge Setser.  Primarily, he objects to the statement that it would require "an insane amount of effort" to cease displaying nude images when a search includes his name.  His reasoning is that it is possible to construct a "search string" that would "result in child safe searches."  Such a "string search" is said to be stated in document #222, on page 3.

This objection appears to relate to the second factor of the **Dataphase** test, *i.e.*, the balance between harm to the moving party if an injunction is not granted, and harm to the responding party if it is.  Neeley's position seems to be that it would be less harmful for Google to have to take steps to prevent his nude photographs from appearing in response to a search of "Curtis Neeley nude photos," than for him to have to take them down from his blog site.

Neeley couches the harm to himself in terms of infringing on

his freedom of expression, while ignoring the First Amendment issues that might arise if Google were to censor content for defined groups of users. The Court is not persuaded that the balance of harms tips in favor of Neeley, and thus this objection is without merit.

(e)  Neeley objects that Judge Setser failed to consider the balance of harms and the public interest after finding little probability of success on the merits and no irreparable harm.  He contends that the criteria considered by Judge Setser were the "least important two."

As can be seen in subparagraph (e), the balance of harm does not weigh in favor of Neeley.  Moreover, "the absence of a finding of irreparable injury is alone sufficient ground for vacating [a] preliminary injunction." **Dataphase**, *supra*, **640 F.2d at 114, fn. 9.** Thus, this objection is without merit.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #225) is **adopted *in toto***, and plaintiff's **Objection To Report And Recommendation Of Docket 225** (document #226) is **overruled.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Search Engine Party Injunction** (docket entry #184) is **denied.**

**IT IS SO ORDERED.**

                                    /s/ Jimm Larry Hendren
                                    **JIMM LARRY HENDREN**
                                    **UNITED STATES DISTRICT JUDGE**