UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| CURTIS J. NEELEY JR., | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 09-5151 |
| | § | |
| NAMEMEDIA, INC., NETWORK | § | |
| SOLUTIONS, INC., GOOGLE INC. | § | |
| | § | |
| DEFENDANT | § | |

## GOOGLE INC.'S BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

There are two, and only two, pending claims against Google in this action.[1]  *First*, Mr. Neeley alleges that NameMedia infringed his purported trademarks by improperly registering (or "cybersquatting") two domain names over which he claims trademark rights: eartheye.com and sleepspot.com.  This Court has already dismissed Mr. Neeley's direct and contributory cybersquatting claims against Google (Dkt. No. 97 at 12-15), holding that only NameMedia can be directly liable as the registrant of those domains, but left in place a "conspiracy to cybersquat" claim against Google, based on Plaintiff's allegation that Google conspired with NameMedia to infringe his trademark rights by registering the domains at issue.  *Second*, Mr. Neeley asserts a claim, variously denominated "defamation" or "outrage," against Google, as a result of Google

---

[1] Dkt. No. 225, Magistrate Judges' Report and Recommendations at 1 ("The parties agreed that there are two claims remaining against Defendant Google, Inc.—one for trademark violations and one for the state law claim of outrage, based upon Defendants allegedly allowing minors access to photographs that are attributable to Plaintiff . . . ."); Dkt. No. 233, Order adopting *in toto* Magistrate Judge's Report and Recommendations.

**GOOGLE INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT – Page 1**

providing links to Mr. Neeley's own nude photographs, posted to the internet by Mr. Neeley himself.

Neither of these claims bears merit, and both should be summarily adjudicated in Google's favor based on undisputed facts. The "conspiracy to cybersquat" trademark claim is unsupported by any evidence: Mr. Neeley cannot identify any agreement between Google and NameMedia to infringe his purported trademarks, much less any act in furtherance of that alleged conspiracy. This is not, moreover, a simple failure of proof, but rather a logical impossibility. Mr. Neeley alleges that the underlying offense—NameMedia's registration of the two domain names—occurred in 2003. But Google cannot have conspired with NameMedia to commit this imagined offense, because NameMedia did not begin doing business of any sort with Google until 2007, more than three years *after* NameMedia's alleged offense. One cannot conspire backward in time.

The "outrage" or "defamation" claim fares no better. There are myriad flaws with this claim on its merits, including the idea that Mr. Neeley could be defamed by the truthful identification of his own works as his, regardless whether—as he claims—those works would cause offense to minors and Muslims. But the Court need not reach those issues, because any state law claim against a search engine such as Google, including defamation or outrage, is preempted by the Communications Decency Act. As a matter of controlling Federal law Google cannot be treated as the "speaker" of the allegedly offensive photographs for the purposes of any state law claims.

## II. LEGAL STANDARD

Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences,

**GOOGLE INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT – Page 2**

shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Blair v. World Tropics Prods.*, 502 F. Supp. 2d 828, 830 (W.D. Ark. 2007).

### III. ARGUMENT

#### A. Google Cannot Have Conspired With NameMedia

In order to prove conspiracy, Mr. Neeley would have to establish five elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *American Home Mortgage Corp. v. Brown Appraisal Serv. et al.,* No. 06-cv-6073, 2007 U.S. Dist. LEXIS 16379, at *11 (W.D. Ark. 2007) citing *Lane v. Chowning*, 610 F.2d 1385, 1390 (8th Cir. 1979); *Mason v. Funderburk*, 247 Ark. 521, 446 S.W.2d 543 (1969)). A civil conspiracy requires an *agreement* to commit the complained of act. *Foster v. Boch Indus.*, No. 08-cv-5093, 2009 U.S. Dist. LEXIS 15185, at *13-14 (W.D. Ark. 2009). Mere allegations of conspiracy, without evidence of contact (let alone agreement), cannot suffice. *Chambers v. Stern*, 347 Ark. 395, 404-05, 64 S.W.3d 737, 743 (2002) ("Chambers has presented conclusions but has failed to show any direct or indirect evidence of a conspiracy.").

Mr. Neeley cannot carry that burden. His claim against NameMedia is that, in 2003, NameMedia violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d) ("ACPA") by registering two domain names over which Mr. Neeley claims trademark rights. That underlying claim is specious at best: there is no evidence that Mr. Neeley ever used either of those domain names in commerce or otherwise established any trademark rights over them, or that NameMedia acted with the requisite bad faith in registering them. But what is undisputed, based on Mr. Neeley's own pleadings and prior statement of undisputed facts, is that

NameMedia is alleged to have committed those wrongs in 2003.  Dkt. No. 52, List of Undisputable Facts With No Issue To Be Tried, at 7 ("July 02, 2003 NAMEMEDIA INC registered . . . eartheye.com"); *id.* at 8 ("October 15, 2003 NAMEMEDIA INC registered . . . SleepSpot.com").

What is also undisputed, however, is that NameMedia and Google had no relationship whatsoever in 2003.  As set forth in the accompanying declaration of Christine Lok, NameMedia first contracted with Google's AdSense for Domains more than *three years* later, in March 2007.  *See* Ex. 1, Declaration of Christine Lok, at ¶ 2 & Exs. B, C.  The first interaction of any sort between Google and NameMedia was the entry of a nondisclosure agreement in advance of beginning negotiations for their first contract in November 2006.  *Id.,* Ex. A.  And the first time *anyone* placed Google ads on *either* domain was also in 2006.  *Id.*, at ¶ 5 & Ex. D.  At the time the *only* alleged acts of cybersquatting occurred—2003—Google had no involvement with *either* NameMedia *or* Mr. Neeley.  *A fortiori*, it is simply impossible for Google to have conspired with NameMedia to register the domains at issue.

      **B.**      **Mr. Neeley's "Defamation" or "Outrage" Claim is Preempted**

Mr. Neeley's other surviving claim against Google is that "NameMedia and Google have conspired to allow, and are currently allowing, minors access to nude photographs taken by Neeley, while contending that such access was allowed by Neeley himself."  Dkt. No. 124, Order, at 3.  Neeley claims that Google, simply by providing search results that include the various images that Neeley himself posted to the internet, is somehow defaming him, or creating "outrage" by making Neeley's own works more readily available to Muslims and minors.[2]

---

[2] Mr. Neeley also complains about a photograph by Michael Peven that was linked to his name as a result of his own actions (placing links to the photo on his own blog).  As Magistrate Judge Setser noted (and as adopted by this Court in Dkt. 233), that claim is not actually in the case, despite Mr. Neeley's attempts to

There are endless problems with this theory: If Mr. Neeley's work somehow offends children and Muslims (and Google neither contends nor thinks they do), then the children and Muslims should be the plaintiffs, and Mr. Neeley the defendant. It is Mr. Neeley, after all, who created the works and posted them to the internet for all to see. Mr. Neeley apparently now regrets that decision and is embarrassed that his own children can learn that he took the photographs. But that fact, regardless whether it now embarrasses him, is nonetheless a *fact*: Mr. Neeley accuses Google of nothing more than *correctly* identifying him as the author of his own works. A defamation claim cannot be based on a truthful statement.

Neither can the simple indexing of Mr. Neeley's own work come anywhere close to meeting the stringent requirements for a claim of outrage (otherwise referred to as intentional infliction of emotional distress). As this Court explained in rejecting an outrage claim arising from publication of photos of the plaintiff participating in a "condom-fitting contest":

> For the claim for intentional infliction of emotional distress, or outrage, the Plaintiff must prove: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe [**14] that no reasonable person could be expected to endure it. *See Crockett v. Essex*, 341 Ark. 558 (2000)(Court denied outrage claim where funeral director hurried family members through a funeral service, behaved rudely, and drove over graves and gravestones). The Arkansas Supreme Court has stated that it gives a very narrow view of the tort of outrage, and that it requires clear-cut proof to establish the elements in outrage cases. *See Croom v. Younts*, 323 Ark. 95, 913 S.W.2d 283 (1996). "**Merely describing the conduct as outrageous does not make it so . . . .**" *Id.* . . . "Certainly no jury could find that the minor distress, or embarrassment, described by Plaintiff was the kind no reasonable person could be expected to endure."

---

amend it in "nine ways from Sunday." Dkt. No. 225 at 2. Moreover, even if it were, either Mr. Peven (who took the photo) or Mr. Neeley (who linked to it) would be the "speaker" for defamation and Section 230 purposes, not Google. *Id.* at 4-5. "[I]t was not Google, Inc. who placed the pictures in question on the web in the first place, and thus, it cannot be said that any actions by Google, Inc. are the cause of Plaintiff's emotional distress." *Id.* at 5.

**GOOGLE INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT – Page 5**

*Stanley v. General Media Comm'ns, Inc*., 149 F. Supp. 2d 701, 708 (W.D. Ark. 2001) (emphasis added); *see also Carthron v. Morrison*, No. 09-cv-6036 2009 U.S. LEXIS 83841, at *10 (W.D. Ark. 2009), *affid*, 372 Fed. Appx. 690 (8th Cir. 2010) ("Arkansas takes a narrow view of outrage, and describing conduct as outrageous does not make it so.").

Thus Mr. Neeley's "defamation" or "outrage" claim fails on the merits. But the Court need not reach those merits, as the claim fails for a far simpler and inescapable reason: it is a state law claim against a search engine, and is thus preempted by federal law. The Communications Decency Act, 47 U.S.C. §230(c)(1), provides that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." As numerous cases have consistently held, this immunity extends to all manner of interactive computer services, including specifically Google. *See Parker v. Google, Inc.,* 242 Fed. Appx. 833, 837 (3rd Cir. 2007) (barring plaintiff's claims for defamation, invasion of privacy and negligence arising out of allegations that Google failed to address harmful content posted by others); *Goddard v. Google*, 640 F. Supp. 2d 1193 (N.D. Cal. 2009) (Google, as an internet service provider, is immune to state law claims such as defamation); *see also Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir. 2010) (holding that the Communication Decency Act provides online service providers with federal immunity against state tort defamation); *Zeran v. America Online, Inc.,* 129 F.3d 327 (4th Cir. 1997)(affirming district court's finding that § 230 immunizes computer service providers from liability for information that originated from a third party) .[3]

---

[3] This issue has already been before the Court in this case, in connection with Mr. Neeley's Motion for Preliminary Injunction. Magistrate Judge Setser's Report and Recommendations , which was adopted *in toto* by this Court [Dkt. No. 233], correctly concluded that Google is immune from Mr. Neeley's state law claims. *See* Dkt. No. 225 at 6 ("The Court believes that Plaintiff has failed to present any evidence that Google Inc. was anything other than an internet service provider in this matter, and accordingly, his state law claim of outrage against Google would be preempted, pursuant to 47 U.S.C. §230(c)(1).")

This is not a close case. Rather, it is the most basic, noncontroversial CDA immunity. Google had no role in creating Mr. Neeley's photographs, or in publishing them to the internet. Its sole function is as a search engine, enabling users to locate information created and published by others. As the CDA unequivocally states, Google is not the "speaker" of the works at issue and cannot be held liable under any state law claim including defamation, outrage, or infliction of emotional distress.

## IV.  CONCLUSION

It is time for Mr. Neeley's continued tirade to be put to rest. Mr. Neeley's two remaining claims against Google fail on the merits, as a matter of undisputed fact and law. Google respectfully requests that this Court enter summary judgment in its favor.

Respectfully submitted,

/s/ Joshua R. Thane
Jennifer H. Doan
Arkansas Bar No. 96063
Joshua R. Thane
Arkansas Bar No. 2008075
HALTOM & DOAN
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  jthane@haltomdoan.com

>Michael H. Page
>Durie Tangri, LLP
>217 Leidesdorff Street
>San Francisco, CA  94111
>Telephone: 415-362-6666
>Email: mpage@durietangri.com
>
>**ATTORNEYS FOR DEFENDANT GOOGLE INC.**

### CERTIFICATE OF SERVICE

I, Joshua R. Thane, hereby certify that on January31, 2011, I electronically filed the foregoing GOOGLE INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following list:

>H. William Allen
>Brooks White
>Allen Law Firm, P.C.
>212 Center Street
>Ninth floor
>Little Rock, Arkansas 72201

and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants:

>Curtis J. Neeley, Jr.
>2619 N. Quality Lane
>Apartment 123
>Fayetteville, AR 72703

>/s/ Joshua R. Thane
>Joshua R. Thane