# IN THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF ARKANSAS

**Curtis J Neeley Jr., MFA**

v.

CASE NO. 5:09-cv-05151

**NameMedia Inc.**
**Google Inc.**

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR 17 2011
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

## Local Rule 7.3 Written Court Communication

The *pro se* Plaintiff appreciates the amount of time this Court has spent considering pending Summary Judgment Motion by Google Inc Dkt. 236 and Motion to Reconsider Dkt. 239 and the Opposition and "Cross" of Dkt. 241 along with their supporting briefs and oppositions by Google Inc to the "Cross" that NAMEMEDIA INC did not oppose again although there is nothing substantively different since the prior opposition by NAMEMEDIA INC of Dkt 155.

Prior to the Visual Artist Rights Act of 1990; ¶ "(c)" from page 9 of Dkt. 125 would not have been patently wrong on its face and as legally absurd as it reads currently. The Plaintiff still refuses to ever register "copyrites" and now also refuses to use the term "copyrite" with the spelling that is disparaging until it is recognized as a fundamental "human right" and not a "rite" for regulating copies. This paragraph caused the Plaintiff to question the soundness of the mind of Honorable Jimm Larry Hendren and use improper words previously.

> (c) The next 5 pages are devoted to allegations regarding copyright. Given that Neeley refuses to register his copyright, there would be no purpose served by allowing any amendment to allege copyright violations.

The Plaintiff apparently wasted five pages regarding US Title 17. Honorable Jimm Larry Hendren advised the Plaintiff in the December 9th hearing that, *"words have meaning"*, and yet five pages of words had *"no purpose"*. Honorable Jimm Larry Hendren will realize moral rights to preserve integrity of visual art or recognize that "copyrites" no longer require registration anymore than "free speech registrations" are needed to allow free speech.

If Honorable Jimm Larry Hendren does not recognize this fact, the Supreme Court will give Honorable Jimm Larry Hendren remedial instruction if the Eighth Circuit does not first.

The Plaintiff will not settle short of presenting "copyrites" to a JURY. The Plaintiff will file another interlocutory appeal if the moral right to defend INTEGRITY of visual art is not allowed added in a provisional replacement complaint or adding US Title 17 § 106A claims and claims of nonfeasance resulting in wire communications of indecency by the Federal Communications Commission. An interlocutory appeal will be done as a pauper regardless of each Defendant's prior objections. The Federal Communications Commission is aware of this litigation as is the staff of Arkansas Senator Mark Pryor. Wire communications decency will be the end results of this litigation regardless of whether it resolves first in the Western District of Arkansas or the United States Supreme Court.

The United States' excuse for "copyrites" is pending before the Southern District of New York in *The Authors Guild, et al v Google Inc*, (1:2005-cv-18436). The United States' excuse for "copyrites" is also pending before Southern District of New York with Honorable Denny Chin in *The American Society of Media Photographers, Inc. et al v. Google, Inc.*, (1:2010-cv-02977). The Plaintiff has opposed the (1:2005-cv-18436) class action conspiracy in (1:2009-cv-05151) in Dkt 73 Exhibit #1 labeled CHIN. The Department of Justice has objected initially to the conspiracy called a settlement and objected again to the revised conspiracy called a revised settlement. The United States' excuse for "copyrites" is the rational that all radically profitable "search engines" developed in the United States. When (1:2005-cv-18436), (1:2010-cv-02977), and the litigation ongoing in (1:2009-cv-05151) are resolved, Defendant Google Inc will no longer exist except as a footnote in the history of wire communications.

This communication is served on all parties and is not a motion or a brief and advises the Court that discovery answers reveal that NAMEMEDIA INC will soon seek Summary Judgment or dismissal of the "outrage" claim that this Court recognized from the US Title 17 § 106A claims the Plaintiff believes were brought initially. The Federal Communications Commission can be ready by the existing trial date. Unless questions regarding US Title 17 § 106A claims are allowed and addressed in discovery, this litigation will not be ready by July.

The severely brain damaged Plaintiff has received mostly objections due to the fact that the initial "copyrites" claims were dismissed without prejudice but were dismissed as is contrary to law.

The "copyrite" claims are the most important to the Plaintiff and yet the "cybersquatting" by the Defendants will also be pursued relentlessly. The persistence of the Plaintiff can be seen demonstrated in Dkt. 58 Exhibit 29 and Dkt. 60 Exhibit 30 that are both labeled STSFR and are illegible as scanned by the Court Clerks. The Plaintiff was not supposed to live when the respirators were removed and was expected to be bedridden and unable to get out of bed. The Exhibit labeled STSFR depicts the Plaintiff retrieving a Hoyer lift, lifting himself and hanging in the Hoyer lift, moving to an adjacent room, and then lowering into a wheelchair. This Exhibit can be seen better on the Plaintiff's Docket mirror as can almost every exhibit in this action. This mirror can be seen at www.curtisneeley.com/5-09-cv-05151/Docket/index.htm. The Un-Regulated wire communications Location (URL) of the Exhibit STSFR follows.

www.curtisneeley.com/NameMedia/docketPDFs/STFSR.pdf

This litigation will have more impact on Wire Communications now called the Internet to promote pornography than anything since electricity was harnessed. This communication is not a responsive motion to be opposed and does not seek anything but advises the Court and Defendants that the Plaintiff will file an interlocutory appeal if the United States' excuse for "copyrites" is not allowed to be addressed and if the Federal Communications Commission is not allowed added. The Federal Communications Commission does not need additional time and all parties have been aware of the "copyrite" claims since this action started and both Defendants refuse to address these unrecognized claims in discovery. This communication is entered because as Honorable Jimm Larry Hendren stated in the December hearing, "words have meaning", and particularly the word "copyrite" to describe the United States' unprotected personal rights.

Respectfully,

Curtis J. Neeley Jr., MFA

# CERTIFICATE OF SERVICE

I hereby certify that July 19, 2010 I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at the following.

## <CurtisNeeley.com/5-09-cv-05151/Docket>

Contrary to the mutilated printed exhibits scanned illegibly by the United States Court Clerks, the print quality files are available immediately and perpetually by the end of the day for free.
The Court is invited to view the superior exhibits files there.

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA