# IN THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF ARKANSAS

**Curtis J Neeley Jr., MFA**

v.

CASE NO. 5:09-cv-05151

**NameMedia Inc.**
**Google Inc.**

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 29 2011

CHRIS R. JOHNSON, CLERK
BY
    DEPUTY CLERK

## March 29, 2011 Brief Supporting Docket 239

United States' Courts have demonstrated a consistent inability to address wire communication called the Internet and this Supplemental Brief explains why the Federal Communications Commission is R E Q U I R ED as an added Defendant in order to permit justice.

1.  Google Inc alleged in an error of law citing two cases that involved text being attributed to a third party creator instead of visual art being attributed to the visual artist correctly and thereby violating US Title 17 § 106A rights to exclusively control the I N T E G R I T Y of original visual art.

2.  Besides this obvious error in law, wherein apples were used to describe fruit when the fruit being actually described was an orange; there exists fundamental errors in the obedience of the "Communications Act of 1934" as amended to this date by the Federal Communications Commission.

3.  Wire communications of *"image[s], or other communication that, in context, depicts or describes, in terms patently offensive as measured by contemporary community standards, sexual or excretory activities or organs"*[1] have noted *"context"*[2] is statutorily relevant.

---

[1] SEC. 223. [47 U.S.C. 223] OBSCENE OR HARASSING TELEPHONE CALLS IN THE DISTRICT OF COLUMBIA OR IN INTERSTATE OR FOREIGN COMMUNICATIONS. Quoted from paragraph (d)

[2] Context is critical to preservation of the integrity of visual art and registration is not required in even the backward United States since 1990 passage of VARA or US Title 17 § 106A contrary to the Defendant Google Inc tired "fair use" claim.

4. Wire communications is defined accurately in US Title 47 § 153 ¶ 52 as follows.

> *(52) Wire communication*
> *The term "wire communication" or "communication by wire" means the transmission of writing, signs, signals, pictures, and sounds of all kinds by aid of wire, cable, or other like connection between the points of origin and reception of such transmission, including all instrumentalities, facilities, apparatus, and services (among other things, the receipt, forwarding, and delivery of communications) incidental to such transmission.*

5. Despite the popularity of wireless Internet, the devices are all connected to power lines whether only for charging of the batteries or attaching to broadband via an Internet Service Providers often called by the acronym of ISP. This acronym perhaps helped create the wire line for pornography now called the Internet. Google Inc has repeatedly claimed to be an "Online Service Provider" to entitle themselves to TITLE 47 § 230 (c) (1) that follows.

> *(c) Protection for "Good Samaritan" blocking and screening of offensive material*
> *(1) Treatment of publisher or speaker*
> *No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.*

6. Plaintiff in the action now before the Court is unable to comprehend how Defendant Google Inc managed to subvert the section Congress intended to protect *"blocking and screening offensive material"* into the Google Inc pornography trafficking permission slip as is counter to United States policy described in this exact section or §230 (b) as follows with **emphasis added**[3].

> **(b) Policy**
> It is the policy of the United States—
> (1) to promote the continued development of the <u>Internet **and** other interactive computer services</u> and other interactive media;
> (2) to preserve the vibrant and competitive free market that presently exists for the <u>Internet **and** other interactive computer services</u>, unfettered by Federal or State regulation;
> (3) <u>to encourage the development of technologies which maximize user control over what information is received by individuals, families, and schools who use the Internet **and** other interactive computer services</u>;
> (4) <u>to remove disincentives for the development and utilization of blocking and filtering technologies that empower parents to restrict their children's access to objectionable or inappropriate online material</u>; and
> (5) <u>to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of computer.</u>

---

[3] Emphasis is added to this otherwise ignored "US policy Statute" that is counter to Google Inc claims for §230

7.  The Plaintiff is unable to comprehend how Defendant Google Inc has consistently used the very section of Title 47 that is supposed to allow development of technologies empowering parents to restrict children's access to inappropriate online material to excuse Google Inc trafficking in pornography to both minors and Muslims.

8.  Common carrier is defined accurately in US Title 47 § 153 ¶ 10 as follows and Internet Service Providers (ISPs) are analogous to these and "**Online Service Provider**" is not mentioned anywhere in US Title 47. This creation by Defendant Google Inc was in order to subvert §230.

> (10) Common carrier
> The term "common carrier" or "carrier" means any person engaged as a common carrier for hire, in interstate or foreign communication by wire or radio or interstate or foreign radio transmission of energy, except where reference is made to common carriers not subject to this chapter; but a person engaged in radio broadcasting shall not, insofar as such person is so engaged, be deemed a common carrier.

9.  Internet Service Providers (ISPs) are the "common carrier" entities subject to the exemptions claimed in a legal error by Defendant Google Inc to excuse trafficking in indecency and discouraging development of content controls like described succinctly in Docket 232 Exhibit A in keeping with United States "policy" described in US Title 47 § 230 (b) (2,3,5).

10. The Plaintiff in this action has S E V E R E diffuse axonal traumatic brain injury and yet has mental abilities that will never be understood by science or explained. This brain injury caused the Plaintiff to have encountered the use of wire communications with an extremely intelligent mind with no understanding of why "the Internet" was not regulated and with no ability to subvert the relevant statutes to allow it to exist as it does. The Internet is the wire-line currently trafficking indecency, pornography, nudity, and other inappropriate material to children and to Muslims and is contrary to the Communications Act of 1934, as currently amended.

11. The Search Engine Parties that were not allowed added due to application of "Dennis Factors" that were contrary to intentions of the Federal Rules of CP and law makes the Federal Communications Commission a required party to be added as a defendant due to being the only party able to begin enforcing the Communications Act of 1934 and halting display of nudes and figurenude art to minors and Muslims as is already contrary to law when done by wire communications whether called the Internet or other.

12.     Ask.com or the wire-line search for IAC/InterActiveCorp no longer violates the Plaintiff's art integrity and Microsoft Corporation and Yahoo Inc have reduced their exposures since this action started. This allows only the searches for the Plaintiff's personal name to no longer show Plaintiff's nudes or much less than when this litigation began. Addition of "nude" to the search query results in numerous pieces of Plaintiff's original nude visual art being returned because the context of the search indicates desiring to see nude art in BING.com. Plaintiff agrees that those who are adults and are not Muslims can search the Internet or the United States' wire-line for porn and, in fact, often believe it a "right" to search for indecent and even explicit results by wire while maintaining complete anonymity. This invented "right" to search for material that is inappropriate for minors can be seen reflected in exhibits viewable exclusively at the Un-ReguLated wire-locations (URLs) that follow and reflect searching for "Curtis Neeley nude" and then compares to the same search query for Google Inc and then each search without the term "nude". These exhibits are not printed and submitted due to the fact that submission would lead to mutilation of these exhibits. The mutilation of exhibits submitted for evidence has been done to every costly color exhibit printed thus far and is an existing appealable error already.

1. www.CurtisNeeley.com/NameMedia/GOOG/CNSearch_03-29-2011_GOOG.pdf
2. www.CurtisNeeley.com/NameMedia/GOOG/CNSearch_03-29-2011_BING.pdf
3. www.CurtisNeeley.com/NameMedia/GOOG/CNSearch_03-29-2011_GOOG+nude.pdf
4. www.CurtisNeeley.com/NameMedia/GOOG/CNSearch_03-29-2011_BING+nude.pdf

13.     The above four Un-ReguLated wire-location (URLs) are self explanatory and are evidence quality and are supported further by certified files that cannot be modified and are so noted by adding "underscore CC" to the file name as well as retaining the .pdf after the file name. These support the R E Q U I R E D joinder of the Federal Communications Commission as well as illustrating Google Inc as not the only party able to find Plaintiff's nude images depending on the context of the search query. All exhibits are in the Plaintiff's mirror of the excuse the United States Court for the Western District of Arkansas has used as the docket to further support appeal of rulings thus far as is disclosed in E V E R Y certificate of service as follows.

# www.curtisneeley.com/5-09-cv-05151/Docket

14. Besides the above mirror and exhibits the Plaintiff did not waste ink printing, there is another carefully done URL to help Defendant Google Inc see how incorrect Michael H Page Esq was in stating that it was insanely difficult to prevent the Plaintiff's nude or figurenude images from returning in searches for "Curtis Neeley". The public can contemplate the ease of doing this as can the Court at the following URL. www.CurtisNeeley.com/NameMedia/GOOG/Go-oogle.pdf The (URL) is also generated by any visit to www.CurtisNeeley.com/Google as was revealed in the preceding brief supporting Dkt. 239 but was not printed. Visitors can visit the preceding URL and search for ANY search engine and see no nudes or figurenudes regardless of the "porn viewership" setting selected.

# CONCLUSION

This March 29th Support Brief concisely supports addition of the Federal Communications Commission (FCC) for failing to execute their statutory mission as described in the Communications Act of 1934, as amended to this date. There exists no "new medium" as often alleged in error that created a fundamental right to communicate inappropriate material by wire in a way that is patently offensive to minors and Muslims. It has been improper to communicate by wire and violate the integrity of visual art since 1990 and thumbnails have always violated US Title 17 §106A. The Defendant Google Inc exists exclusively because of the fair-use exceptions to US Title 17 in §107 that allow Google Inc to sell summaries of otherwise protected material.

This litigation will halt the existence of the United States' wire-line for pornography as should be obvious to any casual observer. The common US citizen does not support the predominant use of the Internet and will be seated in the JURY box. This litigation is easily the most universally impacting United States Court Case due to ending the existence of the "open Internet". Inappropriate material for minors and Muslims will still be available but will no longer be accessed anonymously and the Internet will more easily spread democracy when regulated by the FCC so that it does not spread pornography at the same time.

This Supporting Brief is not done to frustrate the Court but to further illustrate what has been obvious since the Internet developed. Resolution of this action warrants a great investment of jurisprudence and every week another supporting brief will be filed unless Plaintiff is advised not to do so by the Court.

Respectfully,

Curtis J. Neeley Jr, MFA

# CERTIFICATE OF SERVICE

I hereby certify that July 19, 2010 I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at the following.

## <CurtisNeeley.com/5-09-cv-05151/Docket>

Contrary to the mutilated printed exhibits scanned illegibly by the United States Court Clerks, the print quality files are available immediately and perpetually by the end of the day for free.
The Court is invited to view the superior exhibits files there.

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA