# IN THE UNITED STATES COURT FOR THE WESTERN DISTRICT OF ARKANSAS

Curtis J Neeley Jr., MFA

v.

CASE NO. 5:09-cv-05151

NameMedia Inc.
Google Inc.

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

APR 0 1 2011

CHRIS R. JOHNSON, CLERK
BY
    DEPUTY CLERK

## April 1st Brief Supporting Docket 239

The Federal Communications Commission is R E Q U I R E D as an added Defendant in order to permit justice, as could not be more obvious. Google Inc should be ordered to cease indexing visual art of the Plaintiff and displaying thumbnails of the original visual art to minors and Muslims and thereby violating the Plaintiff's fundamental right to exclusively control the visual art's moral I N T E G R I T Y. This right has existed in every developed country besides the United States until the Visual Artists Rights Act of 1990 changed the rite for regulating copies into a fundamental right of an artist. This is further supported by §230(e)(2)

> *(2) INTERACTIVE COMPUTER SERVICE.--The term "interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that **provides access to the Internet**[1] and such systems operated or services offered by libraries or educational institutions.*

It is then outrageous that Google Inc has used US Title 47 § 230(c)(1) as follows to protect Google Inc wire communications of indecency in spite of not providing access to the Internet.

> *(c)Protection for "Good Samaritan" blocking and screening of offensive material*
> *(1) Treatment of publisher or speaker*
> *No provider or user of an **interactive computer service** shall be treated as the publisher or speaker of any information provided by another information content provider.*

---

[1] Google Inc has been entitled to preemption in error repeatedly although selling indexes of other's content as content and providing absolutely NO access to the Internet. Underlining and highlighting was added since United States Courts are so utterly confused by the US Title 47 § 230 preemption of Internet Service Providers. This is obvious to the Plaintiff and will be obvious to the Supreme Court as well as the entire United States before this resolves.

United States policy described in section §230 (b) as follows <u>with **emphasis** *added*</u>[2] .

    **(b) Policy**

    It is the policy of the United States—
        (1) to promote the continued development of the Internet **and** other <u>interactive computer services</u> and other interactive media;
        (2) to preserve the vibrant and competitive free market that presently exists for the <u>Internet **and** other interactive computer services</u>, unfettered by Federal or State regulation;
        (3) <u>to encourage the development of technologies which maximize user control over what information is received by individuals, families, and schools who use the *Internet and other interactive computer services*</u>;
        (4) <u>to remove disincentives for the development and utilization of blocking and filtering technologies that empower parents to restrict their children's access to objectionable or inappropriate online material</u>; and
        (5) <u>to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of computer.</u>

1.     Common carrier is defined accurately in US Title 47 § 153 ¶ 10 and Internet Service Providers (ISPs) are analogous to these and "<u>Online Service Provider</u>" is not mentioned anywhere in US Title 47. This phrase creation by Defendant Google Inc was in order to subvert §230 and was used to plead for preemption in Docket 237 as follows.

> The Communications Decency Act, 47 U.S.C. §230(c)(1), provides that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." As numerous cases have consistently held, this immunity extends to all manner of interactive computer services, including specifically Google.

2.     Internet Service Providers (ISPs) are the entities subject to the exemptions claimed in legal error by Defendant Google Inc to excuse trafficking in indecency and discourage development of content controls like described succinctly in Docket 232 Exhibit A in keeping with United States "policy" described in US Title 47 § 230 (b) (2,3,5). Defendant Google Inc prays that this Court will now also rule counter to the title of §230(c) of "PROTECTION FOR "GOOD SAMARITAN" BLOCKING AND SCREENING OFOFFENSIVE MATERIAL". Instead Google Inc seeks protection for displaying offensive material or the opposite of the Congressional intent.

---

[2] Emphasis is added to this otherwise ignored "US policy Statute" that is counter to Google Inc claims for §230

3. The Federal Communications Commission is a required party to be added as a defendant due to being the only party able to begin enforcing the Communications Act of 1934 and halting display of nude and figurenude art to minors and Muslims as is already contrary to law when done by wire communications whether called the Internet or other.

4. Ask.com or the wire-line search for IAC/InterActiveCorp no longer violates the Plaintiff's art integrity and Microsoft Corporation and Yahoo Inc have reduced their exposures since this action started. These support the R E Q U I R E D joinder of the Federal Communications Commission as well as illustrating Google Inc as not the only party able to find Plaintiff's nude images depending on the context of the search query. All exhibits are in the Plaintiff's mirror of the excuse the United States Court has for the Western District of Arkansas uses as the docket to further support appeal of rulings thus far as is disclosed in E V E R Y certificate of service as follows.

# www.curtisneeley.com/5-09-cv-05151/Docket

5. Besides the above mirror and exhibits the Plaintiff no longer wastes ink printing, there is another carefully done URL to help Defendant Google Inc see how incorrect Michael H Page Esq was in stating that it took an "insane amount of effort" to prevent the Plaintiff's nude or figurenude images from returning in Google Inc searches for "Curtis Neeley". The public can contemplate the ease of doing this, as can the Court, by visiting <www.Go-Oogle.net> Visitors can visit the preceding URL and search for ANY search engine and see no nudes or figurenudes regardless of the "porn viewership" setting selected unless asserting desiring to see them.

6. Not only was it trivial to "fix" the Google Image search to show no nudes by the Plaintiff but it was trivial to "fix" <yahoo.com>, <bing.com>, <lycos.com>, and <ask.com> as can be seen at www.Go-Oogle.net.

7. There was a battle of "geeks" while the Plaintiff was implementing the absolutely safe search above that was witnessed by the Plaintiff and others who will testify, if necessary. Nude images and figurenudes by the Plaintiff or attributed to the Plaintiff continued to appear after many domains were excluded from the search. A safe search would stop being safe contrary to the programming done by the Plaintiff.

8. The Google Inc search is not continually updated as alleged by Michael Henry Page Esq in complete error. The same exact search results return for each query of the database unless there is an alteration by Google Inc personnel in the searching "algorithm". The database updates regularly but can not be continuous.

9. Further supporting the need for a preliminary injunction, the "strict safe" search setting is nothing more than a list of domains that are excluded from searching by simply adding them in the string as "–site:domain.com" without displaying the excluded domains.

10. Google Inc "geeks" altered the "strict safe" settings to no longer exclude the Russian domain of artnet.pp.ru during the pending Reconsideration of the Preliminary Injunction Motion as can be shown examining the results from the following two URLs

http://www.curtisneeley.com/NameMedia/GOOG/CNSearch_03-14-2011_SSwith-wiki_1-5_CC.pdf
http://www.curtisneeley.com/NameMedia/GOOG/CNSearch_03-14-2011_PORN-1-5_CC.pdf

11. On March 14th 2011 the <artnude.pp.ru> was excluded as demonstrated in the strict safe search settings depicted above but on April 1st 2011 the <artnude.pp.ru> server returns inappropriate images attributed to the Plaintiff as seen in Ex. WHY. This is printed in color at great cost and will be scanned by Court Clerks and become illegible to further support a new trial.

12. The Plaintiff unsuccessfully attempted to contact the <artnude.pp.ru> site owner. The Google Inc tired and moronic claim that search results are "live" presumes the Court is as unfamiliar with wire communications technology as the average United States citizen or Judge.

13. The figurenudes and nude photographs attributed to the Plaintiff at <artnude.pp.ru> have been online at the site for over a D E C A D E and did not surface in the "strict safe" setting results recently except because an overpaid "geek" caused it to reappear while other "geeks" finally added <wikimedia.org> to the exclusion. Google Inc personnel could have avoided this costly litigation had they announced company-wide that it was prudent to make the "safe search" setting become safe for all "Curtis Neeley" searches as Mr Neeley does at <www.Go-Oogle.net> for Google and for every single major search engine.

# CONCLUSION

This April 1st Brief concisely supports addition of the Federal Communications Commission (FCC) for failing to execute their statutory mission as described in the Communications Act of 1934, as amended to this date. There exists no "new medium" as often alleged in error that created a fundamental right to communicate inappropriate material by wire in a way that is patently offensive to minors and Muslims. It has been improper to communicate by wire and violate the integrity of visual art since 1990 and thumbnails have always violated US Title 17 §106A. The Defendant Google Inc exists exclusively because of the fair-use exceptions to US Title 17 in §107 that allow Google Inc to sell summaries of otherwise protected material.

This litigation will halt the existence of the United States' wire-line for pornography as should be obvious to any casual observer. The common US citizen does not support the predominant use of the Internet and will be seated in the JURY box. This litigation is easily the most universally impacting United States Court Case ever due to ending the existence of the "open Internet". Inappropriate material for minors and Muslims will still be available but will no longer be accessed anonymously. The Internet will more easily spread democracy when regulated by the FCC so that it does not also spread pornography at the same time.

This Brief is not done to simply frustrate the Court but to further illustrate what has been obvious since the Internet developed from telegraph wires. Resolution of this action warrants huge investment of jurisprudence and every week additional brief(s) will be filed unless Plaintiff is advised not to do so by the Court due to action taken by Defendant Google Inc to further demonstrate the need for this action.

Respectfully,

Curtis J. Neeley Jr., MFA

# CERTIFICATE OF SERVICE

I hereby certify that July 19, 2010 I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at the following.

## &lt;CurtisNeeley.com/5-09-cv-05151/Docket&gt;

Contrary to the mutilated printed exhibits scanned illegibly by the United States Court Clerks, the print quality files are available immediately and perpetually by the end of the day for free.
The Court is invited to view the superior exhibits files there.

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA