Case 5:09-cv-05151-JLH   Document 253   Filed 05/06/11   Page 1 of 8

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 06 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNINTED STATES DISTRICT COURT
FOR THE WESTERN DIDTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CURTIS J. NEELEY Jr., MFA                                          PLAINTIFF

VS.                    CASE NO. 5:09-CV-05151-JLH

NAMEMEDIA, INC.
AND GOOGLE, INC.                                                   DEFENDANTS

**BRIEF IN SUPPORT OF OPPOSITION TO SEPARATE DEFENDANT
CLAIM FOR PARTIAL SUMMARY JUDGMENT BY NAMEMEDIA, INC.
FOR CYBERSQUATTING CLAIMS**

Plaintiff Curtis J. Neeley Jr., MFA ("Neeley"), for his brief supporting his opposition to the NAMEMEDIA, INC. Motion for Partial Summary Judgment for allowed Cybersquatting Claims, states as follows as closely to Dkt. No. 250 due to the extreme similarity to the **C O N F E S S I O N A L** by NAMEMEDIA, INC. ("NameMedia") to the confessional by separate Defendant Google, Inc logically:

## I.   Introduction

Separate Defendant NameMedia violated the Anti-Cybersquatting Consumer Protection Act ("the ACPA")[1] in relation to - eartheye.com and sleepspot.com **A F T E R** NameMedia had begun violating exclusive rights marginally recognized for original visual art first in the United States in the Visual Artist Rights Act, ("the VARA")[2], in 1990 or about a decade **B E F O R E** the second millennium began.

---

[1] 15 U.S.C. §1125(d). The ACPA was enacted in 1999 in addition to the Lanham Act.
[2] 17 U.S.C. § 106A. The VARA was enacted before the end of 1990 and before all Allowed Defendants in this action existed in anyone's imagination

1

Revenge is unquestionably a benefit that J U S T I C E always attempts to grant Plaintiffs of quasi-criminal actions as serious as murder would be if abortion were determined to be murder and not simply a choice. The O N L Y fair and completely "*just*" punishment would be sterilization of the male and female who created the fertilized egg that was prevented from becoming a new life to give C O M P L E T E justice.

Irrespective of the motives of Mr. Neeley, an award determined by a J U R Y is the only path that C O U L D ever grant J U S T I C E to Mr. Neeley and the S E P A R A T E Defendant NameMedia. This type ruling is J U S T for the following independent rational: (1) NameMedia purchased Photo.net and Photography.com and make their income nearly exclusively from sales of domains and operation of specialty user oriented websites and should not have risked litigation to further distress a severely disabled visual artist who was once a member of Photo.net; (2) NameMedia cannot successfully oppose any claim by Mr. Neeley and not just the ACPA claim as to sleepspot.com because there is no way to determine if "Sleep Spot" could afford to hire "Captain Kirk" to explain why "Scotty" finally "beamed Captain Kirk up" to the only place "Captain Kirk" ever needed to be to find a "Spot to Sleep" while on Earth.

Statutorily the general range of an award is determined to fall between $1,000 and $100,000 and the VARA and the ACPA do not mention punitive awards whatsoever. The Court should therefore require a trial to determine damages paid to Mr. Neeley since Mr. Neeley offered to settle for $1 already and a jury might feel that the offer by Mr. Neeley S H O U L D have been accepted by NameMedia several years ago instead of continuing to "distress" the severely brain injured Plaintiff for years.

Left blank to make reading easier

A.  Neeley has abundant P R O O F that NameMedia is guilty of violating both the VARA and the ACPA where Mr. Neeley's notable figurenude art is involved.

Rather than waste more of Honorable Jimm Larry Hendren's extremely important time as the trier of the abundant facts regarding the claims that S H O U L D have been brought before the Western District of Arkansas District Court, Mr. Neeley will very concisely dispense with verbose litigation. Mr. Neeley will attempt to "cross" the NameMedia C O N F E S S I O  A L that was labeled "**BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGEMENT ON PLAINTIFF'S CYBERSQUATTING CLAIMS**". This was actually just a thirty-four ("34") page **C O N F E S S I O N A L**.

Computers are not people and are not able to give an incorrect answer without aid of the mind of a humans. This is why J U S T I C E can never be awarded without a J U R Y. It is also why J U S T I C E now requires only a J U R Y determination regarding the award NameMedia must pay to grant Mr. Neeley enough of an award to end the P O N Z I type income by fraud that is why NameMedia has always existed.


B.  Words matter more to Judges, Justices, and lawyers than the Plaintiff in this case ever realized as is now made abundantly clear to all parties and all judges involved as well as any user of wire communications on Earth by looking at http://www.Go-Oogle.net.

Dispensing with verbose litigation entirely the Plaintiff prays the trier(s) look at (http://www.Go-Oogle.net) and (http://www.CurtisNeeley.com/Google/index.html) and compare the two websites that are actually the same exact URL.

Left blank to ease reading

3

C.  Not only will Mr. Neeley now seek partial summary justice for the two separate claims allowed including one for the ACPA claim for sleepspot.com. Mr. Neeley now seeks partial summary justice for the allowed claim for "AICPA" [sic] violations regarding eartheye.com as succinctly over-described in the C O N F E S S I O N A L Brief this Court now refers to succinctly as Dkt. No. 250.

Dispensing with verbose litigation, the Plaintiff prays the trier(s) look at (http://www.Go-Oogle.net) and (http://www.CurtisNeeley.com/Google/index.html) comparing the two websites that are actually the same exact URL regardless of capitalization.

D.  Words matter most to Judges, Justices, and lawyers and therefore Separate Defendant NameMedia is now entitled to Summary Justice on the issues of damages regarding all claims allowed and the US Title 17 § 106A claim that the Plaintiff believed was brought but was never properly recognized by this Court because human rulings are subjected to the single human defining characteristic that is not shared with a J U R Y except when acting as a mob.

Finally dispensing with overly-verbose litigation, the Plaintiff prays the trier look at (http://www.Go-Oogle.net) and (http://www.CurtisNeeley.com/Google/index.html) and compare the two websites that are actually the same exact Un-ReguLated wire locations commonly known as URLs

## II Facts

In order to save taxpayers from spending a longer time believing that the best sentence for crimes against the innocent must be the harshest and most severe, the Plaintiff will now dispense entirely with over-verbose litigation in this *pro se* cross to the confessional by seeking summary justice granted most absolutely by only a J U R Y.

A.  Undisputable Facts Establishing Bad-Faith Intent to Profit by NameMedia while violating common-law trademarks Mr. Neeley still intends to continue using.

The WHOIS search used by Separate Defendant NameMedia to allege dates that eartheye.com and sleepspot.com were initially registered are as easily queried by the public as (http://web.archive.org/*/http://www.eartheye.com) which reveals E V I D E N C E  of NameMedia cyber squatting as is already in submitted exhibits or can be retrieved from the following Un-Regulated wire Location. This URL exhibits

4

THIS DOMAIN IS FOR SALE:eartheye.com and contained a price request link.

(http://replay.web.archive.org/20030831141957/http://eartheye.com/)

**B. Undisputable Facts Establishing Rational for Perpetual Existence of a Secondary Generally Known Meaning for "Sleep Spot."**

There is no way to know the future except by reading the Bible and SleepSpot.com is not mentioned in the Bible. There is no certifiable method for predicting the future and it is therefore impossible to absolutely determine that SleepSpot.com will not eventually be "THE" Spot to visit online to purchase sleeping accommodations.

**C. Undisputable Facts Establishing Plaintiff never intended to abandon "Earth Eye." or eartheye.com.**

The exhibits attached reflect the continual results of searches for eartheye.com, Curtis Neeley, and other terms the Plaintiff has and will always use to market his art that does not include exclusively figurenudes done by the Plaintiff. See Ex. (A-G)

## III. Summary Justice Standard

Rather than waste the public's money the Plaintiff will refer to the only almost absolute proof that true justice must await until Jesus' second coming. The Plaintiff will refer also to the color produced by the mix of all colors but not use the term officially removed from most dictionaries that was once commonly used to refer to the entire race colored similar to the predominant color of O. J. Simpson's skin in the South because the Plaintiff did not watch the trial and reserves all judgment till the Lord finally returns but now seeks J U S T I C E granted most completely by a J U R Y, even if it is only $2.

## IV. Argument

**A. Neeley needs to waste no more time presenting evidence to a J U R Y in order to prove NameMedia acted recklessly and carelessly on purpose to profit from SleepSpot.com as well as Eartheye.com.**

The WHOIS search used by Separate Defendant NameMedia to allege dates that eartheye.com and sleepspot.com were initially registered are as easily queried by the public as (http://web.archive.org/*/http://www.eartheye.com) which reveals E V I D E N C E of NameMedia cyber squatting as is already in submitted exhibits or

5

can be retrieved from the following Un-Regulated wire Location. This URL exhibits THIS DOMAIN IS FOR SALE:eartheye.com and contained a price request link. (http://replay.web.archive.org/20030831141957/http://eartheye.com/)

**B. Neeley does not need to waste more time presenting evidence to a J U R Y in order to prove NameMedia acted recklessly and carelessly on purpose to profit from SleepSpot.com because it could always have a secondary meaning.**

Priceline.com or "Price Line" has established a secondary meaning as a place to visit online to shop for a hotel. It was generally hoped to allege a "direct line" to the best deals on hotels online. The success of the entire company depends on "Captain Kirk" and is absolutely inferior to being the best "spot" online to find a "spot to sleep" on Earth.

**C. Neeley intends to waste no additional time presenting evidence to a J U R Y in order to prove NameMedia acted recklessly and carelessly on purpose to profit from Eartheye.com because it was legitimately a common law trademark and will never be abandoned by Mr. Neeley.**

NameMedia did not register eartheye.com on accident and did not search the history shown in "the Wayback machine". The Plaintiff did not register "Earth Eye" as a trademark because it has been and will always cause search results to lead to the Plaintiff's websites and the Plaintiff's non-figurenude art photography.

Left blank to make conclusion head the last section.
Left blank to make conclusion head the last section.
Left blank to make conclusion head the last section.
Left blank to make conclusion head the last section.
Left blank to make conclusion head the last section.
**Left blank to make conclusion head the last section.**
Left blank to make conclusion head the last section.
Left blank to make conclusion head the last section.
Left blank to make conclusion head the last section.

# V. Conclusion

The Plaintiff believes much as Separate Defendant Google Inc recently alleged, this litigation has been very simple from the start. What do NameMedia and Google Inc botth add to domains to generate unbelievable tax-free income. The answer is surprisingly simple. Each online company adds no value to another's creation and is still able to sell it or the resulting summaries for a complete profit.

Google Inc violates US Title 17 § 106A so blatantly it is almost assumed universally not to have been passed before the Internet developed from wire communications as originally defined in US Title 47 § 153 ¶(52). "NameMedia" violates US Title 17 § 106A just as blatantly as NameMedia violates US Title 17 § 1125(d) or the Lanham Act in order to continue to exist.

The severely traumatically brain injured, pro se Plaintiff prays that most Honorable Jimm Larry Hendren either deny both Separate Defendant's Summary Judgment requests or grant Summary **Justice** as can only be granted after entering a stay of all litigation except for the added ("FCC") A F T E R the Federal Communications Commission is made a party and is served till the J U R Y determines if damages of any kind are warranted beyond $2 or at all.

Respectfully Submitted,

_____

Curtis J. Neeley Jr. MFA

# CERTIFICATE OF SERVICE

I hereby certify that ~~July 19, 2010~~ May 6 2011 I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at the following.

# &lt;CurtisNeeley.com/5-09-cv-05151/Docket&gt;

Contrary to the mutilated printed exhibits scanned illegibly by the United States Court Clerks, the print quality files are available immediately and perpetually by the end of the day for free.
The Court is invited to view the superior exhibits files there.

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA