IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CURTIS J. NEELEY, Jr.**                                                                  **PLAINTIFF**

VS.                            CASE NO. 5:09-cv-05151-JLH

**NAMEMEDIA, INC.**
**and GOOGLE, INC.**                                                                **DEFENDANTS**

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CYBERSQUATTING CLAIMS

Defendant NameMedia, Inc. ("NameMedia"), for its Reply to Plaintiff's ("Neeley's) Opposition to Motion for Partial Summary Judgment on Plaintiff's Cybersquatting Claims, states as follows:

Mr. Neeley makes multiple admissions in his response which would justify granting NameMedia's motion, independent of the multiple admissions made by Neeley in his deposition. As to the latter, Neeley declines to even address his admissions, or any of the other evidence submitted by NameMedia in support of its motion, other than the evidence on the issue of abandonment of "eartheye." Indeed, the only "evidence" Neeley attached to his response are printouts of some Google search results. Aside from the observation that the abandonment issue is merely a secondary basis for NameMedia's motion, Neeley fails to explain how the fact that his past use of "eartheye" still shows up in internet search results proves that he is currently using the name in a manner protectable as a mark under the Lanham Act.

NAMEMEDIA INC.'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT –Page - 1 -

## I.   Neeley Has Failed to Meet Proof With Proof

In responding to NameMedia's summary judgment motion, Neeley "may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *See, e.g., Cooper v. Martin*, 634 F.3d 477, 480, *quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Neeley offers no evidence whatsoever to controvert the multiple deposition admissions and other admissions attached to NameMedia's motion.  This failure alone entitles NameMedia to the requested summary judgment.

## II.   Neeley Has Failed to Attach Evidence on the Central Issue of Bad Faith Intent to Profit From a Trademark of His, As to Which He Carries the Burden of Proof.

"Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 567, 112 S. Ct. 2130, 2140, 119 L. Ed. 2d 351, 368 (1992), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  In *Catrett*, the Supreme Court held that an asbestos defendant was entitled to summary judgment on the issue of exposure to the defendant's product, despite the fact that it attached no affirmative evidence of lack of exposure, where the plaintiff responded to the motion without attaching any affirmative proof of exposure. The Supreme Court stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

> party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Catrett*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. at 273.

Neeley attached no evidence whatsoever to his response on the element of bad-faith intent to profit under the ACPA. This failure entitles NameMedia to the requested summary judgment.

### III. Neeley Makes Certain Admissions in his Response Entitling NameMedia to Summary Judgment.

Though certainly not crucial to the success of NameMedia's motion, Neeley apparently makes several admissions in his response which support the grant of NameMedia's motion. First, Neeley unequivocally admits that "Sleep spot" as used by him is merely descriptive without secondary meaning:

> 3. Additionally, as to sleepspot.com, as a **matter of law** the name "Sleep spot" is currently merely descriptive, and Plaintiff has no evidence of any secondary meaning already attached to his use of "Sleep spot;" therefore as a matter of law "Sleep spot as used by Plaintiff is not-yet distinctive, and since the ACPA requires any trademark to be distinctive in order to be entitled to protection, therefore, NameMedia is in any event entitled to summary justice on the Plaintiff's ACPA claim as to sleepspot.com

(*see* Neeley's Opposition to Motion for Partial Summary Judgment, ¶3). This admission is fatal to Neeley's ACPA claim as to sleepspot.com.

Furthermore, as to damages, Neeley made the following admission:

Plaintiff admitted he has suffered no actual damages as a result of any action taken by NameMedia with regard to the domains; therefore in any event NameMedia is entitled to summary justice in the event Plaintiff elects damages on his ACPA claims, and a limitation as a matter of law to the punitive minimum of $1 per violation in the event Plaintiff elects to recover damages.[1]

## IV.   Conclusion

For these reasons, the Court should grant NameMedia's motion.

Respectfully submitted,

H. WILLIAM ALLEN (ABN 69001)
BROOKS C. WHITE (ABN 2000093)
ALLEN LAW FIRM, P.C.
212 Center Street, 9th Floor
Little Rock, AR 72201
(501) 374-7100
hwallen@allenlawfirmpc.com
bcwhite@allenlawfirmpc.com


By: /s/  Brooks C. White
       Brooks C. White

Attorneys for Defendant and
Counterclaimant NameMedia, Inc.

---

[1] Though NameMedia realizes that settlement negotiations are not proper evidence under the Rules of Evidence, NameMedia feels it must address Neeley's statement in his brief that "Mr. Neeley offered to settle for $1 already and a jury might feel that the offer by Mr. Neeley SHOULD have been accepted by NameMedia several years ago instead of continuing to "distress" the severely brain injured Plaintiff for years.  The allegation that Neeley offered to settle for $1 is absolutely false and beyond incredible.

**NAMEMEDIA INC.'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** –Page - 4 -

CERTIFICATE OF SERVICE

    I, Brooks C. White, hereby certify that on this 16th day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorneys of record:

Michael H. Page
Durie Tangri, LLP
217 Leidesdorff Street
San Francisco, CA 94111
mpage@durietangri.com

Jennifer H. Doan
jdoan@haltomdoan.com
Joshua R. Thane
jthane@haltomdoan.com
Haltom & Doan
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503

    I further certify that, on this 16th day of May, 2011, I emailed a copy of the foregoing to the following *pro se* plaintiff:

    Mr. Curtis J. Neeley, Jr.
    2619 N. Quality Lane, Apt. 123
    Fayetteville, AR 72703

                            /s/ Brooks C. White
                            Brooks C. White