IN THE UNINTED STATES DISTRICT COURT
FOR THE WESTERN DIDTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CURTIS J. NEELEY Jr., MFA**                                                                 **PLAINTIFF**

VS.                                       CASE NO. 5:09-CV-05151-JLH

**NAMEMEDIA, INC.;**

**NETWORK SOLUTIONS, INC.;**

**and GOOGLE, INC.**                                                                          **DEFENDANTS**

### BRIEF SUPPORTING MOTION FOR REQUIRED JOINDER
### AND RULE 60 PLEA FOR RELIEF

Plaintiff Curtis J. Neeley Jr. MFA ("Neeley"), for his Motion for Required Joinder as well as the concurrently filed Motion Seeking Relief from existing mistaken Orders, states particularly as follows:

The Plaintiff in (5:09-cv-05151) examined the Federal Rules of CP and did not encounter a prescribed number of plea rational that were allowed in a motion in Federal Rules of CP 7 or 9 and therefore makes this Motion Seeking **Immediate Relief** due to several rulings that are mistakes as now demonstrated repetitively in numerous filings of exhibits and an encountered "surprise" worthy of Federal Rules of CP Rule 60 reversal. These errors may have been caused by use of the Western District of Arkansas' filings that were not appropriate for the 'triers' of this action. Every exhibit was submitted in near-photo quality or as photographs that were then mutilated by Western District of Arkansas' lack of sufficient equipment or adequate training. This condition created or emphasizes procedures that do not allow *pro se* parties to use the Western District of Arkansas' Courts equally because ANY represented party may enter PDF exhibits that include "live" active links, color, photographs, or that resemble the evidence submitted regardless of exhibit scan quality limitations of the Court Clerk.

## VARIOUS PARTICULAR EXAMPLES

1.  Exhibits attached to Dkt. #256 and this were redacted because the Western District Court Clerks advised the Plaintiff that exhibits revealing nudity could not be filed unless "redacted" so that the 'PACER' scans of the exhibits would not display nude images. Exhibits were always and will all be accessible online permanently as disclosed in each Certificate of Service.

2.  Exhibit "A" attachment #1 on Dkt. 205 included an active link that was then called out as a "link" placed on the webpage by the Plaintiff that resulted in the outraged Plaintiff's complaint against Jennifer Haltom Doan Esq alleging various violations of ethics in Arkansas to the Arkansas Supreme Court ethics panel. This complaint was filed and then withdrawn when Jennifer Haltom Doan Esq advised the Plaintiff of using "Adobe Acrobat" to create the exhibit directly from the webpage as specified in the CM/ECF manual. This revealed shortcomings in the CM/ECF manual as well as the CM/ECF procedure in general that currently prevents justice in (5:09-cv-05151) not due to intentional distortions by Separate Google Inc Counselor Jennifer Haltom Doan Esq.

3.  Listing the hundreds of examples or various exhibits made illegible by the B&W scanning done by the Western District of Arkansas would be outrageous and is unnecessary. It is adequate to state that ALL exhibits submitted were made nearly illegible as is acting <u>COUNTER TO LAW</u> and as is <u>CONTRARY TO JUSTICE.</u> This fact will be mocked by any jury and will result in alterations of the CM/ECF process or in severe limitations on any future use of CM/ECF. The entire mutilated docket used by the Western District Court of Arkansas makes the process thus far the opposite of justice or that make (5:09-cv-05151) anti-just thus far.

2

4. The Plaintiff contacted <u>E V E R Y</u> existing wire communications search provider and then sought to have them each ordered to cease display of Plaintiff's notable and original nude and 'figurenude' art as is against common decency and the Communications Act of 1934. This Court ruled against adding these "wire communications search engines" in (5:09-cv-05151) in Dkt 192. When the Separate Defendant Google Inc was considered, the motion was referred to Magistrate Erin L. Setser. Honorable Erin L. Setser did not grant an order for Separate Defendant Google Inc to halt return of nudes due to searches for the personal name of "curtis neeley" as was error propagation and as has become an **egregious** mistake.

4b. When District Court Judges refer matters to Magistrates; Fairness is not normally sacrificed as it was on December 06, 2010 before Honorable Erin L Setser, although this was through no fault of the Magistrate.

5. What could *almost* not have been more obvious during the hearing before Honorable Erin L Setser has been demonstrated now as a grave injustice and was made apparent due to <u>E V E R Y wire communications</u> search provider ceasing to return the Plaintiff's notable and original nude and 'figurenude' visual art as a result of wire searches for "curtis neeley" as is seen in filed and mutilated exhibits or are no longer found except even in the *allegedly* Strict Safe search settings for Defendant Google Inc.

These can be seen as redacted and submitted already as the wire search results for Microsoft Corporation, Yahoo Inc, IAC/InterActiveCorp, and various others in Dkt 256 Ex. (A-M). These are illegible as scanned but can be seen plainly at the Plaintiff's mirror of the docket as disclosed in EVERY certificate of service. See Live-linked from <google-lawsuit.info> or can be seen directly at <curtisneeley.com/5-09-cv-05151/Docket/index.htm>

3

6. Evidence that was once submitted was mutilated beyond consideration as exhibits already. All those that were print-outs from wire communications searches done by Yahoo, Inc.; Microsoft Corporation; and IAC/InterActiveCorp as seen in Dkt 73 Ex. YAHOO, BING, AOL and Dkt 121 Ex. Ask were modified before considered as is wrong by LAW.

7. The *pro se* Plaintiff now contends there exists two recent facts that make this "simple case", as once alleged by Separate Defendant Google Inc, simple enough that no Magistrate and no jury is needed to see the **egregious** mistakes already called "just" in (5:09-cv-05151) in error.

8. Searches for the personal name of the Plaintiff or "curtis neeley" searches should not be allowed to display notable and original nude or 'figurenude' photographic visual art done by or alleged to be done by the Plaintiff in a manner that shames the visual artist.

9. These displays violates simple common decency and also violate the personal "copyrites" of the Plaintiff as marginally secured in US Title 17 § 106A. Defendant Google Inc is aware this offensive display of original and notable visual art distressed the Plaintiff since this action was brought.

10. Defendant Google Inc also found original and notable visual art of 'figurenude' images by the Plaintiff in a library book in New York and scanned these and then re-published these online until the Plaintiff sought an injunction in this court. The Plaintiff is involved in the southern District of New York Court against the Separate Defendant Google Inc in two actions in New York with Statutory Damages claims there already of $450,000.00

11. Besides scanning and re-publishing three original and notable 'figurenude' images by the Plaintiff in a New York library; Separate Defendant Google Inc re-publishes two nudes published by the Plaintiff that are not visible to Internet Explorer 8, FireFox 4, or Google Inc Chrome for people not authenticated as being eighteen. See Exhibits (A, B)

12. Children like the Plaintiff's minor children or anyone can search for "curtis neeley" using Google Inc at school, church, or in the office of an "SEC" attorney and see "Thumbs Up V?" as printed and redacted in the attached exhibit "A" as was harvested *after* September 5, 2009 by defendant Google Inc and is displayed from a Google Inc computer to minors and numerous witnesses despite this lawsuit. Google Inc B O A S T E D to Honorable Erin L Setser and the Plaintiff during the December 6, 2010 hearing that Defendant Google Inc was different from other search engines.

12. Children like the Plaintiff's minor children or anyone could search for "curtis neeley" using Google Inc at school, church, or in the office of an "SEC" attorney and still see "Thumbs Up" as printed and redacted in the attached exhibit "B" as was harvested *after* October 30th, 2008 by defendant Google Inc and was displayed from a Google Inc computer to minors and numerous witnesses despite this lawsuit. See Exhibits (A, B)

13. The original nude photographs harvested from the website <curtisneeley.deviantart.com> were shown or are shown by Google Inc searches that bypasses filtration that prevents these nudes from being displayed to minors as can be seen in exhibits or can be seen by anyone who visits <curtisneeley.deviantart.com> except those who print these pages out to view them instead of looking at only the child-safe placeholders.

See Exhibits (A, B) and each text "click" displays the next page.

## OUTRAGEOUS GOOGLE INC CLAIMS

14. Defendant Google Inc asserts having default "legal" permission to display **anything** found on the Internet by wire communications on the Google Inc website. This claim is obviously not supported by US law. Google Inc advises visitors that the only way to ensure the Google Inc index eventually *might* no longer show an image after harvesting it is to remove the harvested image from the Internet. On this very page Google Inc attempts to claim not owning "the web" and not being able to remove content from "the web". Google Inc does not acknowledge that removal from the Google Inc copy shown at Defendant Google Inc's index of "the web" is almost the same EXACT thing due to Google Inc generating 63.7% of traffic as measured by "Comcast" in May and June 2010.

See Exhibit "Comcast", "G1" or the Google Inc law-writing.

15. Separate Google Inc claimed there are innumerable "Curtis Neeley" people who have photographs online and it would take an *"impossible amount of effort"* to stop display of Plaintiff's original nude and notable 'figurenude' visual art in searches that include "curtis neeley" when asked during the hearing by Honorable Magistrate Erin L Setser. The four page exhibit attached is the original Perl 5 software that acts as an interface to E V E R Y wire search interface at <Go-Oogle.net> or <CurtisNeeley.com/Google> and causes Google Inc, Yahoo Inc, Microsoft Corporation, IAC/InterActiveCorp, and Lycos Inc searches to not return nudes or 'figurenudes' by the Plaintiff in the results of searches. This "script" did not require an *"impossible amount of effort"* and the Plaintiff donates the program to the public now in (5:09-cv-05151). See Ex. Perl

16b.     Plaintiff begs Honorable Jimm Larry Hendren to order Separate Defendant Google Inc to exclude every "domain" excluded by the "script" in the Google Inc default Safe Search filtration settings.  This script can be seen permitting searches for "curtis neeley" to be child safe by visiting <Go-Oogle.net> after selecting the query box and pressing enter.

17.   The script will not allow Plaintiff's nudes, nudes alleged done by the Plaintiff, or 'figurenudes' by the Plaintiff to return regardless of other search terms unless desired. This illustrates the simplicity of preventing inappropriate visual art from being shown to minors and Muslims and the fact that *"indexing" is nothing but the new technological equivalent of "wire communications" broadcasting* the Federal Communications Commission is malfeasant failing to regulate despite Federal Policy disclosed in 47 U.S.C. § 230 (b)(1-5).

18. Separate Defendant Google Inc is the only wire communications "Search Engine" that continues to **broadcast** inappropriate visual art done by or alleged to be done by the Plaintiff at this time. All other parties the Plaintiff once sought to have ordered to halt broadcasts of Plaintiff's nude art have voluntarily ceased and are no longer desired as additional Defendants.

19.   Separate Defendant Google Inc manipulated the entire Earth into believing that disclosure of visual art by wire is the same thing as requesting that Defendant Google Inc re-broadcast it by wire for profit.  Separate Defendant Google then added disclosure of visual art in any book to this outrageous theft of visual art nearly made a "right" by the Google Inc *voluntary* adoption of the robots.txt exclusion protocol.

## FCC AS MISFEASANT PARTY

20.   Wire communications that are disclosed to "search engines" by visual artist ***intentionally*** should be allowed by the Federal Communications Commission since the visual artist would then be responsible for inappropriate content published "on the wire".

21.   Separate Defendant Google has alleged the robots.txt protocol availability gives them default permission to wire communicate all visual art discovered by wire regardless of US Title 17 106A.  This is **egregiously** incorrect as a matter of law.   This could not be made more obviously wrong or **egregiously** contrary to law.

22.   The "Open Internet" as allowed to exist by the Federal Communications Commission is ***against*** the published policies of the United States as disclosed repeatedly to the Federal Communications Commission in (5:09-cv-05151) by wire communications and service of process.

23.   Separate Defendant Google Inc is extremely profitable but would lose money *immediately* if the personal "right" to exclusively control original visual art were enforced in the United States or if US Title 17 § 106A were enforced rather than being only *alleged* to exist as is allowed by Google Inc.

24.   (5:09-cv-05151) will impact "wire communications" more than anything since electricity was discovered because (5:09-cv-05151) will result in the Federal Communications Commission no longer being malfeasant and beginning regulation of wire communication broadcasts regardless of venue or title given to the wire venue.

## CONCLUSION – PRAYER(S)

WHEREFORE this filing once again reveals the FCC or the ("Federal Communications Commission") is the O N L Y party who could have ever prevented this litigation if not malfeasant; Exhibits submitted and not considered have made this three year process into the opposite of fairness and the severely brain injured *pro se* Plaintiff begs/prays/pleads as follows:

1. Plaintiff requests that Separate Defendant NameMedia Inc [sic] be required to face a jury to determine if an award of $200,000 would be adequate compensation for two malicious violations of law when $1000 – $100,000 is the statutory range of award or decide if punitive damages are additionally warranted in order to prevent Separate Defendant NameMedia from continuing to steal "domains" from prior registrants. Plaintiff believes fifteen to thirty million dollars would be sufficient but a jury is now asked to decide.

2. Plaintiff requests that Separate Defendant NameMedia Inc be required to face a jury to determine if an award of $750,000 is adequate for repeated intentional display of five of Plaintiff's nude and figurenude visual art photos keeping in mind NameMedia Inc changed the "Terms of Service" of <photo.net> and began allowing visitors to view all art submitted and slipped in allegations that continued use of the website was acceptance of the new contract without a digital signature in order to increase website advertising traffic. Statutory awards are $750,000 per intentional display or for every time each five was displayed before removed in early 2010.

9

3. Plaintiff requests that Separate Defendant NameMedia Inc be required to face a jury to determine if an award of $750,000 is adequate for repeated violations *after* the Digital Millennium Copyrite Agent, "DMCA" Hannah Thiem, was notified electronically with a tracking beacon as was another computer at NameMedia Inc. Limitations of liability for violations was, therefore, waived before and after this litigation was served and Robb Rossell, the next notified DMCA agent for NameMedia Inc only deleted the inappropriate art displays to avoid *allegedly* harassing communications.

4. Plaintiff requests that Separate Defendant Google Inc be required to face a jury for determination regarding how much is warranted for motivating theft of domains as a business policy for each of the two domain thefts done by Separate Defendant NameMedia Inc since $100,000 is the maximum statutory amount usually awarded.

5. Plaintiff requests that Separate Defendant Google Inc be required to face a jury for determination regarding how much is warranted for a policy that violates "copyrites" company-wide and asserts non-existent rights to re-publish anything encountered by wire as is prohibited by common decency and Congressional Statutes and United States' published policies in 47 U.S.C. and in 17 U.S.C.  Hundreds of millions is radically insufficient after realizing that Separate Defendant Google Inc attempted to dissolve "copyrite" and establish "copyrite alternatives" in New York for around $115-145 million in a collusion with book publishers that was not found fair and that will result in Separate Defendant Google Inc struggling to pay statutory awards for each piece of visual art already re-published including the three for this Plaintiff as shown in mutilated exhibits.

6.  Plaintiff requests that Separate Defendant Google Inc be required to face a jury for determination regarding how much is warranted for re-publishing nude and 'figurenude' art as a result of searches for the Plaintiff by name including no less than twenty counts of intentionally violating "copyrites" or US Title 17 § 106A rights that warrant statutory awards of $150,000 per piece of art displayed for total statutory amount of three million dollars. Plaintiff believes a jury would be just granting 100-200 million to "punish" Separate Defendant Google Inc for malice shown towards this particular Plaintiff.

7.  Plaintiff requests that the Federal Communications Commission, (FCC), be served and made a Defendant for malfeasance in regards to enforcement of the Communications Act of 1934 as modified to this date. Plaintiff wishes the FCC to examine Dkt 232 Exhibit "A" and adopt rules as similar as possible so that inappropriate visual art would no longer be communicated by wire except to adults. Indecency of wire communications could not be more obviously the only thing preventing the wire venue, called "the Internet" or 'the web" by the Separate Defendant Google Inc, from becoming accessible to worldwide audiences regardless of religion or political orientation. The Western Wall only fell in brick. The Wall stands solid around the United States' communications of pornography by Google Inc and others in the tired disguise of "Freedom of Speech".

8.  The Plaintiff believes (5:09-cv-05151) is a litigation that is V E R Y necessary to stop the widespread display of "pornography" to anonymous viewers and Courts already decided "privacy" is not a right trumping responsibility for actions and not even actions as potentially embarrassing as signing political signature drives seeking homosexual inequality.

9.  The *pro se* and severely brain injured Plaintiff could be the most unpopular person on Earth when "pornography" consumption is no longer an "anonymous right" that can be enjoyed without responsibility as is very opposed to the policy of the United States as published currently in 47 U.S.C. § 230 (b) (1-5) as ignored by the FCC and several Courts as well as the separate Defendant Google Inc citing other portions of § 230 as the permission-slip for re-broadcasting pornography.

10. The Plaintiff once published "art" that involved the naked human figure and will always maintain electronic display of these images but does not wish for A N Y of these to be re-published by any search engine. This is currently being done exclusively at <figurenude.com>. Plaintiff begs/prays that Separate Defendant Google Inc be ordered to establish robots.txt protocols that follow the pattern of regular expressions for PHP or Perl such that exclusion of "spiders" is no longer simply voluntary.

11. This issue will not disappear and the Plaintiff prays that a J U R Y is the ultimate "trier" to reinforce the power of democracy when finally initiating regulation of content broadcast by wire communications since "the Open Internet" is not capable of spreading democracy while also spreading pornography anonymously at the same time.  Pornography will continue but will no longer lack personal responsibility any more than other adult vices such as alcohol, cigarettes, and operating a motor vehicle.

Respectfully Submitted,

*Curtis J. Neeley Jr.*
Curtis J. Neeley Jr. MFA

# CERTIFICATE OF SERVICE

I hereby certify that May 17, 2011 I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at the following.

## <CurtisNeeley.com/5-09-cv-05151/Docket>

Contrary to the mutilated exhibits scanned and mad illegible by the United States Court Clerks, the print quality files are available immediately and perpetually by the end of the day for free. The Court is invited to view the superior exhibit files there to finally see evidence resolving this lawsuit entirely.

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA