```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**CURTIS J. NEELEY, JR.**                                    PLAINTIFF

      v.        Civil No. 09-5151

**NAMEMEDIA, INC., NETWORK SOLUTIONS, INC.; and GOOGLE, INC.**                                    DEFENDANTS

### O R D E R

Now on this 7th day of June, 2011, come on for consideration the following:

*    plaintiff's **Motion For Reconsideration Of Dockets 233 and 125** (document #239);

*    plaintiff's **Motion For Joinder Of Claims** (document #255); and

*    plaintiff's **Motion For Required Joinder And (Rule 60) Plea For Relief** (document #258),

and from said documents, and other matters and things appearing, the Court, being well and sufficiently advised, finds and orders as follows:

    1.   The Motion For Reconsideration Of Dockets 233 And 125 is essentially a rehash of arguments the Court has already rejected. The only new material appears to be plaintiff's claim that he is seeking relief pursuant to **17 U.S.C. 106A(a)(2)** rather than **106A(a)(1)(B), the** statute addressed in the Court's Order of January 31, 2011 (document #233).

    **Section 106A(a)(2)** gives the author of a work of visual art the right to "prevent the use of his or her name as the author of

the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejusicial to his or her honor or reputation." Neeley contends that "'[h]anging' Plaintiff's figurenude art so that searches for the Plaintiffs [sic] personal name returns properly attributed figurenude photographs to minors violates moral integrity allegedly protected since the Visual Artist's Rights Act was adopted in 1990."

The Court is not persuaded by Neeley's argument. **Section 106A(c)(3)** provides that **§ 106A(2)** "shall not apply to any reproduction, depiction, portrayal, or other use of a work" in connection with any item described in subparagraph (A) or (B) of the definition of "work of visual art" found at **17 U.S.C. § 101**. Items described in subparagraph (A) of that definition include "electronic information service, electronic publication, or similar publication." The Court's interpretation of this rather convoluted provision is that **§ 106A(2)** would not apply to copies of Neeley's photographs on the internet.

Even were this not the case, the Court does not believe that allowing searches of Neeley's name to return "properly attributed figurenude photographs to minors" could be said to amount to "a distortion, mutilation, or other modification of the work." It is a cardinal rule of statutory interpretation that courts "give effect to legislative intent as reflected in the plain language of the statute." **<u>Knudsen v. I.R.S.</u>, 581 F.3d 696, 709 (8th Cir. 2009).** The words used here -- distortion, mutilation, modification

-2-

-- all suggest a change to the work itself, not to the manner in which it is accessed.

For these reasons, the Motion For Reconsideration Of Dockets 233 and 125 will be denied.

2. The Motion For Joinder Of Claims does not ask for any specific relief, and will be denied.

3. The Motion For Required Joinder And (Rule 60) Plea For Relief also does not seek any specific relief. While the accompanying Brief does appear to seek various types of relief, Neeley's arguments therein have previously been rejected, and the Court is not persuaded that its earlier decisions were incorrect. This Motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Reconsideration Of Dockets 233 and 125** (document #239) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Joinder Of Claims** (document #255) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Required Joinder And (Rule 60) Plea For Relief** (document #258) is **denied.**

**IT IS SO ORDERED.**

        /s/ Jimm Larry Hendren
        **JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**