U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUN 07 2011
CHRIS R. JOHNSON, Clerk
By
            Deputy Clerk

IN THE UNINTED STATES DISTRICT COURT
FOR THE WESTERN DIDTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CURTIS J. NEELEY Jr., MFA**                           **PLAINTIFF**

VS.                      CASE NO. 5:09-CV-05151-JLH

**NAMEMEDIA, INC.;**

**NETWORK SOLUTIONS, INC.;**

**and GOOGLE, INC.**                                    **DEFENDANTS**

# BRIEF SUPPORTING
# RULE 59 MOTION FOR NEW TRIAL

In its June 6th, 2011 order this District Court held that republication of visual art electronically was not prohibited by law due to being art not protected by US Title 17 § 106A. This is a novel holding and is contrary numerous rulings across the United States, as well as common sense and disclaimers online by Former Defendant Google Inc.

1.  Besides this rational, the Court was unable to consider material evidence submitted as exhibits to this case. The material evidence submitted was mutilated beyond recognition when scanned by the District Court Clerks before being *allegedly* considered.

2.  During this action the Former Defendant Google Inc scanned a book of photos from a library in New York and republishing three of Plaintiff's notable figurenude photos from this book in New York[1]. These figurenude images were subsequently made accessible to minors as was known to be against the Plaintiff's desires when done. Former Defendant Google Inc also republishing three of Plaintiff's figurenude images from a password protected website.[2]

---

[1] Google Inc republished these and then removed them after an injunctive filing. See mutilated Dkt. #135 Exhibit ## 1,2 titled Google-Oops and Google-Oops2 to see before and after displays of the book.
[2] curtisneeley.deviantart.com/ does not display any figurenude images as <images.google.com> claims.

3. Both actions in preceding ¶ #2 were done during the course of the trial and were sought added and are included in this rational. Each outrageous tortious act was shown in mutilated material evidence that was insufficiently considered or was never considered at all.[3]

4. Former Defendant Google Inc ignored the hoax of their DMCA process that was made even more of a hoax by Dkt. 268 wherein electronic display was ruled to be not protected by US Title 17 § 106A in a novel ruling. Former Defendant Google Inc republished numerous nude or figurenude images to minors as is against the wishes of the Plaintiff and a fraud.

5. Plaintiff never published any nudes or figurenudes where any anonymous party could access them as is contrary to the allegations in the order and from the hearing before the Magistrate. The photo.net website by NameMedia Inc altered their term of service in order to allow display of all user submitted art. This was done after the Plaintiff had submitted nude images to the website before nudes were made visible to minors despite repeated requests these be deleted.

6. Honorable Erin Setser *allegedly* "reported that Neeley conceded that he could remove the photographs himself, but had chosen not to do so".[4] This allegation is egregiously incorrect or misinterpretation of the Michael Peven penis photograph link that was once on plaintiff's blog. The figurenude that is on Wikipedia Encyclopedia was altered to no longer be attributed to the Plaintiff by name but still results in a Google Inc name search despite this alteration and numerous advisements. Plaintiff is not able to control numerous websites that allege(d) nudes done by the Plaintiff such as <artnude.pp.ru>. These images were removed by the site but remain *properly*[5] attributed by Google Inc.

---

[3] Circuit Court Clerk Kitty Magruder advised the Plaintiff by phone that the mutilated scans were considered the record and were all that was considered by Honorable Jimm Larry Hendren.
[4] Here quoting Honorable Jimm Larry Hendren from the top of p. 17 of Dkt. #268.
[5] Remaining attributed by Google Inc despite scores of advisements that attribution was not desired.

7. The Plaintiff is not able to halt attributions by various websites as should be obvious. The attempts to impact various website robot.txt entries after learning this caused unwanted name attributions by Google Inc was and is still attempted.

8. Microsoft Corporation, Yahoo Inc, IAC/InterActiveCorp run the image searches for <bing.com>, <Yahoo.com>, <ask.com> and have all ceased attributions of nudes and figurenudes to the Plaintiff in name searches since this action started. This can be seen in the exhibits that were submitted in photo quality and reveal that common decency still exists in the age of wire communications even when these are called the Internet.

9. The Federal Communications Commission fined CBS Inc greatly for exposure of Janet Jackson's right breast for less than one second on TV but failed to address wire communications of this same breast. The Plaintiff does indeed wish the Federal Communications Commission make it illegal to display nudity via wire communications to anonymous persons. This is a trivial process that would allow adults to continue to use the Internet wires to communicate nudity and yet would prevent viewership by minors. The Federal Communications Commission is very aware of this litigation and should be made a Defendant for malfeasance and not following the Communications Act of 1934 as currently modified.

10. The Plaintiff appreciates the great deal of jurisprudence invested in the domain names issue and considers them nearly irrelevant except for the punitive legal costs they create for each Defendant and especially if the remaining counterclaim is prosecuted fully by NameMedia Inc.

Whereas; The Plaintiff seeks a completely new trial wherein the issue of Plaintiff's nude art displayed to minors despite the artist's advisement this manner of display was not desired for searches for the artist's personal name is now sought. The Plaintiff seeks a new trial and still alleges that NameMedia Inc refused to stop display of Plaintiff's nude art for nine months until the notification of the second DMCA agent. Google Inc still refuses now despite repetitive advisements. The EM/ECF process is not capable of allowing justice for *pro se* parties as used currently to mutilate submitted evidence. This one issue alone warrants a new trial but the Plaintiff seeks only a new trial on the nude art display to minors issue and accepts the jurisprudence of the court on the domain name issue but will vigorously defend against the counterclaim before a jury. The Federal Communications Commission has already made public admissions regarding the issue desired considered in this Motion for New Trial and should be made a Defendant and now be served with a provisional complaint as attached lacking the resolved domain name issues. The Plaintiff will appeal as a pauper to the Eighth Circuit Court where the Plaintiff remains an EM/ECF party and where the Eighth Circuit is already aware of the invalid mutilated docket exhibits used in this action. See Exhibit A for the provisional replacement complaint.

Respectfully Submitted,

Curtis J. Neeley Jr., MFA

# CERTIFICATE OF SERVICE

I hereby certify that June 8, 2011, I will file a copy of the foregoing with the Court clerk for the United States Court in the Western District of Arkansas and the clerk will scan each document and it will be made into a B&W PDF and be available to all attorneys representing the Defendants for this case. Their Counsel will each receive notification from EM/ECF. The color PDFs that were printed from are accessible free to the public at the following.

## <CurtisNeeley.com/5-09-cv-05151/Docket>

*Contrary to the mutilated printed exhibits scanned illegibly by the United States Court Clerks*, the print quality files are available immediately and perpetually by the end of the day for free.
The Court is begged to view the superior exhibits files there.

/s/Curtis J Neeley Jr, MFA
Curtis J Neeley Jr, MFA