```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION

CURTIS J. NEELEY, JR.                              PLAINTIFF

         v.           Civil No. 09-5151

NAMEMEDIA, INC., NETWORK
SOLUTIONS, INC.; and
GOOGLE INC.                                       DEFENDANTS
```

O R D E R

Now on this 28th day of June, 2011, come on for consideration the **Rule 59 Motion For New Trial** (document #270) ("Motion For New Trial") of plaintiff Curtis Neeley ("Neeley"), and the **Motion To Dismiss Counterclaim** (document #277) of separate defendant NameMedia, Inc. ("NameMedia"), and from said motions, and the response thereto, the Court finds and orders as follows:

1.  The captioned matter is currently on appeal to the Eighth Circuit Court of Appeals, and under most circumstances this Court would have no jurisdiction over the case during that appeal. **U.S. v. Queen**, **433 F.3d 1076 (8th Cir. 2006)** (notice of appeal divests lower court of jurisdiction over aspects of the case that are subject of appeal). The Court finds, however, that the motions here under consideration fall within an exception to that rule.

Pursuant to **F.R.A.P. 4(a)(4)(B)(i)**,

> [i]f a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

A motion for new trial pursuant to **F.R.C.P. 59** is one of the

motions listed in **F.R.A.P. 4(a)(4)(A)**.  Neeley's Motion For New Trial was filed after the Court granted summary judgment in favor of defendants on all Neeley's claims against them;  Neeley's Notice Of Appeal was filed before the Court ruled on the Motion For New Trial.  Under these circumstances, Neeley's Notice Of Appeal has not yet become effective, leaving the Court with jurisdiction to rule on the pending motions.

2.   The Court will deny Neeley's Rule 59 Motion For New Trial.  No trial has been conducted in this matter.  To the extent this motion can be characterized as a request that the Court reconsider its ruling on defendants' motions for summary judgment, it is also denied.  No good and sufficient reason for such reconsideration has been offered.

3.   The Court will grant NameMedia's Motion To Dismiss Counterclaim.  As NameMedia points out, a dismissal pursuant to **F.R.C.P. 41(a)(2)** is a matter entrusted to the Court's discretion.  **Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.**, **187 F.3d 941, 950 (8th Cir. 1999)**.  In the case at bar, the Court considers it imminently reasonable to grant this motion. Pre-trial proceedings in the case have focused almost entirely on Neeley's claims.  No discernable effort has been expended on preparing NameMedia's counterclaim for trial, meaning that Neeley will not be prejudiced by a dismissal without prejudice.  Moreover, the Court has now found Neeley's claims to be without merit, and dismissal of the counterclaim (the last pending claim in the case) will permit

Neeley to appeal a final order, rather than an interlocutory one, thus leading to a more expeditious resolution of the matter for all parties.

**IT IS THEREFORE ORDERED** that plaintiff's **Rule 59 Motion For New Trial** (document #270) is **denied.**

**IT IS FURTHER ORDERED** that NameMedia, Inc.'s **Motion To Dismiss Counterclaim** (document #277) is **granted**, and its Counterclaim is **dismissed without prejudice.**

**IT IS SO ORDERED.**

                                        /s/ Jimm Larry Hendren  
                                      **JIMM LARRY HENDREN**  
                                      **UNITED STATES DISTRICT JUDGE**